**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Counsel for Plaintiff Charles Robinson*

[Additional counsel on signature page.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOMES, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO, KATHERINE AUGUST-DEWILDE, ROELOF BOTHA, ANDREW DRESKIN, KEVIN HARTZ, SEAN P. MORIARTY, LORRIE M. NORRINGTON, HELEN RILEY, STEFFAN C. TOMLINSON, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, SUNTRUST ROBINSON HUMPHREY, INC., and STIFEL, NICOLAUS & COMPANY, INCORPORATED,<br><br>Defendants. | Case No. 5:19-cv-02019-EJD<br><br>**NOTICE OF RELATED CASES PURSUANT TO CIVIL L.R. 3-12 TO BE FILED IN CASE NO. 5:19-CV-02019-EJD; AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11** |
| CHARLES ROBINSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO, KATHERINE AUGUST-deWILDE, ROELOF BOTHA, ANDREW DRESKIN, KEVIN HARTZ, SEAN P. MORIARTY, LORRIE M. NORRINGTON, HELEN RILEY, STEFFAN C. TOMLINSON, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, SUNTRUST ROBINSON HUMPHREY, INC., and STIFEL, NICOLAUS & COMPANY, INCORPORATED,<br><br>Defendants. | Case No. 3:19-cv-03045 |

Plaintiff Charles Robinson ("Plaintiff Robinson"), by and through his attorneys of record, hereby respectfully submits this Notice of Related Cases pursuant to Civil L.R. 3-12 and the required Administrative Motion to Consider Whether Cases Should Be Related pursuant to Civil L.R. 7-11.

## I.   APPLICABLE STANDARD UNDER CIVIL L.R. 3-12

Under Civil Local Rule 3-12, an "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).

Whenever a party knows or believes that an action may be related to an action which is or was pending in the Northern District, said party "must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."[1]  Civil L.R. 3-12(b). That motion must include: "(1) The title and case number of each apparently related case; [and] (2) A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a)."

## II.   *GOMES* AND *ROBINSON* SHOULD BE RELATED

On April 15, 2019, Plaintiff Michael Gomes filed a class action complaint in the U.S. District Court for the Northern District of California, captioned *Gomes v. Eventbrite, Inc.*, No. 5:19-cv-02019-EJD (the "*Gomes* Action"), on behalf of persons and entities that: (1) purchased or otherwise acquired Eventbrite, Inc. ("Eventbrite" or the "Company") securities pursuant and/or traceable to the Company's false and/or misleading registration statement and prospectus issued in connection with the Company's September 2018 initial public offering; and/or (2) purchased or otherwise acquired Eventbrite securities between September 20, 2018, and March 7, 2019, inclusive, alleging claims under the Securities Act of 1933 and Securities Exchange Act of 1934 against Eventbrite, Julia Hartz, Randy Befumo, Katherine August-Dewilde, Roelof Botha, Andrew Dreskin, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, Steffan C. Tomlinson, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Allen &

---

[1]   "In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-6, must be served on all known parties to each apparently related action. A Chambers copy of the motion must be lodged with the assigned Judge in each apparently related cause under Civil L.R. 5-1(b)."  Civil L.R. 3-12(b).

Company LLC, RBC Capital Markets, LLC, Suntrust Robinson Humphrey, Inc., and Stifel, Nicolaus & Company, Incorporated (collectively, "Defendants").

On June 3, 2019, Plaintiff Robinson filed a class action complaint in the U.S. District Court for the Northern District of California, captioned *Robinson v. Eventbrite, Inc.*, No. 3:19-cv-03045 (the "*Robinson* Action"), which alleges substantially similar claims against the same Defendants and on behalf of the same persons and entities as alleged in the *Gomes* Action.

In particular, both cases allege that the migration of creators from Ticketfly to Eventbrite was progressing more slowly than stated, that the Ticketfly integration was taking longer than expected, and that as a result, the Company would face headwinds in revenue and growth.  Discovery related to those allegations and the findings of fact required in both cases are therefore also substantially the same, leading to unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Furthermore, although the specific counts asserted in the *Gomes* Action are not strictly identical to those asserted in the *Robinson* Action, they do raise identical legal questions, *i.e.*, whether Defendants violated §§11 and 15 of the Securities Act of 1933.  Therefore, litigating those legal questions before different judges, as with the factual questions, will undoubtedly lead to unduly burdensome duplication of labor and expense by both Plaintiffs and the Defendants and would threaten to generate conflicting results.

**III.   CONCLUSION**

Accordingly, the parties, transactions, and events in the *Gomes* and *Robinson* Actions are substantially the same, and there is a substantial risk of unduly burdensome litigation and conflicting results should the *Robinson* Action not be related to the *Gomes* Action.  Plaintiff Robinson therefore respectfully submits that the *Robinson* Action should be related to the *Gomes* Action pursuant to Civil Local Rule 3-12 and assigned to the Honorable Edward J. Davila.

Dated: June 3, 2019                    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 /s/ John T. Jasnoch
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 330
San Diego, CA 92101
Telephone: (619) 233-4565

2

Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

– and –

Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Rhiana Swartz (*pro hac vice* forthcoming)
Jonathan Zimmerman (*pro hac vice* forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Plaintiff Charles Robinson*

NOTICE OF RELATED CASES; AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 5:19-CV-02019-EJD

**PROOF OF SERVICE**

I am a citizen of the United States and employed in San Diego, California. I am over the age of 18 years and not a party to the within-entitled actions. My business address is Scott+Scott Attorneys at Law LLP, 600 W. Broadway, Suite 3300, San Diego, CA 92101. On June 3, 2019, I served true and correct copies of the following documents:

    **(1)**    **NOTICE OF RELATED CASES PURSUANT TO CIVIL L.R. 3-12 TO BE FILED IN CASE NO. 5:19-CV-02019-EJD; AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11**

    **(2)**    **[PROPOSED] ORDER DEEMING CASES RELATED AND ASSIGNING *ROBINSON* TO CASE NO. 5:19-CV-02019-EJD**

**BY EMAIL** on the following counsel of record:

Lionel Z. Glancy (lglancy@glancylaw.com)
Charles Henry Linehan (clinehan@glancylaw.com)
Lesley F. Portnoy (LPortnoy@glancylaw.com)
Robert Vincent Prongay (rprongay@glancylaw.com)
Pavithra Rajesh (prajesh@glancylaw.com)

**BY ELECTRONIC FILING** using the Court's CM/ECF system.

I declare that I am a member of the bar of this Court at whose direction the service was made.

Executed on June 3, 2019, at San Diego, California.

                                */s/ John T. Jasnoch*
                                  JOHN T. JASNOCH

4