**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movant Elaine Wu*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOMES, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>vs.<br><br>EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO, KATHERINE AUGUST-DEWILDE, ROELOF BOTHA, ANDREW DRESKIN, KEVIN HARTZ, SEAN P. MORIARTY, LORRIE M. NORRINGTON, HELEN RILEY, STEFFAN C. TOMLINSON, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, SUNTRUST ROBINSON HUMPHREY, INC., and STIFEL, NICOLAUS & COMPANY, INCORPORATED,<br><br>Defendants. | No. 5:19-cv-02019-EJD<br><br>Hon. Edward J. Davila<br><br>**MOTION OF ELAINE WU FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date: October 24, 2019<br>Time: 9:00 a.m.<br>Courtroom: 1-5th Floor |

*[Caption Continued on Next Page]*

| | |
|---|---|
| CHARLES ROBINSON, Individually and on behalf of all others similarly situated, | No. 3:19-cv-03045-EJD |
| Plaintiff | Hon. Edward J. Davila |
| vs. | |
| EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO, KATHERINE AUGUST-deWILDE, ROELOF BOTHA, ANDREW DRESKIN, KEVIN HARTZ, SEAN P. MORIARTY, LORRIE M. NORRINGTON, HELEN RILEY, STEFFAN C. TOMLINSON, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, SUNTRUST ROBINSON HUMPHREY, INC., and STIFEL, NICOLAUS & COMPANY, INCORPORATED, | |
| Defendants. | |

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on October 24, 2019 at 9:00 a.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Edward J. Davila at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. Consolidating the related above-captioned actions (the "Actions")

2. Appointing Elaine Wu ("Movant") as Lead Plaintiff;

3. Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as Lead Counsel; and

4. Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of her motion for: (a) consolidation of the Actions; (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi & Korsinsky as Lead Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT ................................................................................................ 1

II.  STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

III. STATEMENT OF FACTS ..................................................................................................... 2

IV.  ARGUMENT ........................................................................................................................... 4

   A. Consolidation of The Actions Is Appropriate ................................................................... 4

   B. Movant's Appointment as Lead Plaintiff is Appropriate ................................................... 5

      1. The Procedure Required by the PSLRA ...................................................................... 5

         a. Movant Is Willing to Serve as Class Representative ............................................. 6

         b. Movant Has the Largest Financial Interest in the Relief Sought By the Class ..... 7

      2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure .................................................................................................................... 7

         a. Movant's Claims are Typical of the Claims of all the Class Members ................. 8

         b. Movant Will Adequately Represent the Class ....................................................... 9

   C. Approval of Movant's Choice of Counsel Is Appropriate ............................................. 10

V.   CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
 No. 13-cv-04921-JST, 2014 WL 342625 (N.D. Cal. Jan. 27, 2014) ...................................... 7

*Burnett v. Rowzee*,
 2007 U.S. Dist. LEXIS 89799 (C.D. Cal. Nov. 26, 2007) ................................................. 4, 5

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ...................................................................................... 2, 7, 8

*Crawford v. Honig*,
 37 F.3d 485 (9th Cir. 1994) ................................................................................................ 9

*In re Drexel Burnham Lambert Grp.*,
 960 F.2d 285 (2d Cir. 1992) ............................................................................................... 9

*Ferrari v. Gisch*,
 225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................................ 8

*Francisco v. Abengoa, S.A.*,
 No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016) .............................. 10

*Gen. Tel. Co. of the Southwest v. Falcon*,
 457 U.S. 147 (1982) ........................................................................................................... 9

*Gold v. Lumber Liquidators, Inc.*,
 323 F.R.D. 280 (N.D. Cal. 2017) ....................................................................................... 9

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ........................................................................................ 8, 9

*Haung v. Acterna Corp.*,
 220 F.R.D. 255 (D. Md. 2004) .......................................................................................... 8

*Hessefort v. Super Micro Computer, Inc*,
 317 F.Supp.3d 1056 (N.D. Cal. 2018) ............................................................................... 8

*Hufnagle v. Rino Int'l Corp.*,
  2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 14, 2011) ........................................................ 5

*Inchen Huang v. Depomed*, *Inc.*,
  289 F. Supp. 3d 1050 (N.D. Cal. 2017) .................................................................................. 11

*Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*,
  2007 U.S. Dist. LEXIS 26529 (N.D. Cal. Mar. 22, 2007) ....................................................... 5

*Isaacs v. Musk*,
  No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) .............................. 10

*In re LendingClub Sec. Litig.*,
  282 F.Supp.3d 1171 (N.D. Cal. 2017) ..................................................................................... 9

*Levin v. Res. Capital Corp.*,
  No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015) .............................. 11

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014) ....................................................... 5

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) ................................................................................................. 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................... 8

*Polat v. Regulus Therapeutics, Inc.*,
  No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017) 11

*Pope v. Navient Corp.*,
  No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018) .............................. 11

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) ..................................................................................................... 8

*Shreves v. Xunlei Ltd.*,
  2015 U.S. Dist. LEXIS 123745 (C.D. Cal. Sept. 15, 2015) ..................................................... 5

1 | *In re Tesla, Inc. Sec. Litig.*,
2 |     No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) ............................ 10
3 | *Veal v. LendingClub Corporation,*
4 |     2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ........................................................................ 8
5 | *Weisz v. Calpine Corp.*,
6 |     2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) ..................................................... 5

**Statutes**

15 U.S.C. § 77z-1(3)(B)(iii)(I) ................................................................................................. 10
15 U.S.C. § 77z-1(a) and (a)(3)(B) ............................................................................................ 5
15 U.S.C. § 77z-1(a)(3)(A) ........................................................................................................ 6
15 U.S.C. § 77z-1(a)(3)(A)(i)(II) ............................................................................................... 6
15 U.S.C. § 77z-1(a)(3)(B) ............................................................................................ 2, 7, 9, 10
15 U.S.C. § 77z-1(a)(3)(B)(i) .................................................................................................... 6
15 U.S.C. § 77z-1(a)(3)(B)(ii) ................................................................................................ 4, 5
15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ......................................................................................... 6, 10
15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ............................................................................................. 6
15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ..................................................................................... 10
15 U.S.C. § 77z-1(a)(3)(B)(v) .................................................................................................. 10
15 U.S.C. § 78u-4(3)(B)(iii)(I) ................................................................................................ 10
15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................................ 6
15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................ passim
15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................................................... 4
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................... 6, 10
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................. 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................................................... 10
15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................. 10

vii
ELAINE WU'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF LEAD COUNSEL
Nos. 5:19-CV-02019-EJD; 3:19-CV-03045-EJD

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................... 2, 8, 9

Fed. R. Civ. P. 42(a) ............................................................................................................ 4

## I. SUMMARY OF ARGUMENT

Presently pending before the Court are the two above-captioned securities class actions (the "Actions") brought on behalf of a putative class of purchasers who (a) purchased or otherwise acquired Eventbrite, Inc. ("Eventbrite" or the "Company") securities pursuant and/or traceable to the Company's false and/or misleading registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 2018 initial public offering ("IPO" or the "Offering"); and/or b) purchased or otherwise acquired Eventbrite securities between September 20, 2018 and March 7, 2019, inclusive (the "Class Period").[1] Plaintiffs in the Actions allege violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") [2] against the Company, Julia Hartz ("J. Hartz"), Randy Befumo ("Befumo"), Katherine August-DeWilde ("DeWilde"), Roelof Botha ("Botha"), Andrew Dreskin ("Dreskin"), Kevin Hartz ("K. Hartz"), Sean P. Moriarty ("Moriarty"), Lorrie M. Norrington ("Norrington"), Helen Riley ("Riley"), Steffan C. Tomlinson ("Tomlinson"), and the Underwriter Defendants[3] (collectively, the "Defendants") .

---

[1] The first filed action against the Defendants entitled *Gomes v. Eventbrite, Inc. et al.,* Case No. 5:19-cv-2019-EJD (the "*Gomes* Action") was filed in this Court on April 15, 2019. The additional complaint was also filed in this Court, and is entitled *Robinson v. Eventbrite, Inc. et al.,* Case No. 3:19-cv-3045-EJD (the "*Robinson* Action").

[2] Specifically, the *Gomes* Action alleges violations of Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5) against Defendants. The *Robinson* Action only alleges violations the Securities Act.

[3] *i.e.,* Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Allen & Company LLC, RBC Capital Markets, LLC, Suntrust Robinson Humphrey, Inc., and Stifel, Nicolaus & Company, Incorporated (collectively, the "Underwriter Defendants").

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Elaine Wu ("Movant"), lost approximately $66,577.50 as a result of the alleged fraud during the Class Period.[4] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class.[5] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully request that (a) the Actions be consolidated; (b) she be appointed Lead Plaintiff; and (c) Levi & Korsinsky be approved as Lead Counsel.

**II.     STATEMENT OF ISSUES TO BE DECIDED**

1.  Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.  Whether Movant meet the requirements under the PSLRA to be appointed Lead Plaintiff; and

3.  Whether Movant's choice of Lead Counsel should be approved.

**III.    STATEMENT OF FACTS**

Eventbrite provides a platform that allows users to plan, promote, and produce live events.

---

[4] Movant's certification identifying her transactions in Eventbrite, as required by the PSLRA, as well as a chart identifying her losses, are attached to the Declaration of Adam M. Apton, dated June 17, 2019 ("Apton Decl."), as Exhibits A and B, respectively.

[5] The "Class" is comprised of all persons who purchased, or otherwise acquired Eventbrite securities during the Class Period.

¶¶ 2, 34..[6] The Company is incorporated in Delaware, with its principal place of business located in San Francisco, California and its common stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "EB". ¶ 14. Eventbrite, in efforts to expand its solutions for music-related events, acquired Ticketfly, LLC ("Ticketfly") from Pandora Media , Inc. in September 2018 for $201.1 million. ¶¶ 3, 35. The *Gomes* Complaint alleges that throughout the Class Period, the Defendants made false and/or misleading statements and/or failed to disclose that: (1) that the Company's migration of customers from Ticketfly to Eventbrite was progressing slower than expected; (2) that, as a result, the Ticketfly integration would take longer than expected; (3) that, as a result, the Company's revenue and growth would be negatively impacted; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. ¶¶ 7, 42, 46.

On September 18, 2018, Eventbrite filed its final amendment to the Registration Statement with the Securities and Exchange Commission ("SEC") and was declared effective the next day. ¶ 36. On the first day of the Class Period, September 20, 2018, Eventbrite filed its prospectus with the SEC, forming part of the Registration Statement, and completed its IPO. ¶¶ 4, 37, 43. The Company sold 11.5 million shares of Class A common stock at a price of $23.00 per share in the IPO and received approximately $246.0 million from the offering. ¶ 37. Proceeds from the IPO were then to be used to repay some of Eventbrite's debts, including $30 million incurred to finance Eventbrite's acquisition of Ticketfly. *Id.*

In the Registration Statement, Eventbrite touted the acquisition of Ticketfly, stating it had a "positive impact" on net revenue growth. ¶ 41. The Registration Statement also failed to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an

---

[6] Citations to "¶" are to paragraphs of the Complaint for Violation of the Federal Securities Laws (the "*Gomes* Complaint") filed in the *Gomes* Action. The facts set forth in the *Gomes* Complaint are incorporated herein by reference.

1  impact on the Company's continuing operations, which it was required to do. ¶ 39.

2  Beside the Registration Statement, Eventbrite also made additional misleading disclosures to shareholders. On November 12, 2018, the Company announced its third quarter 2018 financial results in a letter to shareholders, showing positive trends, and mentioning "typical" and "modest customer losses" when migrating customers from acquired platforms to the Eventbrite platform. ¶ 44. These financial results were then reaffirmed on November 14, 2018 when Eventbrite filed its quarterly report on Form 10-Q with the SEC for the period ended September 30, 2018. ¶ 45.

The truth emerged on March 7, 2019, after the market closed, when Eventbrite issued a letter to shareholders announcing its fourth quarter 2018 financial results, with 2019 guidance. ¶ 47.  Within the letter, Eventbrite disclosed that its growth rate would be negatively impacted while integrating Ticketfly, and that growth rate for the North American music business wouldn't begin to accelerate until at least 2020. *Id.*  The letter also reported a 2019 revenue forecast between $80 million and $84 million, but analysts had expected $91 million based on the Company's past positive statements. ¶ 48. On this news, Eventbrite's shares dropped over $24%, or $7.96 per share, to close on March 8, 2019 at $24.46 per share. ¶ 49.

### IV.     ARGUMENT

#### A.  Consolidation of The Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii); 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  See Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Burnett v. Rowzee*, 2007 U.S. Dist. LEXIS 89799, at *5 (C.D. Cal. Nov. 26, 2007) ("The threshold issue [in determining consolidation] is whether the two proceedings involve a common party and common

issues of fact or law." (citation omitted)); *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*, 2007 U.S. Dist. LEXIS 26529, at *5 (N.D. Cal. Mar. 22, 2007) ("[T]he main question for a court in deciding whether to consolidate is whether there is a common question of law or fact."). Consolidation is particularly appropriate in securities class action litigation. *See Hufnagle v. Rino Int'l Corp.*, 2011 U.S. Dist. LEXIS 19760, (C.D. Cal. Feb. 14, 2011); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014); *Shreves v. Xunlei Ltd.*, 2015 U.S. Dist. LEXIS 123745 (C.D. Cal. Sept. 15, 2015). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they each involve the same subject matter and are based on the same wrongful course of conduct. Each names Nutanix and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Burnett*, 2007 U.S. Dist. LEXIS 89799, at *2.

### B. Movant's Appointment as Lead Plaintiff is Appropriate

#### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii); 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a) and (a)(3)(B); 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of

1  lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A); 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the
2  Court to consider within 90 days all motions filed within 60 days after publication of that notice
3  by any person or group of persons who are members of the proposed class to be appointed lead
4  plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II)and (a)(3)(B)(i); 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II)
5  and (a)(3)(B)(i).

6        The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead
7  plaintiff is the "person or group of persons" that:

8           (aa)    has either filed the complaint or made a motion in response to a
9                   notice;
10          (bb)    in the determination of the court, has the largest financial interest
11                  in the relief sought by the class; and
12          (cc)    otherwise satisfies the requirements of Rule 23 of the
13                  Federal Rules of Civil Procedure.

14 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be
15 rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will
16 not fairly and adequately protect the interests of the class" or "is subject to unique defenses that
17 render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-
18 1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

19       As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique
20 defenses that the defendants could raise against him. Therefore, Movant is entitled to the
21 presumption that she is the most adequate plaintiff to represent the Class and, as a result, should
22 be appointed Lead Plaintiff in the Actions.

23                  **a.    Movant Is Willing to Serve as Class Representative**

24       On April 15, 2019 counsel in the first-filed action caused a notice (the "Notice") to be
25 published pursuant to Section 27(a)(3)(A) of the Securities Act and Section 21D(a)(3)(A) of the
26 Exchange Act, which announced that a securities class action had been filed against Eventbrite
27 and the Defendants, and which advised putative class members that they had 60 days to file a
28

motion to seek appointment as a lead plaintiff in the action. Movant has reviewed the complaint filed in the pending action and has timely filed her motion pursuant to the Notice.

### b. Movant Has the Largest Financial Interest in the Relief Sought By the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 WL 342625, at *1-2 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant transacted in Eventbrite securities in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. Movant suffered a substantial loss of approximately $66,577.50. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of her knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §77z-1(a)(3)(B) and 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

7

ELAINE WU'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
Nos. 5:19-CV-02019-EJD; 3:19-CV-03045-EJD

representative parties will fairly and adequately protect the interests of the class Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as Lead Plaintiff.

### a.  Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) she suffered the same injuries as the absent class members; (ii) she suffered as a result of the same course of conduct by Defendants; and (iii) her claims are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See*

*In re LendingClub Sec. Litig.,* 282 F.Supp.3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020.)  A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, purchased Eventbrite securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and were damaged thereby. Thus, her claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and her losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F.Supp.3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §77z-1(a)(3)(B); 15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses she has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class,

demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and has submitted her choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) & 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

**C. Approval of Movant's Choice of Counsel Is Appropriate**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. Levi & Korsinsky has extensive experience in successfully prosecuting complex securities class actions such as these and is well-qualified to represent the Class. *See* Apton Decl., Ex. D (the firm resume of Levi & Korsinsky). *See Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL 6182753, at *4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.,* No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve

as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 CIV. 7081 (LLS), 2015 WL 7769291, at *2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. CV 17-8373 (RBK/AMD), 2018 WL 672640, at *5 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *see also Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same).

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: June 17, 2019              Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: 415-373-1671
Email: aapton@zlk.com

*Attorneys for Movant Elaine Wu, and Proposed Lead Counsel for the Class*