COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
HEATHER SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendants
EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO,
ANDREW DRESKIN, KATHERINE AUGUST-deWILDE,
ROELOF BOTHA, KEVIN HARTZ, SEAN P. MORIARTY,
LORRIE M. NORRINGTON, HELEN RILEY, and STEFFAN
C. TOMLINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Eventbrite, Inc. Securities Litigation | Master File No. 5:19-cv-02019-EJD |
| | CLASS ACTION |
| | **EVENTBRITE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |
| This Document Relates To:  All Actions | Judge:    Hon. Edward J. Davila<br>Crtm:    4, 5th Floor<br>Date:    March 26, 2020<br>Time:    9:00 a.m. |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Eventbrite, Inc. ("Eventbrite" or the "Company"), Julia Hartz, Randy Befumo, Andrew Dreskin, Katherine August-deWilde, Roelof Botha, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riles, and Steffan C. Tomlinson (together with the Company, "Eventbrite Defendants"), hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of Eventbrite Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss") and attached to the accompanying Declaration of Heather Speers in Support of Eventbrite Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Speers Declaration"). [1]

## I.    DOCUMENTS SUBJECT TO THIS REQUEST[2]

| Ex. | Description | ¶¶ |
|---|---|---|
| A | Eventbrite's Prospectus filed with the United States Securities and Exchange Commission ("SEC") on Form 424B4 on September 20, 2018 (referred to in the Complaint and Motion to Dismiss as the "Registration Statement") | 7–8, 13, 24–26, 28–34, 60, 62, 96–97, 101–02, 127–28, 130, 139 |
| B | JPM Securities report titled "*Eventbrite Solid 4Q, But Ticketfly Migration Pushed into '19 to Weigh on 1Q & N-T Growth; Remain Neutral & PT to $27*" and published on March 8, 2019 [3] | 110 |
| C | RBC Capital Markets report titled "*Eventbrite, Inc. More Ticket Troubles*" and published on May 1, 2019 | 118 |
| D | Transcript of Eventbrite's Earnings Call for the first fiscal quarter of 2019 ("Q1 2019"), which occurred on May 1, 2019 | 115–16 |
| E | Eventbrite's Q1 2019 Shareholder Letter, attached as an exhibit to Eventbrite's Form 8-K filed with the SEC on May 1, 2019. | 113–14 |

[1] "¶" refers to the paragraphs of the Amended Complaint ("Complaint") that quote from, or refer to information contained in, the referenced document. "Ex." refers to the exhibits to the Speers Declaration.

[2] For the Court's convenience, attached to the accompanying Speers Declaration are true and correct highlighted copies of each exhibit.

[3] The Complaint incorrectly identifies this report as published on March 7, 2019.

| Ex. | Description | ¶¶ |
|---|---|---|
| F | Eventbrite's Form 10-K for the fiscal year of 2018 filed with the SEC on March 7, 2019 | 190–91 |
| G | Transcript of Eventbrite's Earnings Call for the fourth fiscal quarter of 2018 ("Q4 2018"), which occurred on March 7, 2019 [4] | 106–08, 187–88 |
| H | Eventbrite's Q4 2018 Shareholder Letter, attached as an exhibit to Eventbrite's Form 8-K filed with the SEC on March 7, 2019 [5] | 105, 187–88 |
| I | Transcript of Eventbrite's Earnings Call for the third fiscal quarter of 2018 ("Q3 2018"), which occurred on November 12, 2018, attached as an exhibit to Eventbrite's Form 8-K filed with the SEC on November 13, 2018 | 183, 185 |
| J | Eventbrite's Q3 2018 Shareholder Letter, attached as an exhibit to Eventbrite's Form 8-K filed with the SEC on November 13, 2018 | 176–79, 181 |

## II.    ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For the reasons discussed below, **Exhibits A–J** attached to the Speers Declaration are properly considered in deciding Eventbrite Defendants' Motion to Dismiss under both the incorporation by reference doctrine and Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available and accurate information that is not subject to reasonable dispute.

[4] The Complaint incorrectly defines this as the Q4 2019 Call (¶104), but later refers to it correctly as the Q4 2018 Earnings Call (¶106).

[5] The Complaint correctly defines this as the Q4 2018 Shareholder Letter (¶104), but later refers to it incorrectly as the Q4 2019 Shareholder Letter (¶105).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

### A.   The Court May Consider the Documents Incorporated by Reference into the Complaint (Exhibits A–J).

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added)).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Here, Plaintiffs explicitly and repeatedly refer to **Exhibits A–J** to support their claims.  Indeed, the statements that Plaintiffs challenge are excerpts taken from (1) Eventbrite's Registration Statement (¶102; Ex. A); (2) Eventbrite's 2018 Form 10-K (¶190; Ex. F); (3) Eventbrite's Q3 and Q4 2018 Earnings Calls (¶¶183, 185, 188; Exs. G, I), and (4) Eventbrite's Q3 2018 Shareholder Letter (¶¶179, 181; Ex. J).  It is, therefore, particularly critical that the Court consider **Exhibits A, F, G, I, and J** in their entirety when ruling on the Motion to Dismiss because the alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996).  Similarly, Plaintiffs' loss causation allegations rely on excerpts of (1) analyst reports (¶¶110, 118; Exs. B, C); (2) Eventbrite's Q4 2018 and Q1 2019 Earnings Calls (¶¶106–08, 115–16; Exs. D, G), and (3) Eventbrite's Q4 2018 and Q1 2019 Shareholder Letters (¶¶105, 114; Exs. E, H).  Accordingly, the Court may also consider the entirety of **Exhibits B, C, D, E, G, and H** to ensure that Plaintiffs are not able to "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

### B.   The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits A–J).

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

201(b). Distinct from the doctrine of incorporation by reference (which, as set forth above, is a sufficient basis for the Court to consider **Exhibits A–J**), judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (emphasis added) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Courts may take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at \*5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss).

In securities fraud cases, courts routinely take judicial notice of SEC filings, conference call transcripts, press releases, and other public documents to establish what information was in the public realm and when. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at \*10 (N.D. Cal. Apr. 27, 2017) (press releases and conference call transcripts); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (information in news articles); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (news articles, presentations, and conference calls with analysts).

Here, each exhibit to the Speers Declaration falls within one of more of these categories routinely considered the proper subject of judicial notice: (1) SEC filings (Exs. A, E, F, H, I, J); (2) conference call transcripts (Exs. D, G, I); and (3) news articles (Exs. B, C). As such, their existence and contents can immediately be verified. The Court should therefore take judicial notice of **Exhibits A–J** to "indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

## III.  CONCLUSION

For the foregoing reasons, Eventbrite Defendants respectfully request that the Court consider **Exhibits A–J** under the incorporation by reference doctrine and/or take judicial notice of those exhibits to establish what information was in the public realm and when.

Dated: December 11, 2019

COOLEY LLP
PATRICK E. GIBBS (183174)
SHANNON M. EAGAN (212830)
JEFFREY D. LOMBARD (285371)
HEATHER SPEERS (305380)


 */s/ Patrick E. Gibbs*
Patrick E. Gibbs (183174)

*Attorneys for Eventbrite Defendants*