ROBERT V. PRONGAY (#270796)
KARA M. WOLKE (#241521)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

-and-

Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs*
*and the proposed class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Eventbrite, Inc. Securities Litigation | Master File No. 5:19-cv-02019-EJD |
| | <u>CLASS ACTION</u> |
| | **PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE** |
| | Thursday, March 26, 2020<br>9:00 a.m.<br>Hon. Edward J. Davila<br>San Jose Courthouse, Courtroom 1—5th Floor |
| This Document Relates To: All Actions | |

**INTRODUCTION**

Defendants seek judicial notice and incorporation by reference of ten documents in connection with their motion to dismiss the complaint. As the Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, makes clear, "undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine" 899 F.3d 988, 999 (9th Cir. 2018). As such, Defendants' requests should be denied to the extent they use the documents in question to create unripe factual disputes.

**ARGUMENT**

**I.      Applicable Legal Standards**

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. Two exceptions exist whereby a court may consider such extraneous materials without converting a motion to dismiss into a summary judgment motion: judicial notice and the incorporation by reference doctrine. *Id.*

In *Khoja* the Ninth Circuit noted "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* The panel in *Khoja* elaborated on this concerning pattern:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Id.* (internal citations omitted).

### A.    Judicial Notice

Federal Rule of Evidence 201 provides "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

While a court may take judicial notice of public records, a "court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999; *see also Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1031-32 (C.D. Cal. 2015) ("It is only appropriate[, however,] for the court to take judicial notice of the content of the SEC Forms [ ] and the fact that they were filed with the agency. The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201.") (internal quotes and citation omitted). If a court takes judicial notice of a public record, it must also consider and identify which facts within that record it is noticing, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.

It is improper to judicially notice a public record when its substance "is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes." *Khoja*, 899 F.3d at 1000. "In that scenario, there is no fact established by the [record] 'not subject to reasonable dispute,' and the fact identified does not qualify for judicial notice under Rule 201(b)." *Id*.

### B.    Incorporation by Reference

"[I]incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document may be treated as incorporated "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*.

Incorporation by reference "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim," and therefore "what inferences a court may draw from an incorporated document should also be approached with caution." *Id*. at 1003.

Although under certain circumstances a court may assume the contents of a document incorporated by reference are true, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.*

## II. None of Defendants' Exhibits May be Used to Create Unripe Factual Disputes

As recognized by the Ninth Circuit in *Khoja*, "[w]hen parties pile on volumes of exhibits to their motion to dismiss, hoping to squeeze some into the complaint, their submissions can become needlessly unwieldy. Simply reviewing these submissions demands precious time. It is the parties' duty to ensure their own accuracy. Otherwise, as here, materials may be inserted into pleadings when they should not be there." *Id.* at 1005. Defendants have engaged in precisely such a piling on of documents. The exhibits to the Speers Declaration total over 500 pages.

It is highly questionable whether certain of these documents are sufficiently central to the complaint to be properly subject to incorporation by reference (*e.g.*, the stock analyst reports attached as Exhibits B and C to the Speers Declaration). However, because these documents are referenced (although not all "extensively," *see Khoja*, 899 F.3d at 1002) in the complaint, and because they are not harmful to Plaintiffs' case when the incorporation by reference and judicial notice doctrines are properly limited to exclude unripe factual disputes, Plaintiff will not consume the Court's time by contesting whether those documents may be incorporated or noticed.

However, as the Ninth Circuit made perfectly clear in *Khoja*, neither judicial notice nor the incorporation by reference doctrine may be used by defendants on a motion to dismiss to create factual disputes with Plaintiff's allegations. *Id.* at 1006 ("in seeking incorporation of these documents, [defendant] improperly asked the district court to engage in fact-finding in the course of deciding the sufficiency of the Complaint. . . [and] went beyond testing the sufficiency of the claims and into the realm of factual disputes."); *id.* at 999 (a "court cannot take judicial notice of disputed facts contained in such public records.").

As the Ninth Circuit did in *Khoja*, the Court should reject any attempts to use incorporation by reference and judicial notice to "short-circuit" the applicable legal standards:

The district court's reasoning here again demonstrates the danger in incorporating documents en masse into complaints. Once documents are incorporated into a complaint, a district court faces competing, often inconsistent versions of the facts. Although plaintiffs are ordinarily afforded the benefit of every favorable inference, the incorporation-by-reference doctrine can allow defendants to exploit that benefit for themselves. . . Although incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint. The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage.

*Id.* at 1014.

### III.   The Court Should be Wary of Defendants' Unreliable, *Ad Hoc* Highlighting

The Court should not unduly rely on Defendants' highlighting of the documents submitted as Exhibits to the Speers Declaration, because that highlighting both omits key text discussed in the complaint, and emphasizes extraneous text nowhere mentioned in the complaint or even in Defendants' motion to dismiss. Defendants' suspect highlighting is not susceptible of judicial notice or incorporation by reference.

For example, during Eventbrite's third quarter 2018 earnings call held on November 12, 2018, the complaint alleges Defendant Hartz made the following misleading statement:

And so where we see the great value of Eventbrite Music is that we've been able to utilize the extensibility of our platform and the modularity really to bring together an offering, a product offering that's focused on specifically venues so giving them expanded functionality to manage their box office, to manage their checkout experience, their marketing capabilities.

¶183. The complaint even emphasizes this text in bold italics. However, Defendants' highlighted version of the transcript from this call does not contain any highlighting of this text. Speers Decl. Ex. I (Dkt. No. 44-2) at 44 (transcript page 5).

To take another example, in a May 1, 2019 RBC Capital Markets stock analyst note regarding Eventbrite, Defendants highlight "EB did state that TicketFly migration is on track to conclude by H2:19." Speers Decl. Ex. C (Dkt. No. 44-1) at 276 (transcript page 5). However this text is not referred to anywhere in the complaint (*see* ¶118a discussing RBC note), nor is it referred to anywhere in Defendants' motion. As Defendants' papers provide no explanation for how their highlighting decisions were made, one is left to guess their reasons for highlighting this text.

Just how many other idiosyncratic highlighting decisions lurk within Defendants' 500-plus pages of exhibits is unknown, and Plaintiffs and the Court should not be burdened with solving this unnecessary, time consuming puzzle.

## **CONCLUSION**

For the foregoing reasons Plaintiffs respectfully request that the Court refuse to consider the documents requested to be judicially noticed and incorporated by reference to the extent Defendants use them to create unripe factual disputes with the complaint's allegations.

Dated: January 31, 2020                    Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  /s/ Kara M. Wolke
Robert V. Prongay
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**THE ROSEN LAW FIRM, P.A.**
By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne (pro hac vice)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the Class*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On January 31, 2020 I electronically filed the following **PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDUCIAL NOTICE** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of that the foregoing in true and correct.

Executed on January 31, 2020.

/s/ Laurence M. Rosen
Laurence M. Rosen