COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
HEATHER SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendants
EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO,
ANDREW DRESKIN, KATHERINE AUGUST-deWILDE,
ROELOF BOTHA, KEVIN HARTZ, SEAN P. MORIARTY,
LORRIE M. NORRINGTON, HELEN RILEY, and STEFFAN
C. TOMLINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Eventbrite, Inc. Securities Litigation | Master File No. 5:19-cv-02019-EJD |
| | CLASS ACTION |
| | **EVENTBRITE DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE** |
| This Document Relates To:  All Actions | Judge:    Hon. Edward J. Davila<br>Crtm:    4, 5th Floor<br>Date:    March 26, 2020<br>Time:    9:00 a.m. |

## I.   INTRODUCTION

Plaintiffs' Opposition to Request for Judicial Notice (the "RJN Opp.") cautions the Court about the improper use of judicial notice and incorporation by reference, relying on the Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), but **does not** argue that Eventbrite Defendants' reliance on Exhibits A–J in their Motion to Dismiss runs afoul of *Khoja* or is otherwise improper in any way.  Plaintiffs have thus waived those arguments.  In any event, the purposes for which Eventbrite Defendants[1] seek judicial notice and incorporation of Exhibits A–J are eminently proper: preventing Plaintiffs from selectively quoting the documents on which they rely and indicating *what* was in the public realm and *when*.  The Court should grant Eventbrite Defendants' Request for Judicial Notice (the "RJN") in full.

## II.   ARGUMENT

### A.   Incorporation and Judicial Notice of Exhibits A–J Is Consistent With *Khoja*.

Presumably, if Eventbrite Defendants' reliance on Exhibits A–J in their Motion to Dismiss ran afoul of *Khoja*, Plaintiffs would have made that argument in the RJN Opp., but they don't.  In effect, Plaintiffs concede that it is proper for the Court to consider Exhibits A–J when deciding Eventbrite Defendants' Motion to Dismiss.  That should end the analysis.

The RJN Opp. also misinterprets *Khoja*, arguing that "neither judicial notice nor the incorporation by reference doctrine may be used by defendants on a motion to dismiss to create factual disputes with Plaintiffs' allegations."  (RJN Opp. at 3:20–22.)  But, *Khoja* does not bar defendants from using those doctrines to create factual disputes with every allegation a plaintiff might include in a complaint, for example, conclusory allegations.  *See* 899 F.3d at 1003–07.  Nor would that make sense, as it would defeat the purpose of the doctrines.  *Id*. at 999–1002 ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact") and ("incorporation-by-reference. . . prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").  Instead, *Khoja* holds that a document

---

[1] Defined terms herein are consistent with their definitions in Eventbrite Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion to Dismiss"), at ECF No. 42.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

EVENTBRITE DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE
5:19-CV-02019-EJD

may not be incorporated, and the truth of an incorporated document may not be assumed, where the only purpose is to dispute or create a defense to *well-pled facts* in a complaint.[2] *Id.* at 1003.

**B.    Exhibits A–J Are Properly Incorporated into the Complaint and Subject to Judicial Notice.**

Plaintiffs do not argue that the Court cannot take judicial notice of Exhibits A-J or that those documents are not incorporated into the Complaint.  Indeed, they have no basis to make such arguments.  First, the Complaint explicitly and repeatedly refers to Exhibits A–J to support Plaintiffs' falsity and loss causation arguments.  (RJN at 3:11–23.)  Plaintiffs question whether the Complaint references Exhibits B and C enough to incorporate them, but ignore that their loss causation arguments rely on those analyst reports.  (*See* ¶¶ 110, 117.)  That is sufficient for the Court to incorporate those exhibits.  *Khoja*, 899. F.3d at 1005 (incorporating an analyst report where the complaint "allege[d] the loss in Orexigen's stock price occurred because of this article's revelations" and noting that this made the complaint's use of the analyst report "more than passing reference").  Moreover, courts routinely incorporate documents to analyze alleged false statements in context and to prevent plaintiffs from selectively quoting only the portions of the documents that bolster their arguments.  *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996) (alleged misstatements "must be analyzed in context"); *Khoja*, 899 F.3d at 1002 (incorporation by reference prevents plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").

---

[2] The RJN Opp. makes much ado of Eventbrite Defendants' highlighting on Exhibits A–J.  (RJN Opp. at 4:8–5:3.)  However, highlighting on the exhibits is irrelevant to the Court's consideration of the RJN, and, in any event, is a widely accepted practice.  *See*, *e.g.*, *FinServ Cas. Corp. v. Settlement Funding, LLC*, 2016 WL 11473823, at *7–8 (S.D. Tex. Feb. 29, 2016) ("Unlike handwritten annotations, highlighting is not evidence with any bearing on the outcome of the case. Therefore, the court finds no harm in the use of highlighting to direct the court to the relevant portions of the document."); *Aspgren v. Montgomery Ward & Co.*, 1984 WL 49009, at *10 (N.D. Ill. July 5, 1984) (overruling "the objection to the highlighting and admit[ting] those exhibits").

Cooley LLP
Attorneys At Law
Palo Alto

2.

Eventbrite Defendants' Reply to Plaintiffs'
Opposition to Request for Judicial Notice
5:19-cv-02019-EJD

Second, Exhibits A–J are the types of documents that courts routinely take judicial notice of in securities fraud cases because they unquestionably meet the requirements of Rule 201(b) of the Federal Rules of Evidence, and Eventbrite Defendants only seek judicial notice (as an alternative if the Court were to deny the incorporation request) to indicate what was publicly known during the relevant time.  (RJN at 4:10–17.)  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (judicial notice may be used to "indicate what was in the public realm at the time"); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (press releases and conference call transcripts); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (information in news articles); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (news articles, presentations, and conference calls with analysts).

The following chart is intended to aid the Court in its analysis:

| Ex. | Description | Purpose for Citing the Document |
|---|---|---|
| A | Eventbrite's Prospectus filed with the United States Securities and Exchange Commission ("SEC") on Form 424B4 on September 20, 2018 (referred to in the Complaint and Motion to Dismiss as the "Registration Statement") | To allow the Court to analyze the alleged misstatements in context and evaluate the risk disclosures in the Offering Documents. |
| B | JPM Securities report titled "*Eventbrite Solid 4Q, But Ticketfly Migration Pushed into '19 to Weigh on 1Q & N-T Growth; Remain Neutral & PT to $27*" and published on March 8, 2019 [3] | To prevent Plaintiffs from selecting only the portions of the document that support their loss causation arguments and show that Eventbrite reported fourth quarter 2018 earnings that beat both its own guidance and market expectations for revenue. |
| C | RBC Capital Markets report titled "*Eventbrite, Inc. More Ticket Troubles*" and published on May 1, 2019 | To prevent Plaintiffs from selecting only the portions of the document that support their loss causation argument and show that Eventbrite reported first quarter 2019 earnings that met its revenue guidance. |

---

[3] The Complaint incorrectly identifies this report as published on March 7, 2019.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

| Ex. | Description | Purpose for Citing the Document |
|---|---|---|
| D | Transcript of Eventbrite's Earnings Call for the first fiscal quarter of 2019 ("Q1 2019"), which occurred on May 1, 2019 | To prevent Plaintiffs from selecting only the portions of the document that support their loss causation arguments. |
| E | Eventbrite's Q1 2019 Shareholder Letter, attached as an exhibit to Eventbrite's Form 8-K filed with the SEC on May 1, 2019. | To prevent Plaintiffs from selecting only the portions of the document that support their loss causation argument and allow the Court to review the Company's disclosures about Ticketfly. |
| F | Eventbrite's Form 10-K for the fiscal year of 2018 filed with the SEC on March 7, 2019 | To allow the Court to analyze the alleged misstatements in context and review the Company's risk disclosures. |
| G | Transcript of Eventbrite's Earnings Call for the fourth fiscal quarter of 2018 ("Q4 2018"), which occurred on March 7, 2019 [4] | To allow the Court to analyze the alleged misstatement in context. |
| H | Eventbrite's Q4 2018 Shareholder Letter, attached as an exhibit to Eventbrite's Form 8-K filed with the SEC on March 7, 2019 [5] | To prevent Plaintiffs from selecting only the portions of the document that support their loss causation argument. |
| I | Transcript of Eventbrite's Earnings Call for the third fiscal quarter of 2018 ("Q3 2018"), which occurred on November 12, 2018, attached as an exhibit to Eventbrite's Form 8-K filed with the SEC on November 13, 2018 | To allow the Court to analyze the alleged misstatement in context. |
| J | Eventbrite's Q3 2018 Shareholder Letter, attached as an exhibit to Eventbrite's Form 8-K filed with the SEC on November 13, 2018 | To allow the Court to analyze the alleged misstatement in context. |

### III.    CONCLUSION

For the foregoing reasons, Eventbrite Defendants respectfully request that the Court consider **Exhibits A–J** under the incorporation by reference doctrine and/or take judicial notice of those documents to establish what information was in the public realm and when.

---

[4] The Complaint incorrectly defines this as the Q4 2019 Call (¶104), but later refers to it correctly as the Q4 2018 Earnings Call (¶106).

[5] The Complaint correctly defines this as the Q4 2018 Shareholder Letter (¶104), but later refers to it incorrectly as the Q4 2019 Shareholder Letter (¶105).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

EVENTBRITE DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE
5:19-CV-02019-EJD

Dated: March 3, 2020

COOLEY LLP
PATRICK E. GIBBS (183174)
SHANNON M. EAGAN (212830)
JEFFREY D. LOMBARD (285371)
HEATHER SPEERS (305380)

*/s/ Patrick E. Gibbs*

Patrick E. Gibbs (183174)

*Attorneys for Eventbrite Defendants*

5.

**EVENTBRITE DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE
5:19-CV-02019-EJD**