# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE EVENTBRITE, INC. SECURITIES LITIGATION, | Master File No. 5:19-cv-02019-EJD |
| | <u>CLASS ACTION</u> |
| This Document Relates To: All Actions | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This stipulation and agreement of settlement ("Stipulation") is made and entered into by and between: (i) Lead Plaintiffs Michael Gomes, Melvin Pastores, and Mohit Uppal, and Named Plaintiff Bruce Bones ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); (ii) Eventbrite, Inc. ("Eventbrite"), Julia Hartz, Randy Befumo, Andrew Dreskin, Katherine August-Dewilde, Roelof Botha, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, and Steffan C. Tomlinson ("Eventbrite Defendants")[1]; and (iv) Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc., and Stifel, Nicolaus & Company, Incorporated (the "Underwriter Defendants", and with Plaintiffs and Eventbrite Defendants, "Parties").

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms set forth herein and in the section hereof entitled "Definitions."

B.      On April 15, 2019, Gomes filed a Class Action Complaint for Violations of the Federal Securities Laws in this Court (Dkt. No. 1).

C.      Gomes, Pastores, and Uppal timely filed a motion to be appointed lead plaintiffs and for The Rosen Law Firm, P.A. ("Rosen Law") and Glancy Prongay & Murray LLP ("Glancy") to be appointed lead counsel, (Dkt. Nos. 12-13), which Judge Edward J. Davila granted. (Dkt. No.

---

[1] Eventbrite and the Individual Defendants are referred to collectively as the "Eventbrite Defendants."

35).

D.      Plaintiffs, including Bones, timely filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (Dkt. No. 40), alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC") and §§ 11 and 15 of the Securities Act of 1933 ("Securities Act") on behalf of a class of all purchasers of Eventbrite securities who purchased or otherwise acquired Eventbrite securities: (a) pursuant or traceable to Eventbrite's registration statement and prospectus ("Registration Statement") issued in connection with the Company's September 20, 2018 initial public offering ("IPO" or the "Offering"); or (b) between September 20, 2018 and May 1, 2019, inclusive ( "Class Period").

E.      All Defendants timely moved to dismiss the Amended Complaint and filed a request for judicial notice in support of their motions to dismiss. (Dkt. Nos. 41-45). The Court granted Defendants' motion to dismiss after full briefing in April 2020, with leave to amend. (Dkt. No. 59). On June 22, 2020, the Court extended Plaintiffs deadline to file an amended complaint from June 24, 2020, to August 10, 2020.  (Dkt. 61.)

F.      While Defendants' motion to dismiss was pending, the Parties began settlement negotiations and ultimately agreed to this Settlement.

G.      Plaintiffs, through Lead Counsel, thoroughly investigated the claims, defenses, and underlying events that are the subject of the Action. This process included reviewing and analyzing: (i) documents the Company filed publicly with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Plaintiffs identified former Eventbrite employees and other persons with relevant knowledge and interviewed them, and included allegations attributed to these former Eventbrite employees in the Amended Complaint. Plaintiffs also consulted with financial experts.

H.    Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Among other things, Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any member of the Class has suffered damages; that the prices of Eventbrite securities were artificially inflated by reason of the alleged misrepresentations, omissions or otherwise; or that members of the Class were harmed by the conduct alleged in the Amended Complaint. Defendants have denied and continue to deny each and every one of the Amended Complaint's claims and/or potential claims based on the facts the Amended Complaint alleges and maintain that they have meritorious defenses to all claims alleged in the Amended Complaint.

I.    This Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted. Defendants are entering into this Settlement solely to eliminate the burden, expense, uncertainty, and distraction of further litigation.

J.    Plaintiffs believe that the claims they assert in the Action have merit and that the evidence developed to date supports the claims asserted. Plaintiffs and Lead Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. Plaintiffs and Lead Counsel have also accounted for the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action, including a loss causation defense. Based on their evaluation, Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and

3

without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

1. "Action" means the securities class actions captioned *In re Eventbrite, Inc. Securities Litigation*, No. 5:19-cv-02019-EJD, pending in the United States District Court for the Northern District of California before the Honorable Edward J. Davila.

2. "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

3. "Authorized Claimant" means a Settlement Class Member who timely submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment by the Court.

4. "Claims Administrator" means the administration firm to be selected by Lead Counsel, whom Lead Counsel will retain to provide all Court-approved notices to Settlement Class Members, to process proofs of claim, and generally to administer the Settlement.

5. "Class Period" means the period from September 20, 2018 through May 1, 2019, both dates inclusive.

6. "Defendants" means Eventbrite, Inc., Julia Hartz, Randy Befumo, Andrew Dreskin, Katherine August-Dewilde, Roelof Botha, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington,

4

STIPULATION AND AGREMENT OF SETTLEMENT; 5:19-CV-02019-EJD

Helen Riley, Steffan C. Tomlinson, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc., and Stifel, Nicolaus & Company, Incorporated.

7.    "Defendants' Counsel" means the law firms of Cooley LLP and Morrison Foerster LLP.

8.    "Distribution Order" means an order of the Court approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

9.    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶77 below.

10.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

11.    "Escrow Agent" means a firm to be selected by Lead Counsel.  The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

12.    "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any expenses pursuant to 15 U.S.C. § 78u-4(a)(4) and 77z-(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

13.    "Final," with respect to a court order, including, but not limited to the Judgment or Alternative Judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the

order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made. Any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund or to the Court's award of attorneys' fees or expenses, however, shall not in any way delay or affect the time set forth below for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final. The finality shall not be conditioned upon the resolution of: (i) claims, if any, brought by any governmental agency or regulator, including, but not limited to, the United States Securities and Exchange Commission and the U.S. Department of Justice; or (ii) the claims asserted in any other private civil action, including, but not limited to, a shareholder derivative action.

14.    "Individual Defendants" means Julia Hartz, Randy Befumo, Andrew Dreskin, Katherine August-Dewilde, Roelof Botha, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, and Steffan C. Tomlinson.

15.    "Investment Vehicles" means any investment company, separately managed account, or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

16.    "Judgment" means the proposed judgment or Alternative Judgment and order of dismissal with prejudice to be entered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

17.    "Lead Counsel" means The Rosen Law Firm, P.A. and Glancy, Prongay & Murray LLP.

18.    "Lead Plaintiffs" means Michael Gomes, Melvin Pastores, and Mohit Uppal.

19.    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

20.    "Notice" means collectively the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members ("Long Notice"); the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication ("Summary Notice"), and the Postcard Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibits 1, 3, and 4, respectively, to Exhibit A hereto.

21.    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

22.    "Person(s)" means any legal person.

23.    "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Long Notice.

24.    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

25.    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

26.    "Released Claims" means any and all claims, rights, demands, obligations, damages,

actions or causes of action, or liabilities whatsoever, of every nature and description, whether known or Unknown Claims (as defined below), whether suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, whether arising under federal, state, common or foreign law or regulation upon any theory of law or equity now existing or coming into existence in the future, whether class or individual in nature, that arise out of or relate in any way to *both* (i) the purchase, sale, or holding of Eventbrite securities pursuant or traceable to Eventbrite's registration statement and prospectus ("Registration Statement") issued in connection with the Company's September 20, 2018 initial public offering ("IPO") *or* were otherwise purchased, sold, or held during the Class Period, *and* (ii) the allegations, transactions, acts, facts, events, circumstances, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Settlement Class in the Action or in any other action in any court or forum which relate to the subject matter of this Action. Released Claims do not include derivative claims on behalf of Eventbrite, except that neither Plaintiffs nor their counsel will bring any derivative claims related to any allegations, transactions, acts, facts, events, circumstances or wrongdoing alleged in the Action. Defendants will release Plaintiffs and their counsel for all Released Defendants' Claims arising from the Action.

27.    "Released Defendant Parties" means Defendants, their present and former parents, subsidiaries, division, departments, affiliates, officers, directors, partners, employees, contractors, auditors, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Defendant Parties who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members.

28.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims

8

relating to the enforcement of the Settlement.

29. "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

30. "Released Plaintiff Parties" means each and every Settlement Class Member, Plaintiffs, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, accountants, advisors, predecessors, successors, assigns, insurers, parents, divisions, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

31. "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

32. "Settlement Amount" means the total principal amount of one million nine hundred thousand U.S. dollars ($1,900,000), in cash.

33. "Settlement Class" or "Settlement Class Member" means all persons and entities that purchased or otherwise acquired Eventbrite, Inc. securities: (a) pursuant or traceable to Eventbrite's registration statement and prospectus ("Registration Statement") issued in connection with the Company's September 20, 2018 initial public offering ("IPO"); *or* (b) between September 20, 2018 and May 1, 2019, both dates inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are Defendants, Eventbrite's officers and directors, their immediate family members, and entities in which such excluded person hold a controlling interest. Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class. Notwithstanding any aforementioned exclusions from the definition of "Settlement Class," Investment Vehicles shall not be excluded from the Settlement Class.

34. "Settlement Fund" means the Settlement Amount and any interest earned thereon.

35. "Settlement Hearing" means the hearing to be held by the Court to determine

9

whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved.

36.    "Stipulation" means this Stipulation and Agreement of Settlement.

37.    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

38.    "Unknown Claims" mean any and all Released Claims that any Plaintiff or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties or might have affected his, her or its decision not to object to the Settlement or not exclude himself, herself or itself from the Settlement Class. Plaintiffs and every member of the Settlement Class expressly waive, and by operation of the final judgment shall be deemed to have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable) and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides that:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs acknowledge, and every member of the Settlement Class by law and operation of the order and final judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

39.    The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (b) in full and final disposition of the Action with respect to the Released Parties and any and

all Released Claims and Released Defendants' Claims.

40.    For purposes of this Settlement only, the Parties agree to: (a) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class; (b) the appointment of Plaintiffs as Class Representatives for the Settlement Class; and (c) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

41.    Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member (whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund), and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Parties.

42.    Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member (whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim, or receives proceeds from the Settlement Fund), and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, either directly or indirectly, on their own behalf or on behalf of any class or other person.

43.    Upon the Effective Date, Defendants, and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released

11

Plaintiff Parties and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

**THE SETTLEMENT CONSIDERATION**

44.     In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified above in ¶¶ 26-28, 30, and 38, all of which the Parties agree are good and valuable consideration, Eventbrite shall cause the Settlement Amount to be paid into the Escrow Account within fourteen business days of the later of entry of the Preliminary Approval Order or Lead Counsel's providing Eventbrite's Counsel wiring instructions for the Settlement Amount, the payee's Form W-9, and any other documents reasonably required by Eventbrite to process the payment of the Settlement Amount.

45.     With the sole exception of Eventbrite's obligation to cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶44, Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

46.     Other than the obligation of Eventbrite to cause the payment of the Settlement Amount pursuant to ¶44, Released Defendant Parties shall have no obligation to make any other payments into the Escrow Account, to Plaintiffs, or to any other Settlement Class Member pursuant to this Stipulation.

**USE AND TAX TREATMENT OF SETTLEMENT FUND**

12

47.    The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any costs and expenses allowed by the PSLRA and Awarded to Plaintiffs by the Court; (v) to pay any other fees and expenses awarded by the Court; and (vi) to pay the claims of Authorized Claimants.

48.    The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶8 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

49.    After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 49, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur. Consistent with the foregoing:

13

a.      For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraphs (b) and (c) of this paragraph 49.

b.      All Taxes shall be paid out of the Settlement Fund. In all events, Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority. In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund. Any Taxes or Tax expenses owed on any earnings on the Settlement Amount prior to its transfer to the Escrow Account shall be the sole responsibility of the entities that make the deposit.

c.      Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants, and Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 49.

14

50.     This is not a claims-made settlement. As of the Effective Date, Eventbrite and/or any other Person funding the Settlement on Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

### ATTORNEYS' FEES AND EXPENSES

51.     Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Defendants shall take no position with respect to the Fee and Expense Application.

52.     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof. Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses among themselves.

53.     Any payment of attorneys' fees and expenses shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Lead Counsel shall make the appropriate refund or repayment in full no later than fourteen calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

54.     With the sole exception of Eventbrite's obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶44, the Released Defendant Parties shall have no

responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

55. The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Lead Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

56. The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

57. The Released Defendant Parties or persons acting under their control shall not take any position as to any request for award of attorneys' fees, reimbursement of expenses, or awards to Plaintiffs.

58. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation.

**ADMINISTRATION EXPENSES**

59. Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

60. Prior to the Effective Date, without further approval from Defendants or further

order of the Court, Lead Counsel may expend up to $200,000 from the Settlement Fund to pay Notice and Administration Expenses. Any monies from the Notice and Administration Expenses that remain after administration shall be returned to the Net Settlement Fund.  Notice and Administration Expenses in excess of $200,000 shall not be paid out of the Gross Settlement Fund until after the Effective Date. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court. After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred. Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005, if any, at their own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

61.    Lead Counsel will apply to the Court for a Distribution Order, on notice to Defendants' Counsel, approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

62.    The Claims Administrator shall administer the Settlement under Lead Counsel's supervision in accordance with the terms of this Stipulation and subject to the jurisdiction of the Court. The Released Defendant Parties shall have no responsibility for (except for Eventbrite's obligation as stated in ¶44 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator and shall have no liability to the Settlement Class in connection with such administration.

63.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation included in the Long Notice, or in such other plan of allocation as the Court may approve.

64.    Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not

17

affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. The Released Defendant Parties shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

65.      If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such redistribution. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to the Howard University Investor Justice and Education Clinic.

## ADMINISTRATION OF THE SETTLEMENT

66.      Any Settlement Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties.

67.      Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be de minimis or formal or technical defects in any Proof of Claim submitted. The Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or

challenging of claims of Settlement Class Members. Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

68. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a. Each Settlement Class Member shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b. All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, and specified in the Notice, unless Lead Counsel extends the deadline, subject to the Court ultimately approving the distribution to Settlement Class members, or by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties. Provided that it is received before the motion for the Distribution Order is filed, a Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. If submitted electronically at [_____] the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

19

c.    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court;

d.    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant notice of the deficiency and the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

e.    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

f.    The determinations of the Claims Administrator accepting or rejecting disputed claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Distribution Order.

69.    Each claimant who submits a Proof of Claim shall be deemed to have submitted to

20

the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

70.    Payment pursuant to the Distribution Order shall be deemed final and conclusive against any and all Settlement Class Members. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all Released Claims against each and every one of the Released Defendant Parties.

71.    All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

72.    No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in this section or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

73.    No Person shall have any claim against Plaintiffs, Lead Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

21

STIPULATION AND AGREMENT OF SETTLEMENT; 5:19-CV-02019-EJD

74.    Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

75.    Eventbrite shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, within five business days of entry of the Preliminary Approval Order, a list in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or acquired Eventbrite securities during the Class Period, as identified in the records maintained by Eventbrite's transfer agent. Lead Counsel and the Claims Administrator shall use such transfer records solely to effectuate this Settlement and shall in all events keep the transfer records confidential and shall not distribute the transfer records to anyone besides Lead Counsel and the Claims Administrator.

## TERMS OF THE FINAL ORDER AND JUDGMENT

76.    If the Court approves the Settlement this Stipulation memorializes, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF THE SETTLEMENT

77.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

a.    entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

b.    payment of the Settlement Amount into the Escrow Account;

c.    no Party has exercised its right to terminate the Settlement;

d.    approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

e.      the Court enters a Judgment, substantially in the form set forth in Exhibit B annexed hereto, that becomes Final; or, if the Court enters an Alternative Judgment, the Alternative Judgment becomes Final.

## WAIVER OR TERMINATION

78.     Defendants and Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within twenty (20) calendar days of: (a) a Court order declining to (i) certify the Settlement Class; (ii) enter a preliminary approval order in any material respect; (iii) grant final approval to the Settlement in any material respect; (b) the Effective Date of the Settlement not otherwise occurring for any reason except for Eventbrite's failure to pay the Settlement Amount; or (c) any material term of the Settlement not being satisfied.

79.     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶44 of this Settlement Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants (other than in accordance with ¶¶ 78 and 80), shall have the right to (a) terminate the Settlement and Settlement Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Settlement Stipulation and seek a judgment effecting the terms herein.

80.     In addition to the foregoing, Defendants shall also have the option to terminate the Settlement and render this Stipulation null and void as to all Parties if the aggregate number of allegedly damaged publicly traded Eventbrite securities purchased or acquired during the Class Period by Persons who would otherwise be entitled to participate as members of the Settlement Class, but who timely and validly request exclusion from the Settlement Class, exceeds the sum specified in a separate confidential Supplemental Agreement Regarding Requests for Exclusion between Lead Counsel and Defendants' Counsel ("Confidential Supplemental Agreement"). The Parties agree to maintain the confidentiality of the Confidential Supplemental Agreement, which shall not be filed with the Court unless ordered by the Court, nor shall the Confidential Supplemental Agreement otherwise be disclosed unless ordered by the Court. In the event of a termination of this Settlement pursuant to the Confidential Supplemental Agreement, this

Stipulation shall become null and void and of no further force and effect, except the provisions of ¶¶88-89 which shall continue to apply.

81. The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

82. In addition to all of the rights and remedies that Plaintiffs have under the terms of this Stipulation, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶44, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

83. If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Defendant and that Defendant and Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions immediately prior to July 29, 2020. All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

84. Eventbrite warrants that at the time of payment of the Settlement Amount, it will not be insolvent, nor will payment render it insolvent, within the meaning of the United States

24

Bankruptcy Code, including Sections 101 and 547 thereof.

85.    If an option to terminate this Stipulation and Settlement arises under any of ¶¶78-80, 82 above: (i) neither Defendants nor Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Plaintiffs, respectively, as applicable.

86.    With the exception of the provisions of ¶¶88-89 which shall continue to apply, if the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to July 29, 2020; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. Then, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of either Defendants or Plaintiffs, in any court filing, deposition, at trial, or otherwise.

87.    In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within ten business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## NO ADMISSION

88.    Except as set forth in ¶89, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement

discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a.    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b.    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

c.    do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

d.    do not constitute, and shall not be construed against Defendants, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would

26

have been recovered after trial; and

e.    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

89.    Notwithstanding ¶88 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

### MISCELLANEOUS PROVISIONS

90.    The exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits) and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

91.    The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount

27

paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

92.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

93.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

94.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

95.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

96.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

97.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

98.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

99.     Pending final approval by the Court of the Stipulation and its attached exhibits, all proceedings in the Action shall remain stayed.

100.     All designations and agreements made, or orders entered in the Action relating to the confidentiality of documents or information shall survive this Stipulation.

101.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

102.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

103.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

104.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

105.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

106.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

107.     Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of 29th day of July 2020.

29

**THE ROSEN LAW FIRM, P.A.**

_____
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

and

Jonathan Horne (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

**COOLEY LLP**

_____
Patrick E. Gibbs
Shannon M. Eagan
Jeffrey D. Lombard
Heather Speers
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Counsel for Defendants Eventbrite, Inc., Julia Hartz, Randy Befumo, Katherine August-deWilde, Roelof Botha, Andrew Dreskin, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, and Steffan C. Tomlinson*

**GLANCY PRONGAY & MURRAY LLP**

_____
Lionel Z. Glancy
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Lead Counsel for Plaintiffs*

**MORRISON FOERSTER LLP**

_____
Anna Erickson White
Robert L. Cortez Webb
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: awhite@mofo.com
Email: rwebb@mofo.com

*Counsel for Defendants Goldman Sachs & Co. LLC; J.P. Morgan Securities LLC; Allen & Company LLC; RBC Capital Markets, LLC; SunTrust Robinson Humphrey, Inc.; and Stifel, Nicolaus & Company, Incorporated*

STIPULATION AND AGREMENT OF SETTLEMENT; 5:19-CV-02019-EJD

**THE ROSEN LAW FIRM, P.A.**

_____
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

and

Jonathan Horne (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jhorne@rosenlegal.com

**COOLEY LLP**

_____
Patrick E. Gibbs
Shannon M. Eagan
Jeffrey D. Lombard
Heather Speers
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Counsel for Defendants Eventbrite, Inc., Julia Hartz, Randy Befumo, Katherine August-deWilde, Roelof Botha, Andrew Dreskin, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, and Steffan C. Tomlinson*

**GLANCY PRONGAY & MURRAY LLP**

_____
Lionel Z. Glancy
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Lead Counsel for Plaintiffs*

**MORRISON FOERSTER LLP**

_____
Anna Erickson White
Robert L. Cortez Webb
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: awhite@mofo.com
Email: rwebb@mofo.com

*Counsel for Defendants Goldman Sachs & Co. LLC; J.P. Morgan Securities LLC; Allen & Company LLC; RBC Capital Markets, LLC; SunTrust Robinson Humphrey, Inc.; and Stifel, Nicolaus & Company, Incorporated*

30

STIPULATION AND AGREMENT OF SETTLEMENT; 5:19-CV-02019-EJD

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE EVENTBRITE, INC. SECURITIES LITIGATION, | Master File No. 5:19-cv-02019-EJD |
| | <u>CLASS ACTION</u> |
| This Document Relates To: All Actions | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiffs Michael Gomes, Melvin Pastores, and Mohit Uppal, and Named Plaintiff Bruce Bones ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), on the one hand, and Eventbrite, Inc. ("Eventbrite" or the "Company"), Julia Hartz, Randy Befumo, Andrew Dreskin, Katherine August-Dewilde, Roelof Botha, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, Steffan C. Tomlinson, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc., and Stifel, Nicolaus & Company, Incorporated ("Defendants"), have entered into the Stipulation and Agreement of Settlement, dated July 29, 2020 ("Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled, *In re Eventbrite, Inc. Securities Litigation*, No. 5:19-cv-02019-EJD (N.D.Cal.) ("Action"); and the Court having read and considered the Settlement Stipulation and the exhibits annexed thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2020, that:

1. Capitalized terms used herein have the meanings defined in the Settlement

622245.1

Stipulation.

2.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons and entities that purchased or acquired the publicly traded securities of Eventbrite: (a) pursuant or traceable to Eventbrite's registration statement and prospectus ("Registration Statement") issued in connection with the Company's September 20, 2018 initial public offering ("IPO"); or (b) purchased or otherwise acquired Eventbrite securities between September 20, 2018 and May 1, 2019, both dates inclusive, and were damaged thereby. Excluded from the Class are Defendants, Eventbrite's officers and directors, their immediate family members, and entities in which such excluded person, alone or with its respective affiliates, is a majority owner or holds a majority beneficial interest. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with this Preliminary Approval Order and Persons with have no compensable damages.  Investment Vehicles shall not be excluded from the Settlement Class.

3.    This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are hereby appointed as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, previously selected by Plaintiffs and appointed by the Court, are hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

622245.1

5. The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Court preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 2020 at __:___  _.m. for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider the application of Class Counsel for an award of attorneys' fees with interest and expenses and an award to the Class Representatives;

(f) to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice following the instructions set out in this Order that they intend to appear at the Settlement Hearing; and

(g) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to

622245.1

EXHIBIT A

approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.      The Court approves the form, substance and requirements of (a) the Notice of Pendency and Proposed Settlement of Class ("Long Notice"), (b) the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), (c) the Proof of Claim and Release Form ("Claim Form"); and (d) the Postcard Notice, all of which are exhibits to the Settlement Stipulation.

9.      Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.      For settlement purposes only, [_____] is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11.      Class Counsel, through the Claims Administrator, shall cause the Postcard Notice substantially in the forms annexed to the Settlement Stipulation, to be mailed, by first class mail, postage prepaid, within twenty-one calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

12.      The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $200,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

13.      No later than five business days after the date of this Order, the Company shall provide and/or cause its transfer agent to provide to Class Counsel a list of the record owners of Eventbrite securities during the Class Period in a usable electronic format, such as an Excel spreadsheet containing the names and addresses of Settlement Class Members. This information

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT 5:19-CV-02019-EJD

622245.1

will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

14.    Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Eventbrite securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Postcard Notice, either: (i) request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. Nominees or custodians who elect to send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to a maximum of $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice actually mailed or $0.05 per name and address provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15.    Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Postcard Notice as required by this Order.

16.    Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Claims Administrator's website within twenty-one calendar days after entry of this Order.

622245.1

17.    Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty-one calendar days after the entry of this Order. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

18.    The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Section 27(a)(7) of the Securities Act of 1933, as amended by the PSLRA, constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Claim Form must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website, [_____] by 11:59 p.m. EST on _____, 2020; or (b) at the Post Office Box indicated in the Notice, postmarked no later than _____, 2020 (forty-four calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from [_____] for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to

have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the

622245.1

merits of the Action or the Settlement in connection with processing of the Claim Form, nor shall any discovery from or of Defendants be allowed on any topic.

20.    All Settlement Class Members who do not submit valid and timely Claim Form will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

21.    Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2020 (twenty-one (21) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re Eventbrite, Inc. Securities Litigation*, No. 5:19-cv-02019-EJD, (N.D.Cal.) and (B) state the date, number of shares and dollar amount of each Eventbrite securities purchased or acquired during the Settlement Class Period, and any sale transactions as well as the number of shares of Eventbrite securities held by the Person pursuant and or traceable to Eventbrite's IPO or between September 20, 2018 and May 1, 2019. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Eventbrite securities during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Eventbrite securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

622245.1

EXHIBIT A

22.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

23.     Any Person who submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

24.     All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing Date:

*Lead Counsel:*

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Email: info@rosenlegal.com

**OR**

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Email: info@glancylaw.com

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT 5:19-CV-02019-EJD

622245.1

EXHIBIT A

*Counsel for the Eventbrite Defendants:*
COOLEY, LLP
Patrick E. Gibbs
3175 Hanover Street
Palo Alto, CA 94304-1130

*Counsel for Underwriter Defendants:*
MORRISON FOERSTER LLP
Anna Erickson White
425 Market Street
San Francisco, CA 94105

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113. To be valid, any such objection must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of Eventbrite securities during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

26.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final

622245.1

Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

27.     The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

28.     All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing.

29.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

30.     Defendants, their counsel, their Insurers and other Released Defendant Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

32.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of

622245.1

Allocation and/or further order(s) of the Court.

33.    Neither the Settlement Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their Insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representative of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

34.    If the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to July 29, 2020, pursuant to the terms of the Settlement Stipulation.

35.    The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Claim Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

36.    The Court reserves the right to hold the Settlement Hearing telephonically or by

622245.1

EXHIBIT A

videoconference without further notice to the Class Members.

Dated: _____, 2020                 _____
                                             HON. EDWARD J. DAVILA
                                             UNITED STATES DISTRICT JUDGE

622245.1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE EVENTBRITE, INC. SECURITIES LITIGATION, | Master File No. 5:19-cv-02019-EJD <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: All Actions | |

## <u>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION</u>

If you purchased or acquired the securities of Eventbrite, Inc. ("Eventbrite") pursuant or traceable to its Initial Public Offering ("IPO") or between September 20, 2018, and May 1, 2019, you could get a payment from a class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

- If approved by the Court, the Settlement will provide one million nine hundred thousand dollars ($1,900,000) ("Settlement Fund"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and Awards to Plaintiffs, net of any taxes on interest, to pay claims of investors who purchased Eventbrite securities pursuant or traceable to Eventbrite's IPO or otherwise purchased or sold Eventbrite securities during the Class Period.

- Plaintiffs calculate that the Settlement represents an estimated average recovery of $0.102 per damaged share according to Plaintiffs' estimate of damaged shares of Eventbrite common stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the Recognized Losses of all Settlement Class Members, the date(s) you purchased and sold Eventbrite securities, the purchase and sales prices, and the total number of claims filed.

- Attorneys for Plaintiffs ("Lead Counsel") will ask the Court to award them fees of up to twenty-five percent of the Settlement Amount ($475,000) plus interest, reimbursement of litigation expenses of no more than $50,000, and Awards to Plaintiffs not to exceed $3,500 each, or $14,000 in total. If approved by the Court, these amounts (which Plaintiffs calculate as totaling an average of $0.029 according to Plaintiffs' estimate of damaged shares of Eventbrite common stock) will be paid from the Settlement Fund.

- The Settlement resolves the Action concerning whether Eventbrite and certain of its officers and directors, and the underwriters of its IPO allegedly violated federal securities laws by making misrepresentations and/or omissions of material fact in various public

1

statements to the investing public concerning Eventbrite's integration and migration of Ticketfly, LLC and its customers to Eventbrite's platform, and the effects thereof on Eventbrite's business and financial results. The Defendants maintain that all of their statements were true and correct and deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Plaintiffs. Defendants have also denied, *inter alia*, the allegations Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether or not you act. If you do not act, you will permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release form and submit it no later than _____. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____**.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____ about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Go To The Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment <u>AND</u> give up your right to bring your own individual action or participate in any other lawsuit against the Defendants or the other Released Parties about the legal claims in this case.** |

**INQUIRIES**

2

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| [_____] | **Or** | Laurence M. Rosen<br>THE ROSEN LAW FIRM, P.A.<br>355 South Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Email: info@rosenlegal.com<br><br>Kara M. Wolke<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Email: info@glancylaw.com |
|---|---|---|

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated July 29, 2020 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.     Why did I get this Notice?**

You or someone in your family may have purchased or acquired Eventbrite's publicly-traded securities in its IPO or between September 20, 2018, and May 1, 2019, both dates inclusive.

**2.     What is this lawsuit about?**

The case is known as *In re Eventbrite, Inc. Securities Litigation*, No. 5:19-cv-02019-EJD, (N.D.Cal.) ("Action"). The Court in charge of the case is the United States District Court for the Northern District of California.

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact concerning Eventbrite's integration and migration of Ticketfly and its customers on Eventbrite's platform, and the effects thereof on Eventbrite's business and financial results. The Complaint alleges that the misstatements or omissions artificially inflated the price of Eventbrite's share price, and that the share price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement

3

Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

The Parties do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which the Parties disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants acted with scienter, which means intent to deceive, manipulate, or defraud, including an extreme departure from the standards of ordinary care, presenting a danger of misleading buyers that is either known to the defendant or is so obvious that the actor must have been aware of it; (3) whether the disclosures were corrective; (4) the causes of the loss in the value of the securities; and (5) the amount of damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, the Parties have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks and delay of continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any on appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, litigation of this type is usually expensive.

**5.    How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities, other than Defendants and their affiliates, who purchased or acquired publicly traded Eventbrite securities: (a) pursuant or traceable to the Company' September 20, 2018 IPO; and/or (b) between September 20, 2018 and May 1, 2019, both dates inclusive, and were damaged thereby.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Class are Defendants, Eventbrite's officers and directors, their immediate family members, and entities in which such excluded person, alone or with its

4

respective affiliates, is a majority owner or holds a majority beneficial interest. You are also excluded from the Class if you have a net profit in purchases and sales of Eventbrite securities or otherwise suffered no compensable damages during the Settlement Class Period. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

**7.     I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, [_____], by phone at [_____] or by facsimile at [_____], visit the website [_____], or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.     What does the Settlement provide?**

**a.     What is the Settlement Fund?**

The proposed Settlement provides that Eventbrite will cause one million nine hundred thousand dollars ($1,900,000) ("Settlement Fund") to be paid into the Escrow Account for the benefit of the Settlement Class. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any Award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.     What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Class Members; (ii) the dates you purchased and sold Eventbrite securities; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and awards to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

5

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Eventbrite securities was artificially inflated during the relevant period and that certain subsequent disclosures dissipated the inflation in the price of Eventbrite securities. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the parties, or another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, [_____].

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds remaining in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Loss of all Authorized Claimants (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant is allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Loss of all Authorized Claimants.

**(1) Recognized Loss Calculation of Publicly Traded Common Stock Purchased or Acquired in the IPO or during the Settlement Class Period:**

    **A) For Common Stock Purchased or Acquired in the IPO _or_ between September 20, 2018 and March 7, 2019, inclusive:**

6

a. For shares retained at the end of trading on May 1, 2019, the Recognized Loss shall be the lesser of:

(1)    $14.42 per share; or

(2)    the difference between the purchase price per share and $17.60 per share.[1]

b.  For shares sold between September 20, 2018 and March 7, 2019, inclusive, the Recognized Loss shall be zero.

c.  For shares sold between March 8, 2019 and May 1, 2019, inclusive, the Recognized Loss shall be the lesser of:

(1)    $7.95 per share; or

(2)    the difference between the purchase price per share and the sale price per share.

**B) For Common Stock Purchased or Acquired between March 8, 2018 and May 1, 2019, inclusive, the Recognized Loss shall be:**

a.   For shares retained at the end of trading on May 1. 2019, the Recognized Loss shall be the lesser of:

(1)    $6.47 per share; or

(2)    the difference between the purchase price per share and $17.60 per share.

b.  For shares sold between March 8, 2019 and May 1, 2019, inclusive, the Recognized Loss shall be zero.

To calculate your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  Your receipt or grant by gift, inheritance or operation of law of Eventbrite's common stock is not a purchase, acquisition or sale of Eventbrite's common stock for the calculation of your Recognized Loss.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales are matched on a First In First Out ("FIFO") basis in chronological order.  So on the Proof of Claim form enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of Eventbrite publicly traded common stock purchased or acquired in the IPO and during the Settlement Class Period.

**(2)   Are there any further limitations on the amount I may receive?**

(i)    If you had a trading gain or broke even from your overall transactions in Eventbrite's common stock during the Settlement Class Period, the value of your Total Recognized Loss will be zero, and you will not be entitled to a share of the Net Settlement Fund.  If you suffered a trading loss on your overall transactions in Eventbrite's common stock during the Settlement

---

[1]  This is the closing price of Eventbrite's common stock on May 2, 2019, one day after the Settlement Class Period and after the Company's corrective disclosure on May 1, 2019.

Class Period, but that trading loss was less than your Total Recognized Loss calculated above, then your Total Recognized Loss is the amount of your actual trading loss.

(ii)     The purchase and sale prices exclude any brokerage commissions, transfer taxes or other fees.

(iii)    The covering purchase of a short sale is not an eligible purchase.  Gifts and transfers are not eligible purchases.

**9.      How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form" (also called a "Claim Form"). This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at [_____]. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at [_____] **by 11:59 p.m. EST on _____, 2020**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than _____, 2020**, to the Claims Administrator at:

[_____]

If you choose to mail your claim form, you will have to pay postage.

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the _____, 2020 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase, acquisition, sale or holding of Eventbrite securities pursuant or traceable to Eventbrite's IPO, or during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of Eventbrite securities during the Settlement Class Period. The specific terms of the release are included in the Settlement Stipulation.

EXHIBIT A-1

**11.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *In re Eventbrite, Inc. Securities Litigation*, No. 5:19-cv-02019-EJD (N.D.Cal.)" and (B) states the date, number of shares and dollar amount of each purchase or acquisition of Eventbrite securities during the Settlement Class Period, the dates, number of shares, and dollar amounts of any sale transactions, as well as the number of shares of Eventbrite securities held by you as of May 1, 2019. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of the Eventbrite securities. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than _____ __, 2020**, to the Claims Administrator at the following address:

[_____]

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.     If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in this Notice to exclude yourself, you give up any right to sue Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.     Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. and Glancy, Prongay & Murray LLP as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. and Glancy, Prongay & Murray LLP is provided below.

**14.     How will the lawyers be paid?**

9

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed twenty-five percent plus interest on the Settlement Amount ($475,000), reimbursement of litigation expenses of no more than $50,000 and an award to Plaintiffs not to exceed $3,500 each, or $14,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.     How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Eventbrite, Inc. Securities Litigation*, No. 5:19-cv-02019-EJD (N.D.Cal.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of Eventbrite securities during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than _____ __, 2020**:

Clerk of the Court                                                    *Lead Counsel:*
United States District Court
Northern District of California
Robert F. Peckham Federal Building
& United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

10

EXHIBIT A-1

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Email: info@rosenlegal.com

**OR**

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Email: info@glancylaw.com

| *Counsel for the Eventbrite Defendants:* | *Counsel for Underwriter Defendants:* |
|---|---|
| COOLEY, LLP<br>Patrick E. Gibbs<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130 | MORRISON FOERSTER LLP<br>Anna Erickson White<br>425 Market Street<br>San Francisco, CA 94105 |

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2020, at __:__ _.m., at the United States District Court, Northern District of California, 280 South 1st Street, Courtroom 4-5th Floor, San Jose, CA 95113. The Court may also hold the hearing remotely by telephone and/or video. Information about the hearing will be posted on the Claims Administrator's website.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award Plaintiffs.

**18.    Do I have to come to the hearing?**

11

EXHIBIT A-1

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased, otherwise acquired, or sold Eventbrite securities for the beneficial interest of a person or organization other than yourself, (a) pursuant or traceable to the Company's September 20, 2018 IPO; and/or (b) between September 20, 2018 and May 1, 2019, both dates inclusive, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such Eventbrite securities during such time period or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of the Eventbrite securities. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Postcard Notice mailed, or $0.05 per name and address provided to the Claims Administrator.. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED:                                        _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA

EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

IF YOU PURCHASED OR OTHERWISE ACQUIRED EVENTBRITE, INC. ("EVENTBRITE") SECURITIES: (A) PURSUANT OR TRACEABLE TO EVENTBRITE'S IPO; OR (B) BETWEEN SEPTEMBER 20, 2018 AND MAY 1, 2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE DEFENDANTS, EVENTBRITE'S OFFICERS AND DIRECTORS, THEIR IMMEDIATE FAMILY MEMBERS, AND ENTITIES IN WHICH SUCH EXCLUDED PERSON HOLD A CONTROLLING INTEREST. ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE THOSE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND PERSONS WITH NO COMPENSABLE DAMAGES).

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM BY 11:59 P.M. EST ON _____, 2020 AT [_____].

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS CLAIM FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2020 TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

[_____]

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2020 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT, INCLUDING ALL RELEASES IN THE SETTLEMENT AGREEMENT, UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A CLAIM FORM DOES NOT ENSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

EXHIBIT A-2

## CLAIMANT'S STATEMENT

1.  I (we) purchased Eventbrite, Inc. ("Eventbrite") securities during the Settlement Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase Eventbrite during the Settlement Class Period.)

2.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of Eventbrite securities during the Settlement Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Eventbrite securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may request additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation and Agreement of Settlement ("Settlement Stipulation").

622381.1                                           -2-

EXHIBIT A-2

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties", "Released Claims", and "Unknown Claims" are defined in the Settlement Stipulation.

10. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

11. NOTICE TO INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at [_____] or visit their website at [_____] to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

12. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at [_____]. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at [_____] or [_____]. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

EXHIBIT A-2

## I. CLAIMANT INFORMATION

| Name: |
| --- |
| |

| Address: |
| --- |
| |

| City | State | ZIP |
| --- | --- | --- |
| | | |

| Foreign Province | Foreign Country |
| --- | --- |
| | |

| Day Phone | Evening Phone |
| --- | --- |
| | |

| Email |
| --- |
| |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
| --- | --- | --- |
| | | |

## II. SCHEDULE OF TRANSACTIONS IN EVENTBRITE, INC. SECURITIES

### Purchases/Acquisitions:

A.  Separately list each and every purchase or acquisition of Eventbrite securities purchased in Eventbrite's IPO _or_ between September 20, 2018 and May 1, 2019, both dates inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |

### Sales:

C.  Separately list each and every sale of Eventbrite securities between September 20, 2018 and May 1, 2019, both dates inclusive, and provide the following information (*must be documented*):

EXHIBIT A-2

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of shares of Eventbrite securities held at the close of trading on July 30, 2019 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.   The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Eventbrite securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

EXHIBIT A-2

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.) Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)


Date: _____

622381.1                                                    -6-

-7-

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at [_____] or by email at [_____].

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page 6. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| IN RE EVENTBRITE, INC. SECURITIES LITIGATION, | Master File No. 5:19-cv-02019-EJD<br><br>CLASS ACTION |
| This Document Relates To: All Actions | |

**SUMMARY NOTICE OF PENDENCY AND**
**PROPOSED CLASS ACTION SETTLEMENT**

**TO:    ALL PERSONS WHO PURCHASED OR ACQUIRED PUBLICLY TRADED EVENTBRITE, INC. ("EVENTBRITE") SECURITIES PURSUANT OR TRACEABLE TO EVENTBRITE'S INITIAL PUBLIC OFFERING ("IPO") OR BETWEEN SEPTEMBER 20, 2018 AND MAY 1, 2019, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on _____, 2020, at __:__ _.m. before the Honorable Edward J. Davila, United States District Judge of the Northern District of California, 280 South 1st Street, Courtroom 4-5th Floor, San Jose, CA 95113, or telephonically or by videoconference, to determine: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $1,900,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to twenty-five percent plus interest of the Settlement Amount, reimbursement of expenses of not more than $50,000 and an incentive payment of no more than $3,500 to each Plaintiff, or $14,000 in total, should be approved; and (4) whether this Action

1

should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement dated July 29, 2020 (the "Settlement Stipulation").

If you purchased or otherwise acquired Eventbrite securities pursuant or traceable to its IPO or between September 20, 2018, and May 1, 2019, both dates inclusive, your rights will be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Eventbrite securities. You may obtain a detailed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and a copy of the Proof of Claim and Release Form, by writing to or calling the Claims Administrator at Eventbrite, Inc. Securities Litigation, c/o [_____]; (Tel) [_____]; (Fax) [_____]; [_____]. You can also download copies of the Notice and submit your Proof of Claim and Release Form online at [_____]. If you are a member of the Settlement Class, to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form electronically or postmarked no later than _____, 2020 to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than _____, 2020, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and awards to Plaintiffs must be in the manner

EXHIBIT A-3

and form explained in the detailed Notice and received no later than _____, 2020, by each

of the following:

| Clerk of the Court<br>United States District Court<br>Northern District of California<br>Robert F. Peckham Federal Building<br>& United States Courthouse<br>280 South 1st Street, Room 2112<br>San Jose, CA 95113 | *Lead Counsel:*<br><br>THE ROSEN LAW FIRM, P.A.<br>Laurence M. Rosen<br>355 South Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Email: info@rosenlegal.com<br><br>**OR**<br><br>GLANCY PRONGAY & MURRAY LLP<br>Kara M. Wolke<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Email: info@glancylaw.com |
| *Counsel for the Eventbrite Defendants:*<br><br>COOLEY, LLP<br>Patrick E. Gibbs<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130 | *Counsel for Underwriter Defendants:*<br><br>MORRISON FOERSTER LLP<br>Anna Erickson White<br>425 Market Street<br>San Francisco, CA 94105 |

If you have any questions about the Settlement, you may call or write to Lead Counsel:

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Email: info@rosenlegal.com
Phone: (213) 785-2610

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Email: info@glancylaw.com
Phone: (310) 201-9150

EXHIBIT A-3

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**


Dated: _____, 20____          _____
                                            BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT FOR THE NORTHERN
                                            DISTRICT OF CALIFORNIA

4

Eventbrite, Inc. Securities Litigation

c/o [_____]

Case No. 5:19-cv-02019 (N.D.Cal.)

Case Pending in the United States
District Court for the Northern District
of California

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

**Court-Ordered Legal Notice
Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*(Eventbrite, Inc. Securities Litigation, Case No. 5:19-cv-02019-EJD (N.D. Cal.))*

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT [_____] OR CALL [_____] FOR MORE INFORMATION.*

The United States District Court for the Northern District of California ("Court") has preliminarily approved a proposed Settlement of claims against Eventbrite, Inc. ("Eventbrite"), several of its officers and directors, and its underwriters for Eventbrite's September 20, 2018 Initial Public Offering ("IPO") ("Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants allegedly made misrepresentations and/or omissions of material fact in various public statements to the investing public concerning Eventbrite's business operations. Defendants deny the allegations.

You received this notice because you may have purchased or acquired publicly traded Eventbrite securities pursuant or traceable to Eventbrite's IPO or between September 20, 2018 and May 1, 2019, inclusive, and thus you are a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund of $1,900,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Claim Forms") showing compensable losses. For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Claim Form by visiting the website:[_____]. You may also request copies of the Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: Eventbrite, Inc. Securities Litigation, c/o [_____]; (2) call toll free: [_____]; (3) fax: [_____]; or (4) email: [_____].

To qualify for payment, you must submit a Proof of Claim, which can be found on the website [_____]. YOU SHOULD SUBMIT YOUR PROOF OF CLAIM ELECTRONICALLY AT [_____]BY 11:59 P.M ON ___, 2020. If you cannot submit a proof of claim electronically, you should mail your claim to In re Eventbrite, Inc. Securities Litigation, C/0[_____]. If you do not want to be legally bound by the Settlement, you must exclude yourself by ____ __, 2020. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____ __, 2020. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on _____ __, 2020 at __:__ _.m. at the United States District Court for the Northern District of California, 280 South 1st Street, Courtroom 4-5th Floor, San Jose, CA 95113, or telephonically or by videoconference, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to twenty-five percent of the Settlement Fund for their attorneys' fees, plus up to $50,000 in expenses, and Awards to Plaintiffs of no more than $14,000 in total, for litigating the cases and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free [_____], or visit the website [_____].

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE EVENTBRITE, INC. SECURITIES LITIGATION,

This Document Relates To: All Actions

Master File No. 5:19-cv-02019-EJD

<u>CLASS ACTION</u>

**[PROPOSED] ORDER AND FINAL JUDGMENT**

On the _____ day of _____, 2020, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated July 29, 2020 (the "Settlement Stipulation") for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Parties are fair, reasonable and adequate, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award Plaintiffs incentive fees; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated _____, 20___ ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and the Notice of Pendency and Proposed Settlement of Class Action ("Notice") posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice of Pendency and Proposed Class Action Settlement substantially in the form approved by the Court in the Preliminary Approval Order was

[PROPOSED] ORDER AND FINAL JUDGMEWNT
2:18-CV-01758- APG-BNW

published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     This Order and Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.     The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Defendants.

3.     The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a)     the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b)     there are questions of law and fact common to the Settlement Class;

(c)     Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent;

(d)     Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e)     questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i.      the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

ii.     the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

iii.    the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

iv.    the difficulties likely to be encountered in the management of the class

EXHIBIT B

action.

The Settlement Class is being certified for settlement purposes only.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons and entities that purchased or acquired the publicly traded securities of Eventbrite, Inc.: (a) pursuant or traceable to Eventbrite's registration statement and prospectus ("Registration Statement") issued in connection with the Company's September 20, 2018 initial public offering ("IPO"); or (b) purchased or otherwise acquired Eventbrite securities between September 20, 2018 and May 1, 2019, both dates inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Class are Defendants, Eventbrite's officers and directors, their immediate family members, and entities in which such excluded person, alone or with its respective affiliates, is a majority owner or holds a majority beneficial interest. Also excluded are Settlement Class Members who filed valid and timely requests for exclusion in accordance with this Preliminary Approval Order and persons having no compensable damages. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, The Rosen Law Firm, P.A. and Glancy, Prongay & Murray LLP, previously selected by Plaintiffs and appointed by the Court are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Section 27(a)(7) of the Securities Act of 1933, as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such

EXHIBIT B

Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

6.      The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representative, Settlement Class Members and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

7.      The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

8.      The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of

the Settlement Stipulation or this Order and Final Judgment.

9.    To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

10.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

11.    The Court finds that all Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

12.    Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)    is or may be deemed to be an admission, concession, or evidence, of the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of the Defendants, the Released Parties, or any of them;

(b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault, misrepresentation, omission with respect to any statement or written document attributed to, or approved or made by any of the Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)    is or may be deemed to be or shall be used, offered or received against the Parties, Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

13.    The Released Parties may file the Settlement Stipulation and this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

14.    Except as otherwise provided herein or in the Settlement Stipulation, all funds held

by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

15.     Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

16.     Without further order of the Court, the Defendants and Class Representative may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

17.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of attorneys' fees and expenses or an award to the Class Representative.

19.     Class Counsel are hereby awarded attorneys' fees of_____% of the Settlement Amount, or $_____, which the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Class Counsel or any other person in connection with the allocation of attorneys' fees and expenses. Class Representatives are hereby awarded $_____ each, which the Court finds to be fair and reasonable.

20.     If the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any

EXHIBIT B

Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed prior to July 29, 2020, pursuant to the terms of the Settlement Stipulation.

Dated: _____, 2020

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE