**COTCHETT, PITRE & MCCARTHY LLP**
MARK C. MOLUMPHY (SBN 168009)
TYSON C. REDENBARGER (SBN 294492)
ELLE LEWIS (SBN 238329)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:     (650) 697-6000
Facsimile:     (650) 697-0577
E-mail:        mmolumphy@cpmlegal.com
               tredenbarger@cpmlegal.com
               elewis@cpmlegal.com

**BOTTINI & BOTTINI, INC.**
FRANCIS A. BOTTINI, JR. (SBN 175783)
YURY A. KOLESNIKOV (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:     (858) 914-2001
Facsimile:     (858) 914-2002
E-mail:        fbottini@bottinilaw.com
               ykolesnikov@bottinilaw.com

*Counsel for Proposed Intervenors and*
*California State Court Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE EVENTBRITE INC. SECURITIES LITIGATION | Master File No. 5:19-cv-02019-EJD |
| This Document Relates To: All Actions | <u>Class Action</u> |
| | **CALIFORNIA STATE COURT PLAINTIFFS' NOTICE OF MOTION AND MOTION TO INTERVENE AND TO CONTINUE HEARING ON MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | Date:        October 29, 2020 |
| | Time:        9:00 a.m. |
| | Courtroom:   4, 5th Floor |
| | Judge:       Hon. Edward J. Davila |

**Table of Contents**

NOTICE OF MOTION ………………………………………………………………………1

MEMORANDUM OF POINTS AND AUTHORITIES ……………………………………...2

I.      ISSUES PRESENTED .................................................................................................. 2

II.     INTRODUCTION ........................................................................................................ 2

III.    BACKGROUND.......................................................................................................... 4

        A.      The Federal Action.......................................................................................... 4

        B.      The State Court Action .................................................................................... 4

        C.      The Secret Settlement and Preliminary Approval Motion............................. 6

        D.      Differences in Potential Damages................................................................... 7

IV.     ARGUMENT................................................................................................................ 8

        A.      The California State Court Plaintiffs Should Be Granted Intervention
                as of Right Under Rule 24(a) .......................................................................... 8

                1.      The California State Court Plaintiffs Have a Significantly Protectable
                        Interest in This Action ........................................................................ 8

                2.      The Proposed Settlement Will Impair or Impede the California State
                        Court Plaintiffs' Ability to Protect Their Interests...................................... 9

                3.      The Motion to Intervene Is Timely ........................................................ 10

                4.      The California State Court Plaintiffs' Interests Are Not Adequately
                        Protected by the Federal Plaintiffs.............................................................. 11

        B.      The California State Court Plaintiffs Should Be Granted
                Permissive Intervention Under Rule 24(b)...................................................... 12

                1.      There Is No Improper Expansion of Jurisdiction Because This Court's
                        Jurisdiction Is Premised on Federal Question......................................... 12

                2.      The California State Court Plaintiffs Share Common Questions of
                        Law or Fact with Those Asserted in This Action ..................................... 13

                3.      Granting Permissive Intervention Will Not Unduly Delay or
                        Prejudice the Adjudication of the Original Parties' Rights ...................... 14

        C.      The Court Should Continue the Hearing on the Motion for Preliminary
                Approval Until After the State Court Rules on the Viability of the
                California State Court Plaintiffs' Second Amended Complaint ................. 15

V.      CONCLUSION.................................................................................................... 16

i

Motion to Intervene and to Continue Hearing        Master File No. 5:19-cv-02019-EJD

# Table of Authorities

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.,*
        966 F.2d 470 (9th Cir. 1992) ................................................................................... 15

*California ex rel. Lockyer v. United States,*
        450 F.3d 436 (9th Cir. 2006) ..................................................................................... 8

*Citizens for Balanced Use v. Mont. Wilderness Ass'n,*
        647 F.3d 893 (9th Cir. 2011) ......................................................................... 8, 11, 12

*Cnty. of Fresno v. Andrus,*
        622 F.2d 436 (9th Cir. 1980) ..................................................................................... 8

*Cunningham v. David Special Commitment Ctr.,*
        158 F.3d. 1035 (9th Cir. 1998) ................................................................................. 9

*Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.,*
        642 F.3d 728 (9th Cir. 2011) ................................................................................... 14

*Donnelly v. Glickman,*
        159 F.3d 405 (9th Cir. 1998) ..................................................................................... 8

*Freedom from Religion Found., Inc. v. Geithner,*
        644 F.3d 836 (9th Cir. 2011) .............................................................................. 12, 13

*In re Estate of Ferdinand E. Marcos Human Rights Litig.,*
        536 F3d 980 (9th Cir. 2008) ...................................................................................... 8

*Kootenai Tribe of Idaho v. Veneman,*
        313 F.3d 1094 (9th Cir. 2002) ................................................................................. 13

*League of United Latin Am. Citizens v. Wilson,*
        131 F.3d 1297 (9th Cir. 1997) ................................................................................. 10

*United States v. Alisal Water Corp.,*
        370 F.3d 915 (9th Cir. 2004) ..................................................................................... 8

*United States v. Carpenter,*
        298 F.3d 1122 (9th Cir. 2002) ................................................................................. 10

*United States v. City of L.A.,*
        288 F.3d 391 (9th Cir. 2002) ............................................................................... 9, 10

**Rules**

Fed. R. Civ. P. 24 ............................................................................................... *passim*

Motion to Intervene and to Continue Hearing        Master File No. 5:19-cv-02019-EJD

## NOTICE OF MOTION AND MOTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

**PLEASE TAKE NOTICE** that on October 29, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Court, in the courtroom of the Honorable Edward J. Davila, Courtroom 4, 5th Floor, United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, Crystal L. Clemons and Christina Cotte, plaintiffs in related state-court action captioned *In re Eventbrite, Inc. Securities Litigation*, Lead Case No. 19CIV02798 (Cal. Super. Ct., Cnty. of San Mateo), will and hereby do move this Court for an order:

1.     allowing them to intervene under Federal Rule of Civil Procedure 24;

2.     continuing the hearing on the motion for preliminary approval of settlement; and

3.     granting such further and other relief as the Court deems just and proper.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the supporting declaration of Mark C. Molumphy with exhibits, and all papers and proceedings in this action.

Dated:  September 24, 2020

Respectfully submitted,

COTCHETT, PITRE & McCARTHY, LLP

 _/s/ *Mark C. Molumphy* _____
Mark C. Molumphy
Tyson C. Redenbarger
Elle Lewis

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Yury A. Kolesnikov

*Counsel for the Proposed Intervenors and California State Court Plaintiffs*

1

Motion to Intervene and to Continue Hearing          Master File No. 5:19-cv-02019-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   ISSUES PRESENTED

1.     Should the Court allow Ms. Clemons and Ms. Cotte ("California State Court Plaintiffs" or "State Court Plaintiffs"), who are Eventbrite shareholders impacted by the proposed settlement and whose interests are not adequately represented in this action, to intervene for the purpose of requesting a continuance of the hearing on the Motion for Preliminary Approval of Settlement (the "Motion") (Dkt. No. 62.)?

2.     Should the Court continue the hearing on the Motion until after the California State Court rules on any demurrer to the California State Court Plaintiffs' second amended complaint?

### II.   INTRODUCTION

While the State Court Plaintiffs were actively litigating their case in San Mateo Superior Court ("California State Court"), having successfully defeated demurrers to certain portions of their claims, and in the midst of court-supervised negotiations regarding discovery necessary to amend their claims, a secret process was occurring in this case.  Literally without any notice to the State Court Plaintiffs (or the State Court), Defendants and the Federal Plaintiffs secretly negotiated a settlement that purports to resolve all claims, including those asserted by the State Court Plaintiffs.

If this weren't troubling enough, the Federal Plaintiffs – who did little in this case – now want to push forward with a motion seeking preliminary approval of the settlement and justify the paltry negotiated settlement by falsely describing the status of proceedings, implying the State Court action was dismissed even with the benefit of discovery.  Dkt. No. 62 at 1.  **That is untrue**.  The State Court Plaintiffs' claims have not been dismissed; in fact, San Mateo County Superior Court Judge Marie S. Weiner (who is presiding over the State Court Action) **upheld** plaintiffs' standing under § 12(a)(2) of the Securities Act of 1933 ("Securities Act"), plaintiffs' allegations of "seller" liability under § 12(a)(2), as well as "control person" allegations under § 15 of the Securities Act. Judge Weiner also granted State Court Plaintiffs leave to amend their complaint and

2

allowed the State Court Plaintiffs to take further discovery.

Just yesterday, September 23, 2020, after learning of the secret settlement, Judge Weiner lifted all stays and ordered Eventbrite to produce thousands of pages of highly relevant e-mails and related e-documents **by October 16, 2020**.  *See* Declaration of Mark C. Molumphy filed in support of this motion ("Molumphy Decl."), Ex. 3 at 2.  Notably, Judge Weiner described the assertions in the Motion, relating to the status of the State Court Action, as misleading.  *Id*. at 11.

With the class's interests in mind, State Court Plaintiffs asked the Federal Plaintiffs to continue the hearing on preliminary approval of their settlement for a short period, until the State Court ruled on any challenges to the amended complaint.  The logic was simple: if the Federal Plaintiffs believed that the viability of claims in the State Court Action impacted settlement, it made sense for motions in the State Court Action to be decided first.  The Federal Plaintiffs refused.

Accordingly, Plaintiffs move to intervene and ask this Court to defer any consideration of the Federal Plaintiffs' Motion until after the State Court rules on any demurrer to the California State Court Plaintiffs' forthcoming second amended complaint.  Simply put, both this Court and the Eventbrite stockholders on whose behalf this action is prosecuted deserve to know whether the California State Court Plaintiffs' claims are upheld in the State Court Action *before* any decision is reached on the motion for preliminary approval of the proposed settlement. At the very least, Eventbrite stockholders deserve to be provided with accurate information about the pendency of the State Court Action, instead of the self-serving and misleading statements that appear in the Federal Plaintiffs' Motion.

In the alternative, in light of the substantial available damages and the valuable claims being released by the Federal Plaintiffs who have not even had the benefits of discovery, the Court would also be within its discretion to deny the Federal Plaintiffs' motion for preliminary approval outright as not being fair, adequate, or reasonable.

3

## III.    BACKGROUND

Both this action and the State Court Action arise out of Eventbrite's failed initial public offering ("IPO"). Plaintiffs in both actions allege that the Registration Statement and Prospectus issued in connection with the IPO (collectively, the "Offering Documents") were false and misleading. The two actions, however, assert varying claims subject to vastly different pleading standards.

### A.    The Federal Action

In this action, the Federal Plaintiffs assert two types of claims: (1) securities *fraud* claims in violation of § 10(b) and § 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder; and (2) strict-liability securities claims in violation of § 11 and § 15 of the Securities Act. Unlike Securities Act claims, Exchange Act claims are subject to the heightened-pleading standard under **both** Federal Rule of Civil Procedure 9(b) **and** the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* Dkt. No. 59 at 13.

On April 28, 2020, this Court granted Defendants' motion to dismiss with leave to amend. Dkt. No. 59. In doing so, the Court specifically observed that because the Federal Plaintiffs alleged a "unified course of conduct," their claim for violation of § 11 of the Securities Act (normally subject to notice pleading) "sounded in fraud" and, as a result, was subject to the heightened pleading standard under Rule 9(b). *Id.* at 24.

Despite leave, the Federal Plaintiffs did not file an amended complaint.

### B.    The State Court Action

Ms. Clemons and Ms. Cotte are named plaintiffs in the State Court action, which is a consolidated action pending in Superior Court of the State of California for the County of San Mateo, assigned for all purposes to Judge Marie Weiner. Their action asserts claims for violation of §§ 11, 12(a)(2), and 15 of the Securities Act on behalf of all individuals and entities that purchased or acquired Eventbrite shares pursuant to or traceable to Eventbrite's IPO. Molumphy Decl. Ex. 1, at 4-5.

4

Motion to Intervene and to Continue Hearing          Master File No. 5:19-cv-02019-EJD

Since commencing the State Court Action, the California State Court Plaintiffs have vigorously prosecuted the claims by, among other things, pursuing discovery, which is not stayed. *See, e.g.*, Molumphy Decl., Ex. 3 at 4–11 (summarizing the California State Court Plaintiffs' extensive efforts to obtain discovery and Defendants seriatim attempts to resist discovery). As a result of their efforts, on September 23, 2020, Judge Weiner issued an order compelling Eventbrite to produce highly-relevant e-mails and related e-documents by October 16, 2020. *Id.* at 2. Judge Weiner also ordered defendants Sequoia Capital and Tiger Global (who are not parties to this action) to produce certain internal communications by October 6, 2020. *Id.* at 1–2. These e-mails and internal communications will allow the California State Court Plaintiffs to substantially bolster their allegations.

Moreover, Judge Weiner has already upheld the California State Court Plaintiffs' allegations of "seller" liability under § 12(a)(2) and "control person" liability under § 15 against certain defendants. *See* Molumphy Decl., Ex. 1 at 13–34. Judge Weiner also provided the California State Court Plaintiffs with leave to amend other claims, and deferred setting a date for the filing of the second amended complaint until resolution of the discovery disputes regarding ESI discovery.

As set forth in Judge Weiner's recent September 23 order, the parties to the State Court action have spent countless hours recently (in June and July of this year), including participating in several informal discovery conferences, in an attempt to narrow the scope of e-discovery that Defendants are required to produce to the California State Court Plaintiffs. *See* Molumphy Decl., Ex. 3 at 9–11. These efforts included the parties' agreement on the custodians to be search as well as the "painstaking[]" discussions "word by word, term by term" of proposed search terms. *Id.* at 10–11. Throughout these discussions, Eventbrite concealed from Judge Weiner and the California State Court Plaintiffs the fact that it had agreed to the settlement in principle in this action.

Judge Weiner's September 23, 2020, order makes clear that Eventbrite cannot shirk its discovery obligations on the basis of the secret settlement negotiated with the Federal

5

Motion to Intervene and to Continue Hearing        Master File No. 5:19-cv-02019-EJD

Plaintiffs, who had no bargaining leverage. *Id*. To that end, Judge Weiner has ordered Eventbrite to produce relevant e-mails and related e-documents by October 16, 2020. *Id*. at 2.

### C. The Secret Settlement and Preliminary Approval Motion

The Federal Plaintiffs recently filed a motion for preliminary approval, revealing for the first time, the proposed settlement that compromises valuable shareholder claims *for pennies on the dollar*. Dkt. No. 62. To make matters worse, the small settlement releases all claims, even those not alleged in the Federal Case, and despite the fact that those claims are being vigorously prosecuted in the related State Court Action.

The amount of the settlement is not the only unfair aspect of the deal. Federal Plaintiffs and Defendants also secretly negotiated their settlement without a mediator, and without providing any prior notice to the State Court Plaintiffs or Judge Weiner. Rather, these settlement negotiations took place at the same time that Defendant Eventbrite and State Court Plaintiffs were negotiating the scope of discovery, including multiple conferences before Judge Weiner. Molumphy Decl. at ¶¶5-9. Despite the ongoing communications, Defendant Eventbrite concealed the settlement until the final hour, at which time Eventbrite refused to provide any discovery and sought to stay the State Case. *Id.* ¶10. Federal Plaintiffs then misleadingly argued to this Court that State Court Plaintiffs' complaint was dismissed with the full benefit of discovery, when in fact certain claims were not dismissed, critical email discovery was forthcoming, and Plaintiffs were granted leave to amend with the benefit of this additional discovery. Molumphy Decl. Exs. 1, 3.

On September 10, 2020, after learning of the settlement, the California State Court Plaintiffs' counsel emailed the Federal Plaintiffs' counsel and Defendants' counsel and informed them that the state case was not dismissed, that State Court Plaintiffs were in the process of obtaining discovery, and that an amended complaint would be filed. Molumphy Decl. Ex 2. State Court Plaintiffs requested the Federal Plaintiffs voluntarily defer any hearing on a motion for preliminary approval until after Judge Weiner ruled

6

Motion to Intervene and to Continue Hearing      Master File No. 5:19-cv-02019-EJD

on any demurrer to the amended complaint. *Id.* The Federal Plaintiffs refused. *Id.*

### D.    Differences in Potential Damages

Section 11(e) of the Securities Act provides the statutory formula for calculating damages, which is the difference between "the amount paid for the security" (not exceeding the IPO price) and either (1) "the value thereof *as of the time [the] suit is brought*" or (2) the price at which such security was sold prior to suit or (3) the price at which the security was sold after suit was brought (if the price is higher than the value of the security at the time the suit was brought). 15 U.S.C. § 77k(e).

As the statutory formula in § 11(e) makes clear, the value of the security *as of the time the suit is brought* is crucial because it can greatly impact the amount of available damages. That is the case here. Specifically, the first federal action was filed on April 15, 2019, *before a substantial drop in Eventbrite's stock price following May 1, 2020 disclosures*. *See* Dkt. No. 40 at ¶¶ 16, 117–118 (alleging corrective disclosures on May 1, 2020, which resulted in a $6.55 drop in Eventbrite share price on unusually high trading volume). Accordingly, the damages per share in this action are limited by the share price as of April 15, 2019 ($20.93 per share). As the Federal Plaintiffs acknowledge, their maximum § 11 damages are $33.5 million. *See* Dkt. No. 63 at ¶ 21. In contrast, Eventbrite shares were trading at *$16.14 per share* when the first action in State Court was filed on May 24, 2019, as opposed to $20.93 per Class A share at the time of the initial Federal suit, resulting in higher potential maximum § 11 damages of *between $67.2 million and $73.4 million*. *See* Molumphy Decl., Ex. 4 at ¶¶ 13–14.

The Federal Plaintiffs also severely underestimate potential § 10(b) damages. The Federal Plaintiffs, without providing any expert declaration, estimate § 10(b) damages to be $121.9 million. *See* Dkt. No. 63 at ¶ 21. In contrast, an expert retained by the California State Court Plaintiffs has calculated the potential aggregate § 10(b) damages to be between *$163 million and $206.2 million*. *See* Molumphy Decl., Ex. 4 at ¶ 18. Indeed, as observed by the expert, the Federal Plaintiffs' estimate of $121.9 million "is significantly lower than any reasonably range that [he] can replicate." *Id.* at ¶ 19.

Motion to Intervene and to Continue Hearing        Master File No. 5:19-cv-02019-EJD

## IV.    ARGUMENT

### A.    The California State Court Plaintiffs Should Be Granted Intervention as of Right Under Rule 24(a)

An applicant seeking intervention as of right under Federal Rule of Civil Procedure 24(a) must show that: "(1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).  These requirements "are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

### 1.    The California State Court Plaintiffs Have a Significantly Protectable Interest in This Action

To warrant intervention as a matter of right, a movant must first show they have a "significantly protectable interest" in the action.  Such an interest is considered "significantly protectable" if it is protected under some law and is related to the plaintiff's claims.  *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (citing *Donnelly*, 159 F.3d at 409).  The Ninth Circuit has made it clear that Rule 24(a)(2) does not require a proposed intervenor's interest to be specifically legal or equitable.  *Cnty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).  Rather, the Ninth Circuit has held that a non-speculative, economic interest may be sufficient to support intervention if the interest is concrete and related to the action's underlying subject matter.  *See*, *e.g.*, *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).  In short, the "significantly protectable" interest test requires a case-by-case, fact-based analysis, and the Ninth Circuit has viewed this test as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F3d 980, 985 (9th Cir. 2008).

Motion to Intervene and to Continue Hearing        Master File No. 5:19-cv-02019-EJD

Here, there can be no question that the California State Court Plaintiffs — who are currently prosecuting claims for violation of §§ 11, 12(a)(2), and 15 of the Securities Act in State Court on behalf of the same class of Eventbrite stockholders — have a "significantly protectable" interest in this matter.  They are pursuing some of the very same claims that the Federal Plaintiffs now seek to conditionally certify and release as part of the proposed *de minimis* settlement.  Indeed, because the Federal Plaintiffs are asserting a ***more limited*** and ***less valuable*** scope of Securities Act claims than those at issue in the State Court Action (due to lack of § 12(a)(2) claim in this action and the substantially lower maximum § 11 damages), the California State Court Plaintiffs have a manifest interest in this case and any proposed settlement.

**2.      The Proposed Settlement Will Impair or Impede the California State Court Plaintiffs' Ability to Protect Their Interests**

Intervention is appropriate when disposition of the pending action may "as a practical matter impair or impede the movant's ability to protect its interest." FED. R. CIV. P. 24(a); *Cunningham v. David Special Commitment Ctr.*, 158 F.3d. 1035, 1038 (9th Cir. 1998).  "[T]he relevant inquiry is whether [a disposition] 'may' impair rights 'as a practical matter' rather than whether the decree will 'necessarily' impair them." *United States v. City of L.A.*, 288 F.3d 391, 401 (9th Cir. 2002).

Here, the outcome of the pending motion for preliminary approval will certainly "impair or impede" the ability of the California State Court Plaintiffs to prosecute their valuable § 11 and § 12(a)(2) claims in State Court and to protect the interests of the putative Eventbrite class members.  As discussed above, the California State Court Plaintiffs are vigorously prosecuting their Securities Act claims and are set to receive highly-relevant e-mails and related e-documents on October 16, 2020, which they will use to substantially bolster the allegations of their complaint.  Moreover, the California State Court Plaintiffs assert a § 12(a)(2) claim that is not asserted in this action but as to which there are potential damages.  In addition, even with respect to potential maximum § 11 damages, the State Court Action presents a much greater recovery for the Eventbrite

9

Motion to Intervene and to Continue Hearing        Master File No. 5:19-cv-02019-EJD

shareholders, with potential maximum damages of between $67.2 million and $73.4 million, as compared to $33.5 million in this action. *See* Molumphy Decl., Ex. 4. at ¶ 14. Additionally, Defendants have attempted to refuse and delay discovery in the State Case based on the proposed settlement—such obstruction has already impaired and impeded the ability of the California State Court Plaintiffs to prosecute their case.

For all these reasons, conditional certification of the broad proposed settlement class and the requested release of Securities Act claims in exchange for a *de minimis* payment of $1.9 million (25% of which will go to attorneys' fees) may, as a practical matter, impair the California State Court Plaintiffs' and the putative class members' interests, which is all that's required. *See City of L.A.*, 288 F.3d at 401.

### 3. The Motion to Intervene Is Timely

A motion for intervention must be timely. When assessing timeliness, the Ninth Circuit considers three factors: (1) the stage of the proceedings; (2) any prejudice to existing parties; and (3) the length of, and reason for, any delay. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

Here, the motion is certainly timely. Although the parties to this action reached an agreement in principle to settle on June 17, 2020 (*see* Dkt. No. 40 at ¶ 10), they concealed the existence of the settlement in principle from the California State Court Plaintiffs until July 31, 2020. The motion for preliminary approval was later filed on August 7, 2020. Because only one month and a half has passed, the motion is timely. *See, e.g.*, *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (a motion was timely when made one month following the disclosure of the settlement).

Moreover, following Eventbrite's disclosure of the settlement on July 31, 2020, the California State Court Plaintiffs have acted diligently in expeditiously proceeding to obtain the necessary discovery to amend their complaint in State Court. Those efforts were successful, with Judge Weiner issuing an order on September 23, 2020, compelling Eventbrite to produce the requested e-mails and related e-documents. *See* Molumphy Decl., Ex. 3. This motion to intervene was filed the next day.

10

Motion to Intervene and to Continue Hearing        Master File No. 5:19-cv-02019-EJD

Moreover, on September 10, 2020, the California State Court Plaintiffs' counsel reached out to the Federal Plaintiffs' counsel and Defendants' counsel, asking them to voluntarily agree to defer the hearing on the motion for preliminary approval until after Judge Weiner rules on any demurrer to the second amended complaint. *See* Molumphy Decl., Ex. 2. The Federal Plaintiffs refused to continue the hearing. *See id.*

Moreover, there can be no claim of prejudice. As an initial matter, the Federal Plaintiffs should have been cognizant that their paltry settlement would be objectionable given the substantial damages that they are foregoing and in light of the ongoing litigation in the more-advanced State Court Action (the procedural posture of which the Federal Plaintiffs misrepresented to this Court in their moving papers). Similarly, Eventbrite was on notice that the California State Court Plaintiffs were vigorously prosecuting the related State Court Action and intend to proceed with discovery and the filling of the second amended complaint. Finally, on September 10, 2020, the California State Court Plaintiffs' counsel expressly notified the Federal Plaintiffs' counsel and Defendants' counsel of the California State Court Plaintiffs' position that the hearing on the motion for preliminary approval of settlement should be deferred until the viability of the claims in the State Court Action is determined.

Under these facts, there would be no prejudice in allowing the California State Court Plaintiffs to intervene. On the contrary, denial of intervention would prejudice both the California State Court Plaintiffs as well as the putative class of Eventbrite shareholders on whose behalf this action is prosecuted.

### 4. The California State Court Plaintiffs' Interests Are Not Adequately Protected by the Federal Plaintiffs

With regard to the final element, "[t]he burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d. at 898.

In evaluating adequacy of representation, [the Court] examine[s] three factors: (1) whether the interest of a present party is such that it will

Motion to Intervene and to Continue Hearing          Master File No. 5:19-cv-02019-EJD

undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* "The 'most important factor' in assessing the adequacy of representation is how the interest compares with the interests of existing parties." *Id.*

Here, the California State Court Plaintiffs meet their minimal burden by showing that the Federal Plaintiffs have an interest *adverse* to theirs (as confirmed by the low-ball settlement and broad releases) and that they are *not* willing to defer the hearing on the motion for preliminary approval to fully evaluate the claims in the State Court case. Finally, given that both the Federal Plaintiffs and Defendants are interested in consummating their deficient settlement, the California State Court Plaintiffs are the only ones that can offer the Court with the reasons why the hearing should be continued and, as such, their intervention would most definitely "offer … necessary elements to the proceeding that other parties would neglect." *See id.*

**B.    The California State Court Plaintiffs Should Be Granted Permissive Intervention Under Rule 24(b)**

The Court can also exercise its discretion and allow permissive intervention under Rule 24(b).  "[P]ermissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion;[1] and (3) a common question of law and fact between the movant's claim or defense and the main action."  *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).  In exercising its discretion, the court should also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  FED. R. CIV. P. 24(b)(3).

**1.    There Is No Improper Expansion of Jurisdiction Because This Court's Jurisdiction Is Premised on Federal Question**

The requirement of "independent ground for jurisdiction" stems from the concern

---

[1] The California State Court Plaintiffs' motion to intervene is timely for the same reasons as set forth above in Part IV.A.3.

12

Motion to Intervene and to Continue Hearing        Master File No. 5:19-cv-02019-EJD

"that intervention might be used to enlarge inappropriately the jurisdiction of the district courts." *See Freedom from Religion*, 644 F.3d at 843. "This concern manifests itself most concretely in diversity cases where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction." *Id.* "The jurisdictional requirement also prevents permissive intervention from being used to destroy complete diversity in state-law actions." *Id.* These concerns, however, do ***not*** extend to federal-question cases where the proposed intervenor is not seeking to allege any new state-law claims. *See id.* at 844 ("We therefore clarify that the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims.").

Here, this Court's exercise of jurisdiction is premised on federal question and the California State Court Plaintiffs are not seeking to assert any new state-law claims over which this Court would not otherwise have jurisdiction. Rather, the California State Court Plaintiffs seek to intervene for the sole purpose of requesting that the Court continue the hearing on the motion for preliminary approval of settlement. Thus, the "independent jurisdictional grounds" requirement does not apply. *See id.*

### 2. The California State Court Plaintiffs Share Common Questions of Law or Fact with Those Asserted in This Action

Permissive intervention requires an applicant to "ha[ve] a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The existence of a common question is liberally interpreted. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108–09 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (*en banc*). All that is required is "that [the proposed intervenor's] claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe*, 313 F.3d at 1108. Unlike intervention as of right, a proposed intervenor need not specify any particular personal or pecuniary interest in the subject of the litigation. *See Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d

13

Motion to Intervene and to Continue Hearing          Master File No. 5:19-cv-02019-EJD

728, 741 (9th Cir. 2011).

Here, the California State Court Plaintiffs are asserting § 11 and § 15 claims under the Securities Act arising out of Eventbrite's IPO, which substantially overlap with the claims asserted by the Federal Plaintiffs in this action. Thus, the two actions clearly share common questions of law and fact. Indeed, the Federal Plaintiffs are now seeking to release the valuable Securities Act claims being pursued in the State Court Action (which also includes a § 12(a)(2) claim not asserted herein).

### 3.   Granting Permissive Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Original Parties' Rights

Once the conditions for granting permissive intervention are met, intervention rests in the sound discretion of the Court. In exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the original parties' rights. FED. R. CIV. P. 24(b)(3). Here, allowing intervention for the purpose of continuing the hearing on the motion for preliminary approval until any pleading challenges are resolved in the State Court Action would not *unduly* prejudice the original parties because it would only promote fairness and protect the interests of the putative class members. Nor would it *unduly* delay this action.

As discussed above, on September 23, 2020, Judge Weiner ordered Eventbrite to produce responsive documents by October 16, 2020. Assuming Eventbrite makes a complete production on October 16, 2020, the California State Court Plaintiffs should be in the position to file their second amended complaint within 30 days. If Defendants demur to the complaint, Judge Weiner is likely to consider any such pleading challenge in January 2020. Accordingly, although there will be minimal delay, there will not be any *undue* delay. In any event, any delay is the product of the woefully deficient settlement proposed by the parties, which provides mere pennies on the dollar in exchange for the release of Eventbrite stockholders' valuable Securities Act claims, as well as Eventbrite's gamesmanship in unduly delaying the California State Court Plaintiffs' attempts to

14

Motion to Intervene and to Continue Hearing       Master File No. 5:19-cv-02019-EJD

obtain relevant discovery while *concealing* the settlement in this action.[2]

### C. The Court Should Continue the Hearing on the Motion for Preliminary Approval Until After the State Court Rules on the Viability of the California State Court Plaintiffs' Second Amended Complaint

The Federal Plaintiffs use the "dismissal" of the State Court Action as a justification for their paltry settlement. *See, e.g.*, Dkt. No. 62 at 1 ("With claims against Eventbrite dismissed in state and federal court and the Company's future uncertain, the prospect that Settlement Class Members would recover anything looked dim. Yet, Lead Counsel nonetheless were able to negotiate the $1.9 million Settlement."); *id.* at 6 ("During negotiations, Settlement Class Members' chances of recovering anything diminished further when the state court dismissed the state plaintiffs' second amended complaint, which had relied on discovery."). As Judge Weiner correctly observed, this description of the State Court Action is "misleading[]." *See* Molumphy Decl., Ex. 3 at 11–12. It's misleading because, among other things, Judge Weiner upheld the California State Court Plaintiffs' standing under § 12(a)(2), "seller" allegations under § 12(a)(2), and "control person" allegations under § 15. *See id.*, Ex. 1 at 13–34. It is misleading because it suggests that the State Court Action has been fully dismissed, when, in reality, the dismissal is *with leave to amend*. *See id.*, Ex. 1 at 2. And it is particularly misleading because the California State Court Plaintiffs are painstakingly pursuing discovery — including of highly relevant e-mails — with the intention of filing a second amended complaint.

Simply put, the prospects of recovery in the State Court Action are not "dim." Rather, if anything, the State Court Action is gaining momentum, with the California State Court Plaintiffs having recently secured a crucial victory on their discovery motions,

---

[2] Because the California State Court Plaintiffs seek intervention for the limited purpose of seeking a continuance of the hearing on the motion for preliminary approval, and because the Court is well apprised of the grounds for their motion, the Court should excuse Rule 24(c)'s requirement of submitting a pleading in intervention. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion.").

15

Motion to Intervene and to Continue Hearing       Master File No. 5:19-cv-02019-EJD

with Judge Weiner compelling Eventbrite to produce requested e-mails and related e-documents by October 16, 2020, and compelling defendants Sequoia and Tiger to produce certain internal communications by October 6, 2020. *See id.*, Ex. 3 at 1–3. The California State Court Plaintiffs anticipate that these documents will significantly bolster the allegations in their forthcoming second amended complaint. Both this Court and Eventbrite shareholders deserve to know whether the valuable claims asserted in the State Court Action will survive past the pleading stage *before* any decision is reached on the motion for preliminary approval of the proposed settlement.

## V. CONCLUSION

For all the foregoing reasons, the California State Court Plaintiffs respectfully request that the Court grant their motion to intervene in this action and continue the hearing on the motion for preliminary approval of settlement until Judge Weiner rules on any demurrer to the second amended complaint.

In the alternative, the Court should require the Federal Plaintiffs and Defendants to amend the notice of the proposed settlement to identify the pendency of the State Court Action and accurately describe its procedural posture, so that Eventbrite stockholders have full information when deciding whether to opt-out or object.

Finally, in light of the substantial available damages and the valuable claims being released by the Federal Plaintiffs who have not even had the benefits of discovery, the Court would also be within its discretion to deny the Federal Plaintiffs' motion for preliminary approval outright as not being fair, adequate, or reasonable.

Dated: September 24, 2020                    Respectfully submitted,

                                             COTCHETT, PITRE & McCARTHY, LLP

                                             __/s/ Mark C. Molumphy_____
                                             Mark C. Molumphy
                                             Tyson C. Redenbarger
                                             Elle Lewis

16

Motion to Intervene and to Continue Hearing         Master File No. 5:19-cv-02019-EJD

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Yury A. Kolesnikov

*Counsel for the Proposed Intervenors and
California State Court Plaintiffs*

17