COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
HEATHER SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendants
EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO,
ANDREW DRESKIN, KATHERINE AUGUST-deWILDE,
ROELOF BOTHA, KEVIN HARTZ, SEAN P. MORIARTY,
LORRIE M. NORRINGTON, HELEN RILEY, and STEFFAN
C. TOMLINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Eventbrite, Inc. Securities Litigation<br><br>This Document Relates To:  All Actions | Master File No. 5:19-cv-02019-EJD<br><br>CLASS ACTION<br><br>**EVENTBRITE DEFENDANTS' OPPOSITION TO CALIFORNIA STATE COURT PLAINTIFFS' MOTION TO INTERVENE AND TO CONTINUE HEARING ON MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Judge:    Hon. Edward J. Davila<br>Crtm:     4, 5th Floor<br>Date:     October 29, 2020<br>Time:    9:00 a.m. |

## I. INTRODUCTION

Crystal L. Clemons and Christina Cotte ("State Plaintiffs") have made clear, from the outset, that they want no part in *this* action in *this* Court. The original complaint was filed on April 15, 2019, which triggered a statutory deadline under the Private Securities Litigation Reform Act ("PSLRA") for any Eventbrite shareholder who wanted to serve as lead plaintiff to file a motion setting forth their qualifications as to why they would best represent the putative class. ***State Plaintiffs did not file a motion to be appointed lead plaintiff***. Instead, before that deadline passed, State Plaintiffs (or their former confederates) commenced parallel actions in California state court alleging claims based on the same set of facts, which were consolidated before Judge Weiner in San Mateo County (the "State Action"). In other words, State Plaintiffs filed the State Action with full knowledge that (1) they were putative class members in a pending securities class action in this Court, and (2) they were creating parallel, duplicative lawsuits.

Fast forward to the present. Lead Plaintiffs[1] and Defendants[2] have agreed to a reasonable and fair settlement after arm's-length negotiations that will resolve all of the claims at issue in this action (alleging Exchange Act and Securities Act violations) and in the State Action (alleging Securities Act violations only). Within 48-hours of signing the settlement agreement, Eventbrite Defendants informed the State Plaintiffs (and Judge Weiner) of the settlement on July 31, 2020. A week later, Lead Plaintiffs filed their motion for preliminary approval. State Plaintiffs did not oppose that motion, and instead signaled that they intend to proceed with their claims in state court. Yet, as the date for the preliminary approval hearing approaches, Plaintiffs now seek to derail the settlement process in this Court based in large part on an order in the State Action allowing them to receive additional

---

[1] "Lead Plaintiffs" are Michael Gomes, Melvin Pastores, and Mohit Uppal.

[2] "Defendants" are Eventbrite, Inc. ("Eventbrite"), Julia Hartz, Randy Befumo, Andrew Dreskin, Katherine August-Dewilde, Roelof Botha, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, Steffan C. Tomlinson, ("Eventbrite Defendants"), Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc., now known as Truist Securities, Inc., and Stifel, Nicolaus & Company, Inc.

discovery before trying, for a third time, to plead a viable claim. State Plaintiffs' gambit should be rejected, and the preliminary approval hearing should proceed on schedule.

State Plaintiffs knew the risks inherent in pursuing parallel, duplicative litigation when they filed the State Action. In fact, Ms. Clemons has admitted as much acknowledging the fact that judgment in one action may be applied to the other is a "natural consequence" of the parallel proceedings that State Plaintiffs chose to pursue. (Declaration of Patrick E. Gibbs ("Gibbs Decl."), ¶ 6.) As members of the putative settlement class, they now have two options: opt-out of the settlement and continue pursuing their individual claims in state court, *or*, alternatively, join the settlement class, and make their objections at the proper time. They cannot, however, use a motion to intervene to get the benefit of both—*i.e.*, continuing to pursue their State Action *and* interfering with the settlement in this action. Put differently, State Plaintiffs cannot have their cake and eat it too.

Setting procedure aside, the bases upon which State Plaintiffs ask for relief are meritless. The status of the State Action was one of many factors Lead Plaintiffs identified as support for preliminarily approving the settlement; it was not "*the*" justification, as proffered by State Plaintiffs. More importantly, this Court was not misled about the status of the State Action in the preliminary approval motion. In making that argument, State Plaintiffs omit that the motion for preliminary approval expressly cites—*not once, but twice*—to Judge Weiner's June 23, 2020 order sustaining Defendants' demurrer to the first amended complaint with leave to amend. State Plaintiffs attach that order to their Motion to Intervene. (ECF No. 65-1, Ex. 1.) None of the additional detail cited by State Plaintiffs in the Motion to Intervene is inconsistent with what Lead Plaintiffs reported about the State Action in the motion for preliminary approval. Judge Weiner's order clearly sustained Defendants' demurrer to the State Plaintiff's most recent complaint. And State Plaintiffs have failed twice – even under California's liberal pleading standards – to plead a claim upon which relief can be granted despite having had access to thousands of documents produced in discovery. State Plaintiffs currently have no operative complaint on file and offer only speculation that additional discovery will enable them to cure the defects of their prior complaints.

In short, shareholders have attempted to plead Securities Act claims against Defendants on three separate occasions. Each time they have failed. Eventbrite, a company uniquely impacted by

the global pandemic, agreed to settle this case to eliminate the risk of protracted and expensive litigation. There is nothing wrong or improper about that decision. The Motion to Intervene should be denied in its entirety.

## II. RELEVANT FACTUAL BACKGROUND

This action was commenced on April 15, 2019, asserting claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, as well as Sections 11 and 15 of the Securities Act. (ECF No. 1.) That filing triggered a 60-day statutory deadline under the PSLRA for Eventbrite shareholders to move to be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Two sets of Eventbrite shareholders did so on June 14, 2019 (ECF Nos. 12, 16), but State Plaintiffs did not.[3]

Instead, William Long, a former plaintiff in the State Action, and Ms. Clemons commenced separate actions in California state court asserting claims under the Securities Act against Defendants and two venture capital firms (Sequoia Capital and Tiger Global Management) on May 24, 2019 and June 3, 2019, respectively. (Gibbs Decl., ¶ 3.) Those actions were consolidated on June 25, 2019, and State Plaintiffs filed a consolidated complaint on July 24, 2019. (*Id.*, ¶¶ 4, 7.)

On July 12, 2019, Eventbrite Defendants moved to stay the State Action arguing, among other things, that those proceedings were duplicative of this first-filed federal action because both actions were "brought on behalf of the same putative class." (*Id.*, ¶ 5.) Eventbrite Defendants also argued that the federal action "includes additional claims that are within the exclusive jurisdiction of the federal courts. . . . Thus, only the Federal Action can resolve all claims on behalf of all putative class members." (*Id.*) Ms. Clemons opposed Eventbrite Defendants' motion arguing that her duplicative

---

[3] Under the PSLRA, a rebuttable presumption exists that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii). Presumably, State Plaintiffs did not move for appointment as lead plaintiff because doing so would have been futile: their **combined** shareholdings (125 shares in total) in Eventbrite are less than each of the three Lead Plaintiffs **individually** (Gomes – 183 shares; Pastores – 150 shares; Uppal – 275 shares). (Gibbs Decl., ¶ 20.)

lawsuit created "***no risk*** of unseemly conflict" and that "[t]he possibility that one action may lead to a judgment first and then be applied as *res judicata* in another action 'is ***a natural consequence*** of parallel proceedings in courts with concurrent jurisdiction.'" (Gibbs Decl., ¶ 6 (emphasis added).) On August 20, 2019, Judge Weiner denied Eventbrite Defendants' motion to stay, and issued a case management order which permitted State Plaintiffs to take "phased" discovery "with emphasis upon initial production of standard IPO documents [and] documents regarding or reflecting 'roadshows' or other IPO presentations and solicitations." (*Id.*, ¶ 8.)

On August 23, 2019, defendants in the State Action filed demurrers to the consolidated complaint. (*Id.*, ¶ 9.) On November 13, 2019, those demurrers were sustained with leave to amend for failure to state a claim. (*Id.*, ¶ 10.) With the benefit of discovery—including thousands of emails produced by Sequoia and Tiger—State Plaintiffs filed the first amended consolidated complaint on February 10, 2020, which relied heavily on such discovery.[4] (*Id.*, ¶¶ 8, 11.) Defendants in the State Action demurred to first amended consolidated complaint on March 26, 2020. (*Id.*, ¶ 12.)

While that demurrer was pending, this Court granted Defendants' motion to dismiss Lead Plaintiffs' amended complaint, and provided until June 24, 2020 for the filing of a second amended complaint. (ECF No. 59.) As set forth in Lead Plaintiffs' preliminary approval motion, "[t]he Parties had begun settlement discussions even before Defendants' motion to dismiss was decided. The negotiations accelerated after the dismissal, and the Parties reached an agreement in principle on June 17, 2020. Thereafter, the Parties exchanged multiple drafts of the documents memorializing the Settlement, ultimately executing the Stipulation on July 29, 2020." (ECF No. 62 at 3.)

While the parties in this action were negotiating the settlement, on June 23, 2020, the defendants' demurrers to the first amended consolidated complaint in the State Action were sustained for failure to state a claim—again, with leave to amend. (Gibbs Decl, ¶ 14; ECF No. 65-1, Ex. 1.) Thereafter, through the end of July 2020, Eventbrite Defendants engaged in meet and confer discussions with State Plaintiffs and multiple informal discovery conferences with Judge Weiner regarding the scope of discovery that would be permitted prior to State Plaintiffs being required to file

---

[4] Ms. Cotte joined the State Action as a named plaintiff on February 10, 2020. (Gibbs Decl, ¶ 4.)

a second amended consolidated complaint. (Gibbs Decl., ¶ 15.) Eventbrite Defendants disclosed the fact of the settlement to State Plaintiffs and the court in the State Action on July 31, 2020, *i.e.*, within two days of signing the settlement agreement. (*Id.*, ¶ 17; Mot. at 10.)

The preliminary approval motion and settlement agreement were filed with this Court on August 7, 2020. (ECF Nos. 62, 63-1.) The preliminary approval motion accurately described the status of the State Action, noting that "on June 10, 2020, the court dismissed [State Plaintiffs' first amended consolidated complaint] in open court, as reflected in a later June 23, 2020 order," citing to Judge Weiner's case management order dated June 23, 2020. (ECF No. 62 at 2; *see also id.* at 8.) The settlement agreement defined the "Settlement Class" as "all persons and entities that purchased or otherwise acquired Eventbrite, Inc. securities: (a) pursuant or traceable to Eventbrite's registration statement and prospectus ('Registration Statement') issued in connection with the [Eventbrite's] September 20, 2018 initial public offering ('IPO'); or (b) between September 20, 2018 and May 1, 2019, both dates inclusive (the 'Class Period'), and were damaged thereby," which encompasses the State Plaintiffs. (ECF No. 63-1 at 9.) The settlement agreement also includes a release that covers the Securities Act claims at issue in both this action and the State Action, as well as a release that covers the Exchange Act claims only at issue in this action. (*Id.* at 8.)

The deadline for shareholders, including State Plaintiffs, to file oppositions to the preliminary approval motion was August 21, 2020. (ECF No. 62.) No oppositions were filed. (ECF No. 64.) Instead, State Plaintiffs went to Judge Weiner claiming that Lead Plaintiffs misled this Court about the status of the State Action, and, based on their characterizations of the preliminary approval motion, induced her to order onerous email discovery from Eventbrite. (Gibbs Decl., ¶¶ 18–19.) A day after receiving that order, State Plaintiffs filed the Motion to Intervene. (ECF No. 65.)

### III. INTERVENTION IS IMPROPER

Intervention is not the appropriate mechanism for putative class members—like State Plaintiffs—to challenge a proposed settlement in federal court after a motion for preliminary approval has been filed.[5] To the extent State Plaintiffs believe the settlement is unfair, their proper recourse is

---

[5] In fact, **not one** of the cases cited in State Plaintiffs' Motion to Intervene support such procedure.

to *either* opt-out and proceed with their State Action on an individual basis *or* participate in the settlement and file objections thereto:

> [I]ntervention is not necessary to prevent their claims from being settled without their input. Nor is intervention the only way to contest the fairness of the settlement. . . . Proposed Intervenors may simply choose not to join this action and they will not be bound by it. . . . Alternatively, should Proposed Intervenors choose to join this settlement, but also wish to object to it, they may voice their concerns in writing and in person at the fairness hearing.

*Doe v. Cin-Lan, Inc.*, 2011 WL 37970, at *2–3 (E.D. Mich. Jan. 5, 2011).

Indeed, courts ***routinely*** deny intervention by putative class members where they "can adequately protect their interests via the Rule 23 [opt-out] mechanisms." *Cody v. SoulCycle, Inc.*, 2017 WL 8811114, at *4 (C.D. Cal. Sept. 20, 2017); *see also Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *5–6 (N.D. Cal. Apr. 23, 2014) ("Intervention is not warranted here because . . . Putative Interveners . . . may object to the settlement during the hearings on motions for preliminary or final approval, or they may opt out of the class and pursue their claims separately."); *Cohorst v. BRE Props., Inc.*, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011) (denying motion to intervene where proposed intervenor could "opt-out of the class and pursue her own damages action against Defendants . . . [or] raise any objections to the settlement at the time of the Final Hearing"); *Lane v. Facebook, Inc.*, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009) ("Proposed Intervenors . . . have failed to establish that their rights to raise these issues are not adequately protected through the process for submitting objections that will follow upon preliminary approval of the settlement agreement."); *Cicero v. Directv, Inc.*, 2010 WL 11463634, at *2 (C.D. Cal. Mar. 2, 2010) (finding no showing of any "impairment or impediment to their ability to protect their interest" and denying motion to intervene where "the proposed settlement terms make clear that any class member has the right to opt out and object before final approval"); *Alaniz v. Cal. Processors, Inc.*, 73 F.R.D. 269, 289 (N.D. Cal. 1976) ("Although the Intervenors, as potential members of the class, undoubtedly may claim an interest in the subject matter of the action . . . the ability to opt out precludes the Intervenors from satisfying the impairment-of-interest test."); *Grilli v. Metro. Life Ins. Co.*, 78 F.3d 1533, 1536–38 (11th Cir. 1996) (affirming denial of intervention in class action because interveners could object to the settlement or opt out); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 605–06 (W.D.N.Y. 2011) ("The

proposed intervenors' interests in this action can be fully protected at the fairness hearing for final approval of the settlement" and "any class members who do not want to be bound by the settlement will be given an opportunity to opt out and pursue their own claims separately."); *In re DHB Indus., Inc.*, 2007 WL 2907262, at *2 (E.D.N.Y. Sept. 30, 2007) ("Bedik's interests are not impaired or impeded because she has the right to object to and opt out of the settlement.").[6]

If State Plaintiffs believed the settlement was unfair, their first recourse was to file an opposition to the motion for preliminary approval. Tellingly, they did not do so. (*See* ECF No. 64.) Notwithstanding that failure, as putative members of the settlement class, State Plaintiffs still have two remaining options for purportedly protecting their interests: they can opt-out of the settlement and continue pursuing the State Action *or* they join in the settlement and object to its terms.[7] Intervention is unnecessary and should be denied consistent with the clear weight of authority set forth herein.

## IV. REQUESTED RELIEF SHOULD BE DENIED

Regardless of whether the Motion to Intervene is granted, the relief requested therein—*i.e.*, to either delay the preliminary approval hearing or deny the motion for preliminary approval—should be denied.

### A. The Status of the State Action Provides Context for the Proposed Settlement, But Is Not the Basis Upon Which the Motion for Preliminary Approval Rests.

State Plaintiffs' request for relief is premised on the notion that preliminary approval of the

---

[6] This is merely an exemplary list of cases denying motions to intervene by putative class members who believe settlements are unfair.

[7] For example, State Plaintiffs gripe about the potential damages calculations set forth in the preliminary approval motion, suggesting that Lead Plaintiffs have not fairly valued the claims of the putative settlement class. (Mot. at 7, 9–10.) As an initial matter, Eventbrite Defendants submit that $1.9 million is more than fair to settle meritless claims that shareholders have, on three separate occasions, failed to adequately plead, even with the benefit of substantial discovery. Regardless, the purported fairness of the settlement consideration is precisely the kind of issue that State Plaintiffs should be raising through the Rule 23(e) objection process; not through a motion to intervene.

settlement is dependent on the status of the State Action. (*See, e.g.*, Mot. at 15 ("Federal Plaintiffs use the 'dismissal' of the State Court Action as a justification for their paltry settlement.").) But that grossly overstates the importance of the State Action to the bases upon which Lead Plaintiffs seek preliminary approval of the settlement. Rather, the Motion for Preliminary Approval is based on a ***multitude*** of factors, many of which have nothing to do with the State Action. (*See, e.g.*, ECF No. 62 at 6 (addressing arms-length negotiations); *id.* at 7 (addressing formula for settlement allocation); *id.* at 10 (addressing Eventbrite's future prospects in light of COVID-19); *id.* (addressing the amount offered in settlement); *id.* at 12 (addressing the stage of proceeding in ***this*** action).) In fact, only ***one of the seven*** factors addressed in the Motion for Preliminary Approval for granting preliminary approval—the risks inherent in pursuing further litigation—even refers to the State Action. (*Id.* at 8.)

**B.  The Court Was Not Misled About the Status of the State Action.**

With respect to the risks inherent in pursuing further litigation, State Plaintiffs accuse Lead Plaintiffs of misleading this Court about the status of the State Action. (*See* Mot. at 3, 6, 15.) Those accusations are baseless.

<u>First</u>, it is beyond dispute that Judge Weiner dismissed State Plaintiffs' first amended consolidated complaint finding that State Plaintiffs failed to plead any viable claim. Incredibly, however, State Plaintiffs' argue that "certain claims were not dismissed," and that any characterization to the contrary was misleading. (Mot. at 6; *see also id.* at 2.) **This is demonstrably false**. Judge Weiner dismissed both of State Plaintiffs' prior complaints in their entirety, finding that State Plaintiffs had not adequately pled any false or misleading statement upon which to base a claim. (Gibbs Decl., ¶¶ 10, 14; ECF No. 65-1, Ex. 1 at 13.) While Judge Weiner disagreed with certain defendants' argument that State Plaintiffs lacked standing to pursue a Section 12(a)(2) claim, and that Eventbrite cannot be liable as a statutory "seller" thereunder (Mot. at 5),[8] neither issue is relevant unless, and

---

[8] The Section 15 claim in the State Action relates to the Sequoia and Tiger defendants who are not parties in this action. (*See* Mot. at 5 (arguing that "Judge Weiner upheld . . . 'control person' liability under § 15 against certain defendants.").) But, as Judge Weiner made clear in her order dismissing State Plaintiff's most recent complaint, "Plaintiffs must still allege a viable claim for primary liability

until, State Plaintiffs adequately plead the existence of a false or misleading statement—which they have not done. (ECF No. 65-1, Ex. 1 at 13 ("For the reasons set forth above, given that a Section 11 claim has not been adequately pleaded; and specifically insufficient facts that the Registration Statement (read as a whole) contained false and misleading statement and material omissions, so too this Court must find that the allegations of material misrepresentations and omissions in the Prospectus and other Offering Documents are not sufficient for a Section 12 claim.").)

Second, State Plaintiffs accuse Lead Plaintiffs of intentionally misleading this Court because they did not specifically state in the preliminary approval motion that State Plaintiffs' most recent complaint was dismissed with leave to amend. (Mot. at 15.) This argument, too, is baseless. In describing the status of the State Action, the Motion for Preliminary Approval twice cites (*see* ECF No. 62 at 2, 8) to Judge Weiner's order which made clear: "The Eventbrite Defendants' Demurrer to the First Amended Consolidated complaint is SUSTAINED WITH LEAVE TO AMEND as to the first, second, and third causes of action for failure to adequately allege facts to state a cause of action." (ECF No. 65-1, Ex. 1 at 2.) State Plaintiffs conveniently omit this key detail.

Third, State Plaintiffs received voluminous discovery prior to filing their most recent complaint. Eventbrite produced, among other things, IPO due diligence materials, roadshow video presentation, roadshow slide deck, testing-the-waters materials, Eventbrite board minutes and materials, Confidential S-1 filings and SEC comment letters, and materials related to the Ticketfly acquisition and integration. On top of this, State Plaintiffs were provided thousands of emails from one current member of Eventbrite's board of directors (Roelof Botha, who is an Individual Defendant) and one former member of Eventbrite's board of directors (Lee Fixel), which State Plaintiffs relied heavily on in crafting their most recent, deficient complaint.

In opposing Eventbrite Defendants' most recent demurrer, State Plaintiffs touted that their complaint was "premised on their review of ***thousands of pages of documents***," which "added ***substantial*** additional detail." (Gibbs, Decl., ¶ 13.) Yet, they argue that because they have not yet had

---

under Section 11 or Section 12 in order to assert a Section 15 claim against anyone." (ECF No. 65-1, Ex. 1 at 30.) To date, State Plaintiffs have twice failed to adequately allege such primary liability.

"the full benefit of discovery" (Mot. at 6), it was misleading for Lead Plaintiffs to assert that State Plaintiffs received "significant discovery," which they "used . . . to plead their [first consolidated] amended complaint [which] the court dismissed" on June 10, 2020. (ECF No. 62 at 1–2.) The fact that State Plaintiffs may not have received "the full benefit of discovery" does not alter the fact that they received discovery, used it to amend their complaint, and still could not adequately allege a claim, even under California's liberal pleading standards.

Although State Plaintiffs may hope that the third time's the charm, the fact remains that, to-date, in three separate complaints under both low-and-heightened pleading standards, no Eventbrite shareholder has been able to adequately plead any false or misleading statement in Eventbrite's IPO offering documents. Any contention that further discovery will cure that defect is speculation.

Finally, State Plaintiffs' argument that this Court should deny the settlement because Lead Plaintiffs "have not even had the benefits of discovery" (Mot. at 16) is contrary to the PSLRA and its mandatory discovery stay. The PSLRA discovery stay was implemented "to prevent plaintiffs from … using [a meritless lawsuit] as a vehicle 'in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint.'" *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 129-30 (S.D.N.Y. 2003). That is precisely what is happening in the State Action. Indeed, under State Plaintiffs' rationale, no settlement of a securities class action brought in federal court would be fair unless, and until, a complaint survives a motion to dismiss. That is not the law.

## V.     CONCLUSION

For the reasons discussed above, the Court should deny State Plaintiffs' Motion to Intervene, and more specifically, the relief requested therein.

Dated: October 8, 2020

COOLEY LLP
PATRICK E. GIBBS (183174)
SHANNON M. EAGAN (212830)
JEFFREY D. LOMBARD (285371)
HEATHER SPEERS (305380)

 /s/ Patrick E. Gibbs
Patrick E. Gibbs (183174)

*Attorneys for Eventbrite Defendants*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10.

OPPOSITION TO MOTION TO INTERVENE
5:19-CV-02019-EJD