COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:     (650) 849-7400

COOLEY LLP
HEATHER SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:     (858) 550-6420

Attorneys for Defendants
EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO,
ANDREW DRESKIN, KATHERINE AUGUST-deWILDE,
ROELOF BOTHA, KEVIN HARTZ, SEAN P. MORIARTY,
LORRIE M. NORRINGTON, HELEN RILEY, and STEFFAN
C. TOMLINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Eventbrite, Inc. Securities Litigation | Master File No. 5:19-cv-02019-EJD |
| | <u>CLASS ACTION</u> |
| | **DECLARATION OF PATRICK E. GIBBS IN SUPPORT OF EVENTBRITE DEFENDANTS' OPPOSITION TO CALIFORNIA STATE COURT PLAINTIFFS' MOTION TO INTERVENE AND TO CONTINUE HEARING ON MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |
| This Document Relates To:  All Actions | Judge:    Hon. Edward J. Davila |
| | Crtm:     4, 5th Floor |
| | Date:     October 29, 2020 |
| | Time:     9:00 a.m. |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

I, Patrick E. Gibbs, declare as follows:

1.     I am an attorney licensed to practice law in the State of California.  I am a partner at Cooley LLP, counsel for defendants Eventbrite, Inc. ("Eventbrite" or the "Company"), Julia Hartz, Randy Befumo, Andrew Dreskin, Katherine August-deWilde, Roelof Botha, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, and Steffan C. Tomlinson (with Eventbrite, the "Eventbrite Defendants") in the above-titled action (the "Federal Action").  I submit this declaration in support of Eventbrite Defendants' Opposition to California State Court Plaintiffs' Motion to Intervene and to Continue Hearing on Motion for Preliminary Approval of Settlement (the "Opposition to Motion to Intervene").  I have personal knowledge of the following and, if called as a witness, could and would testify competently thereto.

2.     The Federal Action was commenced on April 15, 2019, when Michael Gomes, a purported Eventbrite shareholder, filed a complaint asserting claims against Eventbrite Defendants under Sections 10(b) and 20(a) of the Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, as well as Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"). (ECF No. 1.)  The Section 11 claims were also asserted against Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc., now known as Truist Securities, Inc., and Stifel, Nicolaus & Company, Incorporated ("Underwriter Defendants" and collectively with Eventbrite Defendants, "Defendants"). (*Id.*)

3.     On May 24, 2019, William Long, a purported Eventbrite shareholder, filed a complaint in the Superior Court of the State of California, County of San Mateo, asserting claims under Sections 11, 12, and 15 of the Securities Act against the Defendants, Samantha Harnett, Eventbrite's General Counsel, and Sequoia Capital, a venture capital investor in Eventbrite.  On June 3, 2019, Crystal Clemons, another purported shareholder of Eventbrite, filed a separate complaint in the same court asserting the same claims against the same group of defendants, except that complaint did not name Katherine August-deWilde, but did name Tiger Global Management, another venture capital investor in Eventbrite.  Both cases were assigned to Judge Weiner.

4.     On June 25, 2019, the court consolidated the two actions, under *In re Eventbrite, Inc. Securities Litigation*, Lead Case No. 19CIV02798 (the "State Action").  Subsequently, on December

26, 2019, Mr. Long was voluntary dismissed without prejudice from the State Action. Throughout the pendency of the State Action, there have been a number of other named plaintiffs that have come and gone, including Cristina Cotte, who joined the State Action on February 10, 2020. For purposes of this declaration and Eventbrite Defendants' Opposition to Motion to Intervene, "State Plaintiffs" refers to any shareholder that served as a named plaintiff in the State Action since its inception.

5. On July 12, 2019, Eventbrite Defendants moved to stay the State Action arguing, among other things, that those proceedings were duplicative of the Federal Action because both were "brought on behalf of the same putative class." Eventbrite Defendants also argued that the Federal Action "includes additional claims that are within the exclusive jurisdiction of the federal courts. . . . Thus, only the Federal Action can resolve all claims on behalf of all putative class members."

6. On July 26, 2019, State Plaintiffs filed an opposition to Eventbrite Defendants' motion to stay, arguing that the State Action created "no risk of unseemly conflict" and that "[t]he possibility that one action may lead to a judgment first and then be applied as res judicata in another action 'is a natural consequence of parallel proceedings in courts with concurrent jurisdiction.'"

7. While Eventbrite Defendants' motion to stay was pending, on July 24, 2019, State Plaintiffs filed a consolidated complaint asserting claims under Sections 11, 12, and 15 of the Securities Act against the Defendants, Ms. Harnett, Sequoia, and Tiger.

8. On August 20, 2019, Judge Weiner denied Eventbrite Defendants' motion to stay, and issued Case Management Order #2, which permitted State Plaintiffs to take "phased" discovery "with emphasis upon initial production of standard IPO documents [and] documents regarding or reflecting 'roadshows' or other IPO presentations and solicitations." Pursuant to Case Management Order #2, Eventbrite produced, among other things, IPO due diligence materials, roadshow video presentation, roadshow slide deck, testing-the-waters materials, Eventbrite board minutes and materials, Confidential S-1 filings and SEC comment letters, and materials related to the Ticketfly acquisition and integration. Additionally, Sequoia and Tiger produced thousands of emails from one current member of Eventbrite's board of directors (Roelof Botha, a partner at Sequoia, who is an Individual Defendant in both the State Action and Federal Action) and one former member of Eventbrite's board of directors (Lee Fixel, who is affiliated with Tiger).

**9.** On August 23, 2019, state court defendants filed demurrers to the consolidated complaint.

**10.** On November 13, 2019, Judge Weiner issued Case Management Order #3, sustaining the state court defendants' demurrers, with leave to amend.

**11.** On February 10, 2020, State Plaintiffs filed their first amended consolidated complaint, which incorporated the discovery discussed in Paragraph 8 above.

**12.** On March 26, 2020, state court defendants filed demurrers to the first amended consolidated complaint.

**13.** On April 10, 2020, State Plaintiffs filed an opposition to Eventbrite Defendants' demurrer, arguing, among other things, that the first amended consolidated complaint was "premised on their review of thousands of pages of documents," which "added substantial additional detail."

**14.** On June 23, 2020, Judge Weiner issued Case Management Order #7, which again sustained the state court defendants' demurrers, with leave to amend. A copy of Case Management Order #7 is attached as Exhibit 1 to the Declaration of Mark C. Molumphy in Support of California State Court Plaintiffs' Notice of Motion and Motion to Intervene and to Continue Hearing on Motion for Preliminary Approval of Settlement ("Molumphy Declaration"). (ECF No. 65-1, Ex. 1).

**15.** Thereafter, through the end of July 2020, Eventbrite Defendants engaged in meet and confer discussions with State Plaintiffs and multiple informal discovery conferences with Judge Weiner regarding the scope of discovery that would be permitted prior to State Plaintiffs being required to file a second amended consolidated complaint.

**16.** On July 29, 2020, the parties in the Federal Action signed the Settlement Agreement that was submitted in connection with Lead Plaintiffs' Motion for Preliminary Approval. (ECF Nos. 62, 63-1.)

**17.** On July 31, 2020, Eventbrite Defendants disclosed the fact of the Settlement to State Plaintiffs and the Judge Weiner in open court at an informal discovery conference.

**18.** On August 13, 2020, State Plaintiffs submitted a letter brief to Judge Weiner where they accused Lead Plaintiffs and Defendants of misleading this Court about the status of the State Action in the Motion for Preliminary Approval.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

DECL. OF P. GIBBS ISO OPPOSITION TO MOTION TO
INTERVENE
5:19-CV-02019-EJD

**19.** On September 23, 2020, Judge Weiner issued Case Management Order #10 requiring Eventbrite to produce certain email communications by October 16, 2020. A copy of Case Management Order #10 is attached as Exhibit 3 to the Molumphy Declaration. (ECF No. 65-1, Ex. 3).

**20.** As set forth in non-confidential interrogatory responses verified by Ms. Clemons and Ms. Cotte, respectively, in the State Action, Ms. Clemons disclosed that she owns 120 shares of Eventbrite stock purchased during the class period, and Ms. Cotte disclosed that she owns 5 shares of Eventbrite stock purchased during the class period. Accordingly, State Plaintiffs' combined shareholdings in Eventbrite (125 shares) is less than each member of the Eventbrite Investor Group individually (Gomes – 183 shares; Pastores – 150 shares; Uppal – 275 shares). (*See* ECF 13-2.)

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on October 8, 2020 in Palo Alto, California.

 /s/ Patrick E. Gibbs
Patrick E. Gibbs

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DECL. OF P. GIBBS ISO OPPOSITION TO MOTION TO
INTERVENE
5:19-CV-02019-EJD