# Exhibit 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COTTER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LYFT, INC.,<br><br>        Defendant. | Case No. 13-cv-04065-VC<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 213 |

Alex Zamora and Rayshon Clark, the named plaintiffs in a related case, *Zamora v. Lyft, Inc.*, No. 16-cv-02558-VC, have filed a motion to intervene in this case, *Cotter v. Lyft, Inc.*, No. 13-cv-04065-VC, in which they are also class members. The *Zamora* plaintiffs argue either that they are entitled to intervene as of right, or that they should be granted permissive intervention. The motion is denied.

The *Zamora* plaintiffs are not entitled to intervene as of right. "An applicant seeking intervention as of right must show that: (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (quoting *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997)); *see also California ex rel. Lockyer v. United States*, 450 F.3d 436, 440-41 (9th Cir. 2006) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993). The *Zamora* plaintiffs' ability to protect their interest in the claims released by the *Cotter* action will not be impaired by the *Cotter* settlement, because the *Zamora* plaintiffs may file formal objections and appear at the final approval hearing, or opt out of the

*Cotter* settlement and continue to pursue their claims against Lyft if they wish. *See, e.g.*, *Hofstetter v. Chase Home Fin., LLC*, No. 10-cv-01313-WHA, 2011 WL 5415073, at \*2 (N.D. Cal. Nov. 8, 2011) (citing *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006); *Bergman v. Thelen LLP*, No. 08-cv-05322-EDL, 2009 WL 1308019, at \*2 (N.D. Cal. May 11, 2009) (citing *Glass v. UBS Fin. Servs.*, No. 06-cv-4068-MMC, 2007 WL 474936, at \*3 (N.D. Cal. Jan. 17, 2007)); *see also Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015).

Nor have the *Zamora* plaintiffs shown that the Court should exercise its discretion to grant them permissive intervention. "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). Even if the proposed intervenor meets those requirements, however, a district court has discretion to deny the motion if "intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.* Here, permitting the *Zamora* plaintiffs to intervene for the purpose of carving their claims out of the *Cotter* release would either unduly delay or scuttle the parties' long-negotiated settlement, to the detriment of both Lyft and the *Cotter* plaintiff class. Given that the *Zamora* gratuity claims appear to be worth significantly less to the *Cotter* class members than the *Cotter* reimbursement claims, and given that the *Cotter* settlement as a whole is fair, reasonable, and adequate on the current record, it would unfairly prejudice the *Cotter* parties if their settlement were undone by the *Zamora* plaintiffs at this stage.

**IT IS SO ORDERED.**

Dated: June 28, 2016

_____
VINCE CHHABRIA
United States District Judge

2