**COTCHETT, PITRE & MCCARTHY LLP**
MARK C. MOLUMPHY (SBN 168009)
TYSON C. REDENBARGER (SBN 294492)
ELLE LEWIS (SBN 238329)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577
E-mail:        mmolumphy@cpmlegal.com
               tredenbarger@cpmlegal.com
               elewis@cpmlegal.com

**BOTTINI & BOTTINI, INC.**
FRANCIS A. BOTTINI, JR. (SBN 175783)
YURY A. KOLESNIKOV (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:    (858) 914-2001
Facsimile:    (858) 914-2002
E-mail:        fbottini@bottinilaw.com
               ykolesnikov@bottinilaw.com

*Counsel for Proposed Intervenors and
California State Court Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| IN RE EVENTBRITE INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>All Actions | Master File No. 5:19-cv-02019-EJD<br><br><u>Class Action</u><br><br>**CALIFORNIA STATE COURT PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO INTERVENE AND TO CONTINUE HEARING ON MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Date:          October 29, 2020<br>Time:          9:00 a.m.<br>Courtroom:    4, 5th Floor<br>Judge:         Hon. Edward J. Davila |

Reply ISO Motion to Intervene and to Continue Hearing
Master File No. 5:19-cv-02019-EJD

## TABLE OF CONTENTS

**Page**

A.    Intervention is Appropriate to Permit a Short Continuance of the Hearing on the Federal Plaintiffs' Motion for Preliminary Approval ................................................... 1

B.    A Short Continuance Does Not Prejudice Federal Plaintiffs or Eventbrite ............. 2

C.    Intervention is Appropriate Under Federal Rule 24(a) and Rule 24(b) .................. 4

D.    If the Motion is Treated as an Objection, the Court Should Deny Preliminary Approval ................................................................................................................ 5

E.    Conclusion ............................................................................................................ 6

i

Reply ISO Motion to Intervene and to Continue Hearing
Master File No. 5:19-cv-02019-EJD

Plaintiffs in the California State Court Case, Ms. Clemons and Ms. Cotte ("State Court Plaintiffs"), submit this reply in support of their Motion to Intervene and Continue Hearing (Dkt. 65) and in response to both the Federal Plaintiffs' Opposition (Dkt. 67) and Eventbrite's Opposition (Dkt. 66).

**A.    Intervention is Appropriate to Permit a Short Continuance of the Hearing on the Federal Plaintiffs' Motion for Preliminary Approval**

State Court Plaintiffs' motion to intervene was based on a simple idea:  when this Court evaluates the proposed secret settlement releasing all claims pursued in the State Case, and class members evaluate whether to participate, object, or opt-out, they should at least know if the State Case has survived the pleading stage and the claims are moving forward.

Indeed, the Federal Plaintiffs originally agreed that the status of the State Case was material to this Court's consideration of preliminary approval of the settlement, claiming that the State Case had been dismissed even after the opportunity for discovery.  *See* Dkt. 62 at 2.  That was untrue.  The State Case was dismissed **with leave to amend** and giving State Court Plaintiffs the right to obtain **additional discovery** to amend their complaint, including production of Eventbrite's internal emails.  In fact, this production was about to commence when Eventbrite made the tactical decision to engage only Federal Plaintiffs – who were doing nothing in their case – in settlement negotiations.

Further, there can be no serious dispute that the viability of claims asserted only in the State Case significantly impacts the value of a settlement to the class.  Section 11 damages recoverable in the State Case are more than double those available in this case (up to $73.4 million in State Court, compared to just $33.5 million here) (*see* Dkt. 65-1, Ex. 4, ¶¶12-14).  Thus, if the State Case survives pleading challenges, the class's potential recoverable damages will greatly increase—a fact that class members need to know when they decide whether to accept or object to the settlement being advocated by the parties here.

1

Reply ISO Motion to Intervene and to Continue Hearing
Master File No. 5:19-cv-02019-EJD

Notably, in their oppositions to intervention, the Federal Parties steer clear of the secret settlement process and never explain why they negotiated a settlement without informing the State Court Plaintiffs, their court-appointed Lead Counsel, or the State Court judge actively overseeing that action. Instead, the Federal Parties mischaracterize the relief actually sought, claiming that State Court Plaintiffs seek to intervene to object to the settlement. Based on this false premise, they conclude that intervention is unnecessary since State Court Plaintiffs, like all other class members, can object at the final approval stage.

That is not the case. State Court Plaintiffs seek to intervene for the limited purpose of continuing the preliminary approval hearing so that the proposed settlement can be fairly evaluated, and class members are fairly notified, following the resolution of the pleadings in the State Case. The proposed continuance will be short. On **November 4, 2020**, Judge Weiner will hold a case management conference ("CMC") in the State Case to set deadlines for the filing of the amended complaint and a briefing schedule for any anticipated demurrers. *See* Dkt. 65-1, at ¶12, Ex. 3. Since Eventbrite and other defendants have now been ordered to complete their production of emails and other important discovery by October 16, 2020 (*See* Dkt. 65-1, at ¶12, Ex. 4), State Court Plaintiffs will propose the following schedule:

**November 6, 2020**: File amended complaint

**December 7, 2020:** Demurrer due

**December 30, 2020**: Demurrer hearing

*See* Declaration of Mark C. Molumphy filed in support of this Reply, at ¶5 ("Molumphy Reply Declaration"). As a result, even if this schedule is moved back a few weeks given the holidays, the status of the pleadings in the State Case should be resolved, once and for all, by January 2021. *Id*. at ¶6.

**B.    A Short Continuance Does Not Prejudice Federal Plaintiffs or Eventbrite**

Importantly, the Federal Plaintiffs and Eventbrite do not claim that a continuance

2

Reply ISO Motion to Intervene and to Continue Hearing
Master File No. 5:19-cv-02019-EJD

would cause them, or class members, any prejudice. *See* Dkt. 66 at 5-7, Dkt. 67 at 7-9. Nor could it. A short continuance will benefit the Court (at both preliminary and final approval stages) and the class (at the notice, opt-out, and objection stages) by providing **material** information about the status of the State Case in order to accurately evaluate the settlement. Conversely, based on the schedule proposed by the Federal Parties, if preliminary approval is granted on October 29, 2020, notice will be sent without any mention of the State Case or the claims and damages being asserted, and class members will likely have to submit a claim, object, or opt-out before the State court rules on the anticipated demurrers in January 2021.

| Proposed Schedule if Preliminary Approval Granted on Oct. 29, 2020[1] | |
| --- | --- |
| Nov. 19, 2020 | Class notice |
| **Jan. 4, 2021** | **Deadline to submit claim forms** |
| **Jan. 27, 2021** | **Deadline to submit objections or opt-out** |
| Feb. 17, 2021 | Final approval hearing |

Given the value of the State Case claims, it is highly prejudicial to require class members to decide whether to submit a claim, object, or opt-out of the federal settlement **before** the demurrers in the State Case have been decided and they have been notified of those results. Combined with the fact that the proposed class notice fails to even mention the State Case, class members simply do not have enough information to evaluate the settlement if this case proceeds as proposed. The Federal Plaintiffs and Eventbrite's arguments that State Court Plaintiffs can object at final approval ignores the serious conflicts created by their proposed schedule. Dkt. 66 at 6; Dkt. 67. at 7.

A short continuance (90 days) will allow the settlement to be properly evaluated by the Court at the preliminary approval stage, and allow class members to be notified

---

[1] These dates have been extrapolated from Federal Plaintiffs' proposed schedule of events listed in the Motion for Preliminary Approval of Settlement. Dtk. 62 at 23-24.

3

Reply ISO Motion to Intervene and to Continue Hearing
Master File No. 5:19-cv-02019-EJD

of the status of the State Case.

**C.      Intervention is Appropriate Under Federal Rule 24(a) and Rule 24(b)**

Federal Plaintiffs and Eventbrite concede that the State Court Plaintiffs possess a significantly protectable interest and that the motion is timely. *See* Dkt. 66 at 5, Dkt. 67 at 7; *see also Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

However, Federal Plaintiffs and Eventbrite challenge whether intervention is the proper mechanism, arguing that State Court Plaintiffs can simply wait and object to the settlement if they believe it is unfair. Dkt. 66 at 5; Dkt. 67 at 7.  Yet, State Court Plaintiffs and class members cannot effectively object or consider whether to opt-out of the settlement while the State Case is still pending, particularly when the settlement has been justified in large part on the status of the State Case.  Accordingly, State Court Plaintiffs appropriately moved this Court to continue the preliminary approval hearing until after the State Court pleadings are resolved.  Once the State Court pleadings are resolved, an accurate evaluation of the federal settlement can take place.

The Federal Plaintiffs also argue that State Court Plaintiffs have failed to show that the class's protectable interest is not being adequately represented. Dkt. 67 at 8. Yet, State Court Plaintiffs presented considerable evidence that the secret settlement would harm the class, including the release of their unique claims and damages.  Moreover, the secrete process of the settlement was a quintessential "reverse auction" orchestrated to exclude the parties with the strongest claims from participating.  A "reverse auction" is where "the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008).  That is exactly what happened here.

It is inconceivable how the Federal Plaintiffs can argue with a straight face that the interests of class members are adequately represented given that they: (1) negotiated a settlement releasing claims in the State Case without bothering to notify the court-

4

Reply ISO Motion to Intervene and to Continue Hearing
Master File No. 5:19-cv-02019-EJD

appointed Lead Counsel in the State Case, (2) did not use a mediator, (3) did not seek discovery from Eventbrite (or the State Court Plaintiffs), (4) did not attempt to amend their complaint, despite leave to do so by this Court, (5) mischaracterized the status of the State Case in preliminary approval motion papers (and didn't even mention the State Case in proposed notices to class members), and (6) now refuse to agree to a short continuance to determine if valuable claims belonging to the Class will be upheld in the State Case.  Dkt. 65 at 5, Dkt. 67 at 11.   Based on these facts, the settlement appears collusive, satisfying the inadequate representation requirement.  *See Liddell v. Caldwell*, 546 F.2d 768, 771 (8th Cir. 1976).

Permissive intervention under Rule 24(b) is also appropriate in this case.  Contrary to Federal Plaintiffs' argument that State Court Plaintiffs "add nothing" (Dkt. 67 at 8), State Court Plaintiffs are providing the Court and the class with accurate and complete information about the State Case, the value of the class members' claims, and whether class members should object or opt-out of the federal settlement.  If the State Case survives demurrer, that information is undoubtedly important.

Finally, the cases cited by both Federal Plaintiffs and Eventbrite are distinguishable because they involved motions to intervene to **object** to settlements, including motions to intervene after preliminary approval was granted.  *See* Dkt. 66 at 6-7, Dkt 67 at 7-8.  None of the cases cited by Federal Plaintiffs or Eventbrite involve a situation like the one here—where plaintiffs in a related state class action move to continue a hearing while the pleadings in the state court are resolved.

**D.     If the Motion is Treated as an Objection, the Court Should Deny Preliminary Approval**

The Federal Plaintiffs assert that the motion to intervene should be considered an objection to preliminary approval.  Dkt. 67 at 10.  That is not the purpose of intervention here.  However, if the Court considers the State Court Plaintiffs' motion as an objection, it should deny preliminary approval for the same reasons noted above.  Moreover, the

5

Reply ISO Motion to Intervene and to Continue Hearing
Master File No. 5:19-cv-02019-EJD

proposed notice is separately objectionable because it omits material information (indeed, all information) about the State Case and would proposes a schedule that will prejudice class members from making a fully informed assessment of whether to participate, object or opt out.

**E.      Conclusion**

For all the foregoing reasons, the State Court Plaintiffs respectfully request that the Court grant their motion to intervene in this action and continue the hearing on the motion for preliminary approval of settlement for 90 days, allowing the State Court to rule on any demurrer to the amended complaint.

Dated:  October 15, 2020

Respectfully submitted,
COTCHETT, PITRE & McCARTHY, LLP


__/s/ Mark C. Molumphy_____
Mark C. Molumphy
Tyson C. Redenbarger
Elle Lewis


BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Yury A. Kolesnikov

*Counsel for the Proposed Intervenors and California State Court Plaintiffs*

6

Reply ISO Motion to Intervene and to Continue Hearing
Master File No. 5:19-cv-02019-EJD