1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL GOMES, et al.,

Plaintiffs,

v.

EVENTBRITE, INC., et al.,

Defendants.

Case No.  5:19-cv-02019-EJD

**ORDER GRANTING MOTION TO INTERVENE; CONTINUING HEARING DATE FOR MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Re: Dkt. Nos. 62, 65

This action arises out of Defendants' alleged violations of Section 11 and 15 of the

Securities Act of 1933, Item 303 of SEC Regulation S-K, and Section 10(b) and 20(a) of the

Securities Exchange Act of 1934.  Presently before the Court are:  (1) Lead Plaintiffs Michael

Gomes, Melvin Pastores, Mohit Uppal and Bruce Bones's (collectively "Plaintiffs") motion for

preliminary approval of class action settlement ("Motion"); and (2) Eventbrite shareholders

Crystal L. Clemons and Christina Cotte's motion to intervene for the purpose of requesting a 90

day continuance of the hearing on the Motion.  Both motions are scheduled to be heard on October

29, 2020.  For the reasons stated below, the Court will grant the motion to intervene and continue

the hearing date for Plaintiffs' Motion.

I.      **BACKGROUND**

        A.      **Federal Court Suit**

        Plaintiffs initiated this suit in April of 2019.  Dkt. No. 1.  The crux of the suit is that

Defendants allegedly made misleading statements to and concealed known risks from investors

1   about Eventbrite's acquisition and integration of Ticketfly, LLC.  Plaintiffs purchased Eventbrite

2   securities during Eventbrite's September 2018 Initial Public Offering ("IPO").  The Class Period

3   is between September 20, 2018 and May 1, 2019.  The case was related and consolidated with

4   another suit.  Dkt. Nos. 9, 36.  Plaintiffs filed an amended complaint on December 11, 2019.  Dkt.

5   No. 42.

6       By order dated April 28, 2020, the Court granted Defendants' motion to dismiss with leave

7   to amend.  Dkt. No. 59.  Plaintiffs elected not to file a second amended complaint.  The parties

8   reached a settlement in principle less than two months later on June 17, 2020, and on August 7,

9   2020, Plaintiff filed the instant Motion for approval of the proposed $1.9 million settlement.  Dkt.

10  No. 62.

11      In the Motion, Plaintiffs refer to a securities class action against Eventbrite in San Mateo

12  Superior Court captioned *In re EventBrite, Inc. Shareholder Litig.*, No. 19civ2798 ("State Court

13  Action") and indicate that the case was dismissed on June 23, 2020, following "significant

14  discovery."  Dkt. No. 62 at 12.

15      The proposed settlement agreement includes a release that covers the Securities Act claims

16  at issue in both the instant federal court action and the State Court Action, as well as a release that

17  covers the Exchange Act claims only at issue in the federal court action.  Dkt. No. 66 at 6.  No

18  oppositions to the Motion have been filed and Defendants do not oppose the Motion.  Dkt. No. 64.

19      **B.    Intervenors**

20      The intervenors are plaintiffs in the State Court Action ("State Court Plaintiffs").  They

21  seek to intervene under Federal Rule of Civil Procedure 24 for the purpose of requesting a

22  continuance of the hearing on the Motion until after the California State Court rules on any

23  demurrer to the State Court Plaintiffs' second amended complaint, which State Court Plaintiffs

24  estimate will take approximately ninety days.[1]  State Court Plaintiffs assert the proposed

25

26  [1] State Court Plaintiffs intend to propose the following schedule: amended complaint by
    November 6, 2020; demurrer by December 7, 2020: hearing on or about December 30, 2020.  *See*
27  Molumphy Decl. in Support of Reply, at ¶5 (Dkt. No. 69-1).
    CASE NO.: 5:19-CV-02019-EJD
28  ORDER GRANTING MOTION TO INTERVENE; CONTINUING HEARING DATE FOR
    MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
                                        2

United States District Court
Northern District of California

1   settlement purports to resolve all claims, including their own, and yet it was secretly negotiated

2   without any notice to them or to the State Court.  As a result, State Court Plaintiffs believe that

3   they are impacted by the proposed settlement and that their interests are not adequately

4   represented in the federal action.

5       State Court Plaintiffs further assert that Plaintiffs have misrepresented to this Court that the

6   State Court Action was dismissed, when in fact it has not been.  State Court Plaintiffs explain that

7   San Mateo County Superior Court Judge Marie S. Weiner upheld State Court Plaintiffs' standing

8   under § 12(a)(2) of the Securities Act of 1933 ("Securities Act"), the allegations of "seller"

9   liability under § 12(a)(2), as well as "control person" allegations under § 15 of the Securities Act.

10  Judge Weiner also granted State Court Plaintiffs leave to amend their complaint and allowed them

11  to take further discovery.

12      After learning of Plaintiffs' settlement of the federal court action, on September 23, 2020,

13  Judge Weiner lifted all stays on discovery and ordered Eventbrite to produce significant discovery

14  by October 16, 2020.  *See* Molumphy Decl., Ex. 3 at 2 (Dkt. No. 65-1).  Notably, Judge Weiner

15  also stated in her order that "the [Motion] by the federal plaintiffs *misleadingly* tell the federal

16  district judge that this Court has 'dismissed' the claims asserted in this state court action, and

17  implies that Plaintiffs had full opportunity for discovery-and that this is one of the reasons why the

18  settlement amount is so low compared to potential damages." *Id*. at 11 (emphasis in original).

19  Notwithstanding Judge Weiner's characterization of the Motion, Plaintiffs here insist they

20  accurately described the status of the State Court Action in their Motion.  Dkt. No. 67 at 18.

21      The State Court Plaintiffs move to intervene for the limited purpose of requesting a

22  continuance the hearing on the Motion until after the California State Court rules on any demurrer

23  to the State Court Plaintiffs' second amended complaint.[2]  State Court Plaintiffs' stated purpose in

24

25  _____

26      [2] State Court Plaintiffs' counsel asked Plaintiffs to voluntarily defer the hearing on the
    Motion, but Plaintiffs refused.  Molumphy Decl., Dkt. No. 65 at 9-10.

27  CASE NO.: 5:19-CV-02019-EJD

28  ORDER GRANTING MOTION TO INTERVENE; CONTINUING HEARING DATE FOR
    MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

United States District Court
Northern District of California

1   seeking intervention is straightforward.  State Court Plaintiffs assert that this Court and the

2   Eventbrite stockholders on whose behalf the federal action is prosecuted deserve to know whether

3   the California State Court Plaintiffs' claims are upheld in the State Court Action before any

4   decision on the Motion.  In the alternative, State Court Plaintiffs ask the Court to require Plaintiffs

5   and Defendants to amend the notice of the proposed settlement to identify the pendency and

6   procedural posture of the State Court Action so that Eventbrite stockholders have full information

7   when deciding whether to opt-out or object.  As a third alternative, State Court Plaintiffs assert

8   that it would be within the Court's discretion to deny the Motion on the basis that the proposed

9   settlement is not fair, adequate, or reasonable.

10          In response, Plaintiffs asks the Court to (i) deny the State Plaintiffs' motion to intervene,

11   (ii) treat the State Plaintiffs' motion to intervene as an objection to preliminary approval of the

12   Settlement, (iii) overrule State Plaintiffs' objection, and (iv) preliminarily approve the Settlement.

13   Defendants also oppose the motion to intervene.

14   **II.    Legal Standards**

15          In the Ninth Circuit, there are four requirements for intervention as of right under Federal

16   Rule of Civil Procedure 24(a)(2): (1) the application for intervention must be timely; (2) the

17   applicant must have a "significant protectable interest" relating to the property or transaction that

18   is the subject of the action; (3) the applicant must be so situated that disposition of the action

19   may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4)

20   the "existing parties may not adequately represent the applicant's interest." *Donnelly v. Glickman*,

21   159 F.3d 405, 409 (9th Cir. 1998).  These requirements "are broadly interpreted in favor of

22   intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir.

23   2011).  Alternatively, Rule 24(b) allows for permissive intervention.  "[P]ermissive intervention

24   requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common

25   question of law and fact between the movant's claim or defense and the main action." *Freedom*

26   *from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

27

28   CASE NO.: 5:19-CV-02019-EJD
     ORDER GRANTING MOTION TO INTERVENE; CONTINUING HEARING DATE FOR
     MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    DISCUSSION

#### A.    Timeliness

Neither Plaintiffs nor Defendants object to the motion to intervene as untimely.  As such, this case is distinguishable from a few of the cases relied upon by Plaintiffs and Defendants in opposition to the motion to intervene.  *See Cody v. SoulCycle, Inc.*, 2017 WL 8811114, at *4 (C.D. Cal. Sept. 20, 2017) (post preliminary approval of settlement, denying motion to intervene as untimely and for failure to show impaired interest); *Lane v. Facebook, Inc.*, 2009 WL 3458198, at *3 (N.D. Cal. Oct. 23, 2009) ("Accordingly, the motion for leave to intervene would be denied as untimely even if it otherwise had merit."); *Cohorst v. BRE Props., Inc.*, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011) (post preliminary approval, denying motion to intervene as untimely and where proposed intervenor could "opt-out of the class and pursue her own damages action against Defendants . . . [or] raise any objections to the settlement at the time of the Final Hearing").

#### B.    "Significant Protectable Interest"

State Court Plaintiffs possess a significantly protectable interest by virtue of being members of the class in the federal suit.  *See, e.g., Cicero v. Directv, Inc.*, 2010 WL 11463634, at *4 (C.D. Cal. Mar. 2, 2010) ("As both Proposed Intervenors are member of the class, they have significant protectable interest relating to the subject of the instant action.").

#### C.    State Court Plaintiffs' Impaired or Impeded Ability to Protect Interest

The primary dispute centers on the third requirement for intervention as a right: that the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest.  *Donnelly v. Glickman*, 159 F.3d at 409. In the context of settlements, courts have frequently denied intervention by putative class members where they can adequately protect their interests via the Rule 23 opt-out mechanism.  *See, e.g., Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *5–6 (N.D. Cal. Apr. 23, 2014) (holding that intervention was not warranted because putative interveners may object to the settlement or opt out of the class and there was a failure to show inadequacy of representation); *Cicero*, 2010 WL

CASE NO.: 5:19-CV-02019-EJD
ORDER GRANTING MOTION TO INTERVENE; CONTINUING HEARING DATE FOR MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

1    11463634, at *2 ("the proposed settlement terms make clear that any class member has the right to

2    opt out and object before final approval"); *Alaniz v. Cal. Processors, Inc.*, 73 F.R.D. 269, 289

3    (N.D. Cal. 1976) ("the ability to opt out precludes the Intervenors from satisfying the impairment-

4    of-interest test."); *Grilli v. Metro. Life Ins. Co.*, 78 F.3d 1533, 1536–38 (11th Cir. 1996) (affirming

5    denial of intervention in class action because intervenors could object to the settlement or opt out);

6    *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 605–06 (W.D.N.Y. 2011) (same); *In re*

7    *DHB Indus., Inc.*, 2007 WL 2907262, at *2 (E.D.N.Y. Sept. 30, 2007) (same); *Gallucci v. Boiron,*

8    *Inc.*, 2012 WL 12864924, at *2 (S.D. Cal. Apr. 25, 2012) (same).

9          Unlike the cases cited above, however, State Court Plaintiffs assert that they cannot

10   effectively object or consider whether to opt-out of the settlement while the State Court Action is

11   still pending.  This Court is persuaded by State Court Plaintiffs' argument primarily because

12   Plaintiffs have represented that the settlement is justified, in part, by the status of the State Court

13   Action.  Given Plaintiffs' representation, it is reasonable to await the outcome of the State Court's

14   ruling on any demurrer to the State Court Plaintiffs' second amended complaint so that all class

15   members have more information to evaluate the proposed settlement.  If instead preliminary

16   approval is granted now, notice to the class will be sent without any mention of the State Court

17   Action or the claims and damages being asserted, and class members will likely have to submit a

18   claim, object, or opt-out before the State Court rules on the anticipated demurrers.  Allowing the

19   settlement to proceed in this manner would, as a practical matter, would impair or impede State

20   Court Plaintiffs' and other class members' interests.

21         Further, the cases cited by both Federal Plaintiffs and Eventbrite are distinguishable

22   because they involved motions to intervene to object to settlements, including motions to

23   intervene after preliminary approval was granted.  *See, e.g.*, *Feller v. Transamerica Life Ins. Co.*,

24   2018 WL 6025839, at *4 (C.D. Cal. Nov. 16, 2018) (denying motion to intervene that had been

25   filed a month after settlement had been preliminarily approved); *In re: Volkswagen "Clean Diesel"*

26   *Mktg., Sales Practices, & Prod. Liab. Litig.*, 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016)

27

28   CASE NO.: 5:19-CV-02019-EJD
     ORDER GRANTING MOTION TO INTERVENE; CONTINUING HEARING DATE FOR
     MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
                                              6

United States District Court
Northern District of California

1   (denying motion to intervene that was filed day before court preliminarily approved class action

2   settlement); *Zamora v. Ryder Integrated Logistics, Inc.*, 2014 WL 9872803, at *2 (S.D. Cal. Dec.

3   23, 2014) (denying motion to intervene that was filed weeks after court preliminarily approved

4   class action settlement). As stated previously, State Court Plaintiffs are not intervening for the

5   purpose of objecting to the settlement. Instead, they seek a relatively short continuance of the

6   hearing on the Motion so that they will be better informed in their evaluation of the proposed

7   settlement. Notably, Plaintiffs and Defendants do not assert that the requested continuance would

8   cause them, or class members, prejudice.

9       The third requirement for intervention as of right is satisfied.

10      **D.      Adequacy of Representation**

11      The burden to show inadequacy of representation is minimal. *See Trbovich v. United Mine*

12   *Workers of America*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of the Rule is satisfied if

13   the applicant shows that representation of his interest 'may be' inadequate; and the burden of

14   making that showing should be treated as minimal."). Here, State Court Plaintiffs argue that the

15   interests of class members are inadequately represented given that Plaintiffs: (1) negotiated a

16   settlement releasing claims in the State Case without bothering to notify the court-appointed Lead

17   Counsel in the State Case, (2) did not use a mediator, (3) did not seek discovery from Eventbrite

18   (or the State Court Plaintiffs), (4) did not attempt to amend their complaint, despite leave to do so

19   by this Court, (5) mischaracterized the status of the State Case in preliminary approval motion

20   papers (and didn't even mention the State Case in proposed notices to class members), and (6)

21   now refuse to agree to a short continuance to determine if valuable claims belonging to the Class

22   will be upheld in the State Case.

23      State Court Plaintiffs' proffer above is more than sufficient to show that Plaintiffs'

24   representation of State Court Plaintiffs' interests in the federal action "may be" inadequate.

25   Further, the damages calculations prepared by each group of plaintiffs are far apart, which also

26   suggests representation "may be" inadequate. According to Plaintiffs' calculations, their

United States District Court
Northern District of California

1 | maximum § 11 damages are $33.5 million and their potential § 10(b) damages are $121.9 million.

2 | In contrast, State Court Plaintiffs calculate their potential maximum § 11 damages as between

3 | $67.2 million and $73.4 million based upon the filing date of the State Court Action, and the

4 | potential aggregate § 10(b) damages as between $163 million and $206.2 million.

5 | **IV.    CONCLUSION**

6 |       For the reasons stated above, State Court Plaintiffs have satisfied the four requirements for

7 | intervention as of right under Federal Rule of Civil Procedure 24(a)(2).  The motion to intervene is

8 | GRANTED, and accordingly the Court will continue the hearing date for Plaintiffs' motion for

9 | preliminary approval of class action settlement.   The court tentatively sets Plaintiffs' motion for

10 | hearing at 9:00 a.m. on March 18, 2021.  No later than February 11, 2021, the parties shall submit

11 | an updated status report to advise the Court of the status of the State Court Action.

12 |       In the event the State Court Action does not proceed on the timeline proposed by State

13 | Court Plaintiffs, this Court expects all parties to meet and confer and agree upon a new hearing

14 | date for the motion for preliminary approval of class action settlement without engaging in

15 | additional motion practice.

16 |       **IT IS SO ORDERED.**

17 | Dated:  October 30, 2020

18 |

19 | EDWARD J. DAVILA
United States District Judge

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*United States District Court*
*Northern District of California*