COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
JEFFREY D. LOMBARD (285371) (jlombard@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
HEATHER SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendants
EVENTBRITE, INC., JULIA HARTZ, RANDY BEFUMO,
ANDREW DRESKIN, KATHERINE AUGUST-deWILDE,
ROELOF BOTHA, KEVIN HARTZ, SEAN P. MORIARTY,
LORRIE M. NORRINGTON, HELEN RILEY, and STEFFAN
C. TOMLINSON

[*Additional counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Eventbrite, Inc. Securities Litigation | Master File No. 5:19-cv-02019-EJD |
| | CLASS ACTION |
| | **DEFENDANTS' RESPONSE TO CALIFORNIA STATE COURT PLAINTIFFS' STATUS UPDATE** |
| This Document Relates To:  All Actions | Judge:    Hon. Edward J. Davila<br>Crtm:    4, 5th Floor |

Crystal L. Clemons and Christina Cotte ("State Court Plaintiffs") are not parties to this action.[1] They requested, and were granted, leave to intervene "for the *limited purpose* of continuing the preliminary approval hearing [previously set for October 29, 2020] so that the proposed settlement can be fairly evaluated, and class members are fairly notified, following the *resolution of the pleadings* in the State Case." (ECF 69 at 2; *see also* ECF 72 at 3.)[2] That "limited purpose" has been fully achieved: Judge Weiner overruled the state court defendants' demurrers on December 17, 2020, and the Federal Parties have submitted an amended notice providing Settlement Class Members with that information. (ECF 73, Exs. 4 & 5.) State Court Plaintiffs, thus, have no standing in this action at this time and *a fortiori* no right to request any relief—via "Status Updates" or otherwise. If they want to request additional relief related to the settlement reached by the Federal Parties, they must first file another motion to intervene. But as it stands, no such motion has been filed, nor have they provided any basis to support the extraordinary relief they seek (*i.e.*, an indefinite stay of *this* Action while they continue litigating their later-filed duplicative Securities Act claims). Accordingly, the Court need not entertain State Court Plaintiffs' requests for relief, and should proceed with evaluating the Settlement on its merits at the currently scheduled preliminary approval hearing, or sooner.

## I.   Relevant Procedural Background

This action was filed on April 15, 2019. (ECF 1.) That filing triggered a 60-day statutory

---

[1] The parties in this action are: Michael Gomes, Melvin Pastores, Mohit Uppal, and Bruce Bones (collectively, "Plaintiffs"); Eventbrite, Inc., Julia Hartz, Randy Befumo, Katherine August-Dewilde, Roelof Botha, Andrew Dreskin, Kevin Hartz, Sean P. Moriarty, Lorrie M. Norrington, Helen Riley, and Steffan C. Tomlinson (collectively, "Eventbrite Defendants"); and Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Allen & Company LLC, RBC Capital Markets, LLC, SunTrust Robinson Humphrey, Inc. (now known as Truist Securities, Inc.), and Stifel, Nicolaus & Company, Incorporated (collectively, "Underwriter Defendants") (together with Eventbrite Defendants, "Defendants," and with Plaintiffs, the "Federal Parties").

[2] Unless otherwise noted, all emphasis is added or modified, and all internal citations, quotation marks, and alterations are omitted.

Cooley LLP
Attorneys At Law
Palo Alto

1.

**RESPONSE TO CALIFORNIA STATE COURT
PLAINTIFFS' STATUS UPDATE
5:19-cv-02019-EJD**

deadline under the PSLRA for Eventbrite shareholders to move to be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Two sets of Eventbrite shareholders did so on June 14, 2019 (ECF 12 & 16); State Court Plaintiffs did not.

Instead, State Court Plaintiffs chose to pursue their own parallel action in California state court (the "State Court Action"). (ECF 66-1, ¶¶ 3–4, 7.) Eventbrite Defendants moved to stay the State Court Action in July 2019 arguing, among other things, that it was duplicative of this action because both lawsuits were "brought on behalf of the same putative class." (*Id.*, ¶ 5.) Eventbrite Defendants also argued that because this action "includes additional claims that are within the exclusive jurisdiction of the federal courts" it is the only action that "can resolve all claims on behalf of all putative class members." (*Id.*)

Ms. Clemons opposed Eventbrite Defendants' motion, arguing that her duplicative lawsuit created "**no risk** of unseemly conflict" and that "[t]he possibility that one action may lead to a judgment first and then be applied as *res judicata* in another action 'is *a natural consequence* of parallel proceedings in courts with concurrent jurisdiction.'" (*Id.*, ¶ 6.) On August 20, 2019, the state court denied Eventbrite Defendants' motion to stay. (*Id.*, ¶ 8.)

Over the next 10 months, Defendants continued to litigate both cases simultaneously, successfully defeating three separate complaints on the pleadings. The complaint in this action was dismissed in April 2020, with leave to amend. (ECF 59.) And the first two complaints filed in the State Court Action were dismissed in November 2019 and June 2020, respectively, each time with leave to amend. (ECF 66-1, ¶¶ 10, 14.)

Seeking to avoid the continued expense and burden of litigating the same case on two fronts, Defendants began settlement discussions with Plaintiffs in this action—*the only action capable of resolving all claims on behalf of all putative class members*. On July 29, 2020, the Federal Parties memorialized the Settlement. (ECF 66-1, ¶ 16.) On August 7, 2020, the preliminary approval motion and settlement agreement were filed with this Court, and the hearing for preliminary approval was set for October 29, 2020. (ECF 62, 63-1, 64.)

Enter State Court Plaintiffs. On September 24, 2020, State Court Plaintiffs moved to intervene, arguing that "this Court and Eventbrite shareholders deserve to know whether the valuable claims

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

RESPONSE TO CALIFORNIA STATE COURT
PLAINTIFFS' STATUS UPDATE
5:19-CV-02019-EJD

asserted in the State Court Action will survive past the pleading stage before any decision is reached on the motion for preliminary approval of the proposed settlement." (ECF 65 at 16.)  Indeed, State Court Plaintiffs belabored this point, representing they were only seeking a "*short* continuance" (ECF 69 at 1, 2, 3, 5), and that "*[o]nce the State Court pleadings are resolved, an accurate evaluation of the federal settlement can take plac*e" (*id.* at 4).

The Court granted their request for a "short continuance" to "await the outcome of the State Court's ruling on any demurrer to the State Court Plaintiffs' second amended complaint so that all class members have more information to evaluate the proposed settlement." (ECF 72 at 6–7.)  In doing so, the Court took State Court Plaintiffs at their word that they were "not intervening for the purpose of objecting to the settlement," but rather "seek[ing] a relatively short continuance of the hearing on the Motion so that they will be better informed in their evaluation of the proposed settlement." (*Id.* at 7.)

On November 9, 2020, State Court Plaintiffs filed their second amended complaint.  (ECF 73 at 2.)  And on December 17, 2020, the state court overruled the demurrers.  (*Id.*, Ex. 1.)  Neither Judge Weiner's comments on the record during the December 17, 2020, hearing nor her order explained the reasoning for overruling the demurrer.  (ECF 73, Ex. 1.)  In contrast, in her prior orders sustaining the state court defendants' demurrers to the State Court Plaintiffs' prior two complaints, Judge Weiner issued a written order (ECF 65-1, Ex. 1) or explained her reasoning on the record at the hearing.

With the pleadings in the State Court Action resolved, on January 19, 2020, the Federal Parties filed a Joint Status Report updating the Court on this development, and providing an amended Long Notice "to ensure the Settlement Class has full information regarding the status of the State Court Action when deciding whether to opt-out or object to the Settlement." (ECF 73 at 3.)  Among other things, the Long Notice now provides that:

> "On December 17, 2020, the court in the State Court Action allowed the case to move forward based on the allegations in the plaintiffs' Second Amended Consolidated Class Action Complaint. **The State Court Action is now in the discovery stage and the plaintiffs have filed a motion for certification of a class.**"

> "Lead Counsel in this action has engaged a financial economist to assess alleged damages to assist in determining the fairness of this settlement. Based on this analysis, **the maximum per share damages for the claims in the State Court Action are $5.63 per share**. **The maximum per share damages in this class action are $2.07 per share**

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO
3.
RESPONSE TO CALIFORNIA STATE COURT
PLAINTIFFS' STATUS UPDATE
5:19-CV-02019-EJD

*for the Section 11 and 15 claims*, and for the Section 10(b) and 20(a) claims damages are $7.95 per share for shares held as of March 8, 2019, and $6.47 per share for shares held as of May 2, 2019; or $14.42 per share for shares held through both dates."

"*It is possible that plaintiffs in the State Court Action may eventually recover a greater amount per share than Authorized Claimants will recover in this Settlement*. It is also possible that Defendants will prevail in the State Court Action and plaintiffs in the State Court Action will recover nothing or some lesser amount per share than in the Settlement."

"*If you stay in the Class, you will not be able to file a separate lawsuit. Nor will you be able to join the State Court Action*."

(ECF 73, Ex. 4 at 6, 9, Ex. 5 at 6, 9.)

This brings us to the present. On January 20, 2021, State Court Plaintiffs filed a purported "Status Update" with this Court requesting "that the preliminary approval hearing be continued until the State Court has ruled on the State Court Plaintiffs' Motion for Class Certification," or alternatively, that the Court "deny preliminary approval of the settlement or stay the federal case." (ECF 74 at 4.)

## II.    State Court Plaintiffs' Requests for Relief are Improper

The Court granted State Court Plaintiffs' leave to intervene "for the **limited purpose** of requesting a continuance [of] the hearing on the Motion until after the California State Court rules on any demurrer to the State Court Plaintiffs' second amended complaint." (ECF 72 at 3.) Now that the State Court has ruled on the demurrer that "limited purpose" has been achieved. Given that development, State Court Plaintiffs have no standing in this Action and, unsurprisingly, cite no authority for their continued participation. Absent a new motion to intervene establishing a further basis for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) or permissive intervention under Rule 24(b), State Court Plaintiffs' purported requests for relief[3]—under the guise of a "Status Update"—are not properly before the Court and need not be entertained.

But even if the Court considers State Court Plaintiffs' purported requests for relief, it should find them unsupported on this record.

As an initial matter, State Court Plaintiffs' requests put the lie to their original stated reason

---

[3] They request that the Court (i) continue the preliminary approval hearing until such time as the State Court rules on class certification, (ii) deny preliminary approval outright, or (iii) stay *this action* indefinitely. (ECF 74 at 4.)

Cooley LLP
Attorneys At Law
Palo Alto

RESPONSE TO CALIFORNIA STATE COURT
PLAINTIFFS' STATUS UPDATE
5:19-CV-02019-EJD

for moving to intervene. While representing that they only sought a "short continuance" so proposed Settlement Class Members knew whether the "claims asserted in the State Court Action" were able to "survive past the pleading stage," it is now clear that State Court Plaintiffs' efforts in this regard have nothing to do with providing adequate notice to proposed Settlement Class Members. Instead, State Court Plaintiffs seek to prevent any settlement of this action so they can push the State Court Action out ahead. But the situation facing State Court Plaintiffs is—in their own words—simply a "natural consequence" of a series of choices that State Court Plaintiffs made. Specifically, after this action was filed, State Court Plaintiffs passed on their opportunity to seek appointment as lead plaintiffs in this action, and chose instead to file a parallel and duplicative action in California state court. Then, when Eventbrite Defendants sought to stay the State Court Action pending a resolution of this more comprehensive action in federal court, the State Court Plaintiffs vigorously (and successfully) opposed that request, insisting that the two cases must proceed in parallel. In so doing, State Court Plaintiffs told Judge Weiner that "[t]he possibility that one action may lead to a judgment first and then be applied as *res judicata* in another action 'is ***a natural consequence*** of parallel proceedings in courts with concurrent jurisdiction.'" (ECF 66-1, ¶ 6.) Now, however, when it appears likely that *this* Action (not the State Court Action) will lead to judgment first, they change their tune, and effectively seek to stay this Action indefinitely in deference to the State Court Action.

There is no basis—legal or otherwise—for such delay. The State Court pleadings have been resolved and this Court has been fully apprised of the status of State Court Action. Indeed, "[g]iven the developments with the pleadings in the State Court Action," the Federal Parties even amended the Long Notice "to ensure the Settlement Class has full information regarding the status of the State Court Action when deciding whether to opt-out or object to the Settlement." (ECF 73 at 3.) Among other things, the Long Notice now informs Settlement Class Members: (i) that there are two lawsuits proceeding in parallel, one in state court and one in federal court; (ii) how the two actions overlap and how they differ; (iii) that the maximum damages available in the State Court Action are higher than this action, including the respective per share damage calculations prepared by Plaintiffs damages' expert; and (iv) that class members *might* receive a higher recovery if they exercise their right to opt-out of the Settlement and participate in the State Court Action. (ECF 73, Ex. 4 at 6, Ex. 5 at 6.) This

Cooley LLP
Attorneys At Law
Palo Alto

5.

RESPONSE TO CALIFORNIA STATE COURT
PLAINTIFFS' STATUS UPDATE
5:19-CV-02019-EJD

is all the information (and more) State Court Plaintiffs claimed was needed to ensure that they and proposed Settlement Class Members were "fairly notified." (ECF 69 at 2.)  They do not dispute this. (*See* ECF 74.)  Nor could they.[4]  That should be end of the matter.

Instead, they have crafted a new excuse—that the Long Notice will be outdated *if* the State Court certifies a class.  (*Id.* at 4.)  State Court Plaintiffs, however, provide no actual argument as to *how* a later certification in the State Court Action would materially impact the adequacy of the Long Notice, or impact Settlement Class Members' evaluation as to whether to opt-out or object to the Settlement.[5]  The State Court Action will proceed, and developments will occur, for as long as State Court Plaintiffs pursue their claims in state court.  But that fact—which, as State Court Plaintiffs themselves argued, is but a "natural consequence" of their own decision to pursue a duplicative case— is not a reason for this Court to deny preliminary approval of the proposed Settlement of this case, much less to prevent this Court from even ruling on the motion for preliminary approval.  Stripped of the pretense that their intervention in this action has anything to do with proper notice to Settlement Class Members, State Court Plaintiffs are effectively arguing that this Court cannot approve an arms-length settlement of federal claims while there is parallel and duplicative litigation ongoing in state court.  But State Court Plaintiffs cite no authority supporting that remarkable proposition.  Nor is this argument tenable.  If it were, "no settlement could ever occur in the circumstances of parallel or multiple class actions [and] none of the competing cases would settle without being accused by another of participating in a collusive reverse auction." *Swinton v. SquareTrade, Inc.*, 2018 WL 8458862, at *6 (S.D. Iowa Sept. 21, 2018), *aff'd,* 960 F.3d 1001 (8th Cir. 2020) (affirming district court decision

---

[4] Indeed, this is precisely the information other courts have required to provide fair notice to class members who are subject to two class actions proceeding in parallel.  *See, e.g.*, *In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1191–92 (N.D. Cal. 2017).

[5] The amended Long Notice informs Settlement Class Members that State Court Plaintiffs' "have filed a motion for certification of a class," and that "[i]f you stay in the Class, you will not be able to file a separate lawsuit. Nor will you be able to join the State Court Action." (ECF 73, Ex. 4 at 6, 9, Ex. 5 at 6, 9.)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

RESPONSE TO CALIFORNIA STATE COURT
PLAINTIFFS' STATUS UPDATE
5:19-CV-02019-EJD

that intervention was not warranted based on, among other things, unsupported claims of a reverse auction); *Cohorst v. BRE Properties, Inc.*, 2011 WL 3489781, at *8 (S.D. Cal. July 19, 2011), *report and recommendation adopted,* 2011 WL 3475274 (S.D. Cal. Aug. 5, 2011) (same).[6]

The Federal Parties are entitled to have the Settlement evaluated on its merits.  If State Court Plaintiffs (or proposed Settlement Class Members) believe the Settlement does not properly value their claims, their proper recourse at this point is to *either* opt-out of the Settlement Class *or* participate and file objections thereto.  *See Doe v. Cin-Lan, Inc.*, 2011 WL 37970, at *2–3 (E.D. Mich. Jan. 5, 2011) (denying motion by state plaintiffs to intervene in federal class action because they can voice concerns over settlement by opting out or objecting to it).  They should not, however, be allowed to continue pursuing the State Court Action while simultaneously preventing the Federal Parties from getting a decision on the pending Motion for Preliminary Approval of Settlement.  (ECF 62.)

## III.   Conclusion

State Court Plaintiffs successfully opposed Eventbrite Defendants' motion to stay the State Court Action by assuring Judge Weiner that there was "no risk" of any "unseemly conflict" between the two cases.  And, yet, here they are, creating precisely such an unseemly conflict by trying to play one Court off the other in a blatant race to a judgment.  Defendants respectfully submit that the Court should not entertain State Court Plaintiffs' requested relief, and instead, proceed with the preliminary approval hearing as scheduled on March 18, 2021, or sooner.  To the extent the Court is inclined to entertain any of the State Court Plaintiffs' requests, Defendants expressly request an opportunity to be

---

[6] There was no "reverse auction" here.  (ECF 74 at 1.)  Defendants did not make any effort to play one set of plaintiffs off the other.  Defendants negotiated only with the federal Plaintiffs, because this action is the only one capable of achieving a single, global settlement.  As the Court may recall, the claims in this action are asserted under both the Exchange Act and Securities Act, whereas the claims in the State Court Action are only asserted under the Securities Act.  Because a global settlement could only be achieved with the federal Plaintiffs, Defendants never approached State Court Plaintiffs about a class settlement, nor were they required to.

Cooley LLP
Attorneys At Law
Palo Alto

7.

RESPONSE TO CALIFORNIA STATE COURT
PLAINTIFFS' STATUS UPDATE
5:19-cv-02019-EJD

heard before the Court issues any order either continuing the current preliminary approval hearing or denying the Motion for Preliminary Approval of Settlement.

Dated: January 22, 2021

COOLEY LLP
PATRICK E. GIBBS (183174)
SHANNON M. EAGAN (212830)
JEFFREY D. LOMBARD (285371)
HEATHER SPEERS (305380)

*/s/ Patrick E. Gibbs*
Patrick E. Gibbs (183174)

*Attorneys for Eventbrite Defendants*

Dated: January 22, 2021

MORRISON & FOERSTER LLP
ANNA ERICKSON WHITE (161385)
ROBERT L. CORTEZ WEBB (274742)

*/s/ Anna Erickson White*
Anna Erickson White (161385)

*Attorneys for Underwriter Defendants*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8.

RESPONSE TO CALIFORNIA STATE COURT
PLAINTIFFS' STATUS UPDATE
5:19-CV-02019-EJD