# EXHIBIT A

**COTCHETT, PITRE & McCARTHY LLP**
MARK C. MOLUMPHY (SBN 168009)
TYSON REDENBARGER (SBN 294492)
ELLE LEWIS (SBN 238329)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:     (650) 697-6000
Facsimile:     (650) 697-0577
E-mail:        mmolumphy@cpmlegal.com
               tredenbarger@cpmlegal.com
               elewis@cpmlegal.com

**BOTTINI & BOTTINI, INC.**
FRANCIS A. BOTTINI, JR. (SBN 175783)
YURY A. KOLESNIKOV (SBN 271173)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:     (858) 914-2001
Facsimile:     (858) 914-2002
E-mail:        fbottini@bottinilaw.com
               ykolesnikov@bottinilaw.com

*Co-Lead Class Counsel*

DEPT. 21
RECEIVED

JUN 0 6 2022

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

FILED

JUN 1 0 2022

Clerk of the Superior Court

by _____
    DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN MATEO

IN RE EVENTBRITE, INC.
SHAREHOLDER LITIGATION

This Document Relates To:

ALL ACTIONS.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Lead Case No. 19CIV02798
(Consolidated with Case Nos. 19CIV02911 and
19CIV04924)

Class Action

**[PROPOSED] JUDGMENT AND ORDER
GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

Date:     June 10, 2022
Time:     2:00 pm
Judge:    Hon. Robert D. Foiles
Dept.:    21

Date Action Filed: May 24, 2019

- 1 -

[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court is advised that the Parties, through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this Action upon the terms and conditions set forth in the Stipulation and Agreement of Settlement dated October 26, 2021 (the "Stipulation" or "Settlement")[1]; and

WHEREAS, on November 5, 2021, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, which preliminarily approved the Settlement, and approved the form and manner of notice to the Class of the Settlement, and said notice has been made, and the fairness hearing having been held; and

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon a Settlement Fairness Hearing having been held after notice to the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B.     This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all Class Members for purposes of the Settlement.

C.     The form, content, and method of dissemination of notice given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

D.     Notice, as given, complied with the requirements of California law, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

E.     The Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate.

(i)     The Settlement was negotiated at arm's length by Plaintiffs on behalf of the

---

[1]   All capitalized terms used herein have the same meaning as set forth in the Stipulation.

[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case settled only after, among other things: (a) extensive investigation by Plaintiffs' Counsel, which included, among other things, extensive discovery, whereby Plaintiffs' Counsel reviewed over 145,000 pages of documents produced by Defendants; (b) filing of detailed complaints and extensive motion practice in this Court and in the Federal Action; (c) two mediations conducted by an experienced mediator who was familiar with this Action, which included an exchange of detailed mediation statements and exhibits that highlighted the factual and legal issues in dispute; and (d) extensive follow-up negotiations between the Parties with the assistance of the mediator. Accordingly, both Plaintiffs and Defendants were well-positioned to evaluate the settlement value of this Action. The Stipulation was entered into in good faith and is not collusive.

(ii)    If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

F.    Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interest of the Class Members in connection with the Settlement.

G.    Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT:**

1.    The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

2.    All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

3.    Upon the Effective Date, Plaintiffs and each Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Class Member

- 3 -

executes and delivers a Proof of Claim and Release.

4.    Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Plaintiffs' Counsel, and each and all of the Class Members from all Released Defendants' Claims.

5.    All Class Members who have not objected to the Settlement in the manner provided in the Notice of Proposed Settlement of Class Action ("Notice") are deemed to have waived any objections by appeal, collateral attack, or otherwise.

6.    All Class Members who have failed to properly submit requests for exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Judgment.

7.    The requests for exclusion by the persons or entities identified in Exhibit A to this Judgment are accepted by the Court.

8.    All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein.

9.    Plaintiffs and all Class Members are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Parties.

10.   Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

a)    Shall be offered or received against Defendants as evidence of, or evidence in support of, a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; however, Defendants may refer to it to effectuate the liability protection granted them hereunder;

b)    Shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable in this Action would have exceeded the Settlement Fund; and

- 4 -

c)      Notwithstanding the foregoing, Defendants, Plaintiffs, Class Members, and/or the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     The Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

12.     The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Class Members, with due consideration having been given to administrative convenience and necessity.

13.     In the event that the Stipulation is terminated in accordance with its terms: (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; and (ii) this Action shall proceed as provided in the Stipulation.

14.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

DATED: ___6/10/2022___

THE HONORABLE ROBERT D. FOILES
JUDGE OF THE SUPERIOR COURT

- 5 -

# EXHIBIT A

1.    Gregory M. Domsic

2.    Susan Harrison

3.    Chee Pang

- 6 -

[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT